UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO – WESTERN DIVISION


KETTERING ADVENTIST HEALTHCARE d/b/a KETTERING HEALTH,
     Plaintiff,

v.

SANDRA COLLIER; and MARY T. SCOTT, Esq.,
     Defendants.


Case No. 3:25-cv-00273

Judge Walter H. Rice

Magistrate Judge Caroline H. Gentry


DEFENDANTS' MOTION IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL


PRELIMINARY STATEMENT

Plaintiff Kettering Adventist Healthcare d/b/a Kettering Health ("Kettering"), together with its counsel Epstein Becker & Green, P.C. ("EBG"), has weaponized litigation to retaliate against whistleblower Sandra Collier and her counsel. The motion to disqualify undersigned counsel is the latest step in a coordinated effort to intimidate, retaliate, and suppress evidence of Kettering's systemic misconduct. This Court should deny the motion, order the withdrawal of conflicted counsel, and enter a protective stay to preserve the fairness and integrity of these proceedings.

I. INTRODUCTION

Kettering seeks to strip Collier of her chosen counsel by raising a manufactured conflict. Scott is not a necessary witness, has no independent factual knowledge, and any 'extortion' claim is baseless and barred by litigation privilege. By contrast, EBG attorneys are direct participants and witnesses to critical events, including the drafting and public filing (unsealed) defamatory Complaint. This Court should deny Kettering's motion and instead disqualify EBG.

II. STANDARD

Disqualification is a drastic remedy, imposed only when absolutely necessary. Manning v. Waring, Cox, James, Sklar & Allen, 849 F.2d 222 (6th Cir. 1988). Courts disfavor tactical disqualification motions. General Mill Supply Co. v. SCA Servs., 697 F.2d 704 (6th Cir. 1982).

Ohio Prof. Cond. Rule 3.7 bars counsel from acting as advocate at trial only if they are a 'necessary witness.'

## I. PROCEDURAL HISTORY

On August 14, 2025 Plaintiff filed an ex parte TRO seeking to confiscate Ms. Collier's lawfully retained whistleblower evidence, falsely framing her document preservation as theft. One day later, August 15, 2025 on the morning of the TRO hearing, Plaintiff filed its Motion to Disqualify undersigned counsel and emailed the Court requesting it be heard immediately, providing Collier through counsel minimal  opportunity to respond. This calculated litigation ambush sought to strip Ms. Collier of representation minutes before a critical hearing. The Court, however, rejected Plaintiff's TRO and instead entered a standstill order explicitly permitting Ms. Collier to retain the evidence while this litigation proceeds.

## II. PLAINTIFF'S MOTION IS RETALIATORY AND MISUSES THE TRO

Plaintiff's TRO relied on unfounded 'extortion' allegations from its own Complaint against undersigned counsel. Those same allegations are now improperly invoked to justify disqualification. The Court's standstill order fatally undermines Plaintiff's TRO theory and highlights the bad faith animating this motion.

## III. PROTECTED SETTLEMENT ADVOCACY IS NOT EXTORTION

Undersigned counsel's pre-suit communications were lawful, transparent, and made in good faith. They outlined documented violations of law and regulatory obligations, offered an opportunity to resolve the matter confidentially, and emphasized remedial measures necessary to protect the public. No unlawful threats were made. (See Exhibit A, Demand Letter) Under Fed. R. Evid. 408 and Sixth Circuit precedent, including <u>Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc</u>., 332 F.3d 976, 981 (6th Cir. 2003), settlement communications are privileged and inadmissible. Plaintiff's attempt to weaponize these communications violates both the rule and public policy.

## III. ARGUMENT

A. Scott Is Not a Necessary Witness

B. EBG Attorneys Are Necessary Witnesses

By contrast, Petrie, Bigler, and McGinnis are direct actors in drafting and filing the complaint accusing Scott of extortion. They are witnesses to republication, to communications with sponsors and media, and to decisions not to seal filings. Under Rule 3.7, their continued advocacy is improper.

C. Conflicts of Interest

EBG conspired with Kettering leadership to suppress whistleblowing, placing its own interests adverse to its client's compliance obligations. This conflict of interest, coupled with their advocate-witness role, mandates disqualification

## IV. NO UNWAIVABLE CONFLICT EXISTS FOR DEFENDANTS' COUNSEL

Plaintiff argues that undersigned counsel cannot represent Ms. Collier while defending herself as a named defendant and necessary witness. This is incorrect. Scott holds no independent factual knowledge. Everything she knows arises from privileged communications with her client. She has no first-hand knowledge of contested issues. Kitchen v. Aristech Chem., 769 F. Supp. 254, 257 (S.D. Ohio 1991) (attorney only 'necessary' when testimony is material, unobtainable elsewhere, and contested).

Even if testimony were relevant, exceptions apply: Rule 3.7(a)(3) permits representation when disqualification would cause substantial hardship. Here, Collier would be severely prejudiced if deprived of Scott's counsel.

 Further, in filing the Complaint against Collier and her counsel, Plaintiff manufactured a conflict for the purpose to intimidate and retaliate, not because of legitimate unlawful conduct.  Moses v. Sterling Commerce (Am.), Inc., 122 F. App'x 177, 182 (6th Cir. 2005) — courts reject disqualification where the alleged conflict is manufactured for tactical advantage.  Defendants' interests remain fully aligned, and undersigned counsel's independent claims are separate and do not compromise advocacy on Ms. Collier's behalf. Sixth Circuit courts routinely deny disqualification where counsel's interests do not diverge from the client's.

V. EBG'S UNWAIVABLE CONFLICT REQUIRES WITHDRAWAL

By contrast, Petrie, Bigler, and McGinnis are direct actors in drafting and filing the complaint accusing Scott of extortion. They are witnesses to the communications with Plaintiff and to the decision not to seal filings. Under Rule 3.7, their continued advocacy is improper.

Further, EBG conspired with Kettering leadership to suppress whistleblowing, placing its own interests adverse to its client's compliance obligations. This conflict of interest, coupled with their advocate-witness role, mandates disqualification.

As a result of their malicious conduct EBG and its attorneys are now named defendants in defendants' pending Counter claim Complaint directly arising from their wrongful conduct in this litigation. Under Ohio Prof. Cond. R. 1.7(a)(2) and 1.10, a firm cannot represent a client when its lawyers face personal liability arising from the same subject matter. EBG's conflict is unwaivable and requires withdrawal.

VI. EXPEDITED DISCOVERY UNDER CONFLICTED COUNSEL THREATENS FAIRNESS

Plaintiff seeks expedited discovery while its counsel remains personally implicated. Allowing discovery to proceed under these circumstances risks tainting the evidentiary record, violating privilege, and prejudicing Defendants. A protective stay is warranted until independent counsel appears for Plaintiff.

VII. RULE 11 PRESERVATION

Contemporaneously with this filing, Defendants have served Plaintiffs' counsel with a Rule 11 safe harbor letter concerning their frivolous and retaliatory filings. All rights to seek sanctions are expressly reserved (See Attached Exhibit B Rule 11  Safe Harbor Letter).

VIII. RELIEF REQUESTED

For these reasons, Defendants respectfully request that this Court:
1. Deny Plaintiff's Motion to Disqualify Counsel;
2. Order Epstein Becker & Green, P.C., and its attorneys Bigler, Petrie, and McGinnis to withdraw as counsel of record;
3. Enter a protective stay of discovery pending substitution of independent counsel for Plaintiff; and
4. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Mary T. Scott, Esq.
Trinity Law, LLC
7710 Reading Rd., Suite 102
Cincinnati, OH 45237
(513) 953-2499
mtfoster@trinitylawllc.com
Counsel for Counter-Plaintiffs