**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| **KETTERING ADVENTIST HEALTHCARE D/B/A KETTERING HEALTH NETWORK**<br><br>Plaintiff,<br><br>v.<br><br>**SANDRA COLLIER, et al.**<br><br>Defendants. | Case No.: 3:25-cv-00273<br><br>Judge Walter H. Rice<br><br>Magistrate Judge Caroline H. Gentry |

<u>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO DISQUALIFY DEFENDANT MARY T. SCOTT, ESQ. FROM REPRESENTING DEFENDANT SANDRA COLLIER**</u>

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On August 15, 2025, Plaintiff Kettering Adventist Healthcare d/b/a Kettering Health Network ("Kettering") filed a Motion to Disqualify ("Motion") Defendant Mary T. Scott, Esq. ("Attorney Scott") from representing her Co-Defendant, Sandra Collier ("Collier"), pursuant to Rules 3.7 and 1.7(a) of the Ohio Rules of Professional Conduct. The basis for Kettering's Motion is two-fold: (1) Attorney Scott has made herself a necessary witness by submitting a declaration containing her own sworn testimony that goes directly to the merits of each of Kettering's claims against her client and Co-Defendant, Collier; and (2) Attorney Scott and Defendant Collier have an unwaivable conflict of interest.

Later in the day on August 15, 2025, Attorney Scott submitted to the Court via email[1] "Defendants' Opposition to Plaintiff's Motion to Disqualify Counsel, Cross-Motion to Disqualify Plaintiff's Counsel, Notice of Counterclaims, and Request for Sanctions."

---

[1] This document was not filed with the Court via PACER.

On August 18, 2025, the Court issued a Scheduling Order directing Defendants to file "[a]ny cross-motion [to disqualify Plaintiff's counsel]…no later than **5:00 p.m. on Tuesday, August 19, 2025**." (Doc. #7) (emphasis in original). At 5:18 p.m. on Thursday, August 21, 2025—more than two days after the Court's deadline—Defendants filed, without leave of Court, a "Motion in Opposition to Plaintiff's Motion to Disqualify" ("Opposition"). (Opp., Doc. #8). In their Opposition, Defendants ask the Court to deny Kettering's Motion, order the undersigned to withdraw as counsel, and enter an order staying discovery pending substation of counsel for the undersigned. (*Id*. at PageID 168). For purposes of this brief, Kettering will address Defendants' arguments in opposition to Plaintiff's Motion.[2]

Defendants argue that the Court should deny Kettering's Motion because the Motion "is the latest step in a coordinated effort to intimidate, retaliate, and suppress evidence of Kettering's systemic misconduct." (*Id*. at PageID 165.). Defendants maintain that Attorney Scott is not a necessary witness, Collier would be "severely prejudiced if deprived of Scott's counsel," and that Defendants' interests are "fully aligned." (*Id*. at PageID 167).

Defendants' Opposition is baseless and fails to rebut both the factual and legal bases for Kettering's Motion. Instead, Defendants prescribe nefarious motives to Plaintiff's filing of the Motion based on nothing more than their unsupported supposition. But supposition is not evidence, and the Court should not allow it to detract from the undisputed facts, the Ohio Rules of Professional Conduct, and applicable law set forth in Kettering's Motion.

---

[2] Kettering has addressed Defendants' purported cross-motion to disqualify the undersigned and Defendants' request to stay discovery in a separate filing, which is being filed contemporaneously with the Court.

## II.     ATTORNEY SCOTT MUST BE DISQUALIFIED

Defendants contend that "[d]isqualification is a drastic remedy, imposed only when absolutely necessary." (*Id*. at PageID 165) (citing *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 225 (6th Cir. 1988)). Although *Manning* does not stand for the proposition for which Defendants cite it,[3] drastic measures must be promptly taken when drastic violations of the Rules of Professional Conduct present themselves. Disqualification is "absolutely necessary" here.

### A.  Attorney Scott is a Necessary Witness

As set forth in detail in Kettering's Motion, Attorney Scott must be disqualified under Prof. Cond. R. 3.7(a), which prohibits lawyers from acting as advocates in cases where they are "likely to be a necessary witness." Here, Attorney Scott has already made herself a necessary witness, having submitted sworn testimony on each of Kettering's claims against Defendant Collier. Attorney Scott does not deny that she has submitted sworn testimony. Instead, she attempts to downplay the import of that testimony, claiming that she "holds no independent factual knowledge[;]" "[e]verything she knows arises from privileged communications with her client[;]" and "[s]he has no first-hand knowledge of contested issues." (Opp., Doc. #8, PageID 167).

A plain reading of Attorney Scott's declaration reveals that she has either perjured herself or has made material misrepresentations to the Court in the Opposition. In her declaration, Attorney Scott declares "under penalty of perjury" that she submitted her declaration "based on personal knowledge." (Doc. 4-1, ¶ 1). Attorney Scott's declaration confirms that she does, in fact, have first-hand knowledge of contested issues in this case. Attorney Scott avers in paragraph 2 that "[n]either I nor Ms. Collier sent any documents or information to any regulator, sponsor, or the public." (*Id*. at ¶ 2). She further avers in paragraph 3, "I never directed or encouraged Ms. Collier

---

[3] *Manning* involved the application of a "Chinese wall" in the context of a law firm's prior representation of a party in a related litigation. *Manning*, 849 F.2d at 224-228.

to circumvent security or to access and system without authorization." (*Id*. at ¶ 3). Attorney Scott's testimony regarding her own actions is not knowledge arising from privileged communications with her client. And, even if it were, Attorney Scott waived that privilege by revealing the substance of those communications in a declaration filed with the Court.

Defendants' reliance on *Kitchen v. Aristech Chem*., 769 F. Supp. 254 (S.D. Ohio 1991) to support their argument that Attorney Scott's testimony is not necessary is wholly misplaced. *Kitchen* did not even involve the application of Prof. Cond. R. 3.7. Rather, the issue before the court was whether plaintiff's counsel should be disqualified for having ex parte communications with defendants' former employee. *Id*. at 256-259. *Kitchen* is of no value here.

Defendants next argue that even if Attorney Scott's testimony were necessary (it is), Prof. Cond. R. 3.7(a)(3) prevents disqualification because "Collier would be severely prejudiced if deprived of [Attorney] Scott's counsel." (Opp., Doc. #8, PageID 167). Other than this conclusory statement, Defendants offer no facts or argument as to how Collier would be severely prejudiced, even though it is Defendants burden to prove that an exception applies. *Goebel v. Hopkins*, 2024-Ohio-194, ¶ 17 (12th Dist). And, as set forth in Kettering's Motion, substantial hardship does not exist under the circumstances presently before the Court. (Motion, Doc. #5, PageID 156).

Finally, *Gen. Mill Supply Co. v. SCA Servs., Inc*., 697 F.2d 704 (6th Cir. 1982), which Defendants cite for the proposition that "[c]ourts disfavor tactical disqualification motions" upheld disqualification of an attorney who, like Attorney Scott, submitted his own sworn testimony in response to a motion for summary judgment on claims against his client. The Sixth Circuit observed that the attorney's "affidavit information must have been essential to avert a summary judgment, or else [the attorney] would not have divulged it." *Id*. at 707. Similarly here, Attorney

4

Scott must have believed that the information in her declaration was essential to overcome Kettering's motion for a temporary restraining order against her client and Co-Defendant, Collier.

The Sixth Circuit provided insight for why the ethical rules "demand[] the separation of the roles of advocate and witness" in such situations:

> Experience shows that one who combines both roles is not likely to be, as an officer of the court, helpful to the court. There is always danger that when he speaks he will forget whether he speaks as advocate or counsel, to the likely confusion of proceedings, as well as their embitterment. Experience teaches that embitterment between counsel does not conduce to just and speedy proceedings.

*Id.* at 712.

Here, Attorney Scott's embitterment at this early stage of the case is already readily apparent. In every filing to-date, Attorney Scott has focused largely on defending against the civil extortion claim Kettering filed against her.[4] But the only claims presently before the Court are the claims against Collier—none of which have anything to do with the civil extortion claim that is pending against Attorney Scott. Attorney Scott has repeatedly blended her role as counsel for her client with her desire to advocate for herself and has not demonstrated the ability to separate the two. This is precisely why Prof. Cond. R. 3.7 prohibits lawyers from acting as both an advocate and witness. Attorney Scott must be disqualified.

**B.  An Unwaivable Conflict of Interest Exists**

With respect to the unwaivable conflict of interest between Attorney Scott and Collier as prohibited by Prof. Cond. R. 1.7, Defendants contend that Kettering "manufactured a conflict for the purpose to intimidate and retaliate, not because of legitimate unlawful conduct." (Opp., Doc. #8, PageID 167).

---

[4] Attorney Scott's arguments during the hearing on Kettering's motion for a temporary restraining order were repeatedly focused on the claim against herself, not her client.

5

First, at no point has Kettering alleged that Attorney Scott's representation of Collier is unlawful. Rather, her representation is in clear violation of the Rules of Professional Conduct, which Plaintiff's counsel is duty bound to promptly address. As a self-governing profession, this violation cannot be ignored—hence Kettering's Motion.

Moreover, there are no retaliatory or nefarious motives present here. Kettering has properly moved to disqualify Attorney Scott based solely on the actions *she* has taken in this case. *She* made herself a necessary witness by filing a declaration based on her personal knowledge the day before the hearing on Kettering's motion for a temporary restraining order—not Kettering. *She* submitted sworn testimony and arguments demonstrating the existence of an unwaivable conflict of interest—not Kettering. And in doing so, *she* violated the Rules of Professional Conduct—not Kettering (nor its counsel). If anyone is guilty of attempted intimidation, it is Attorney Scott, who, upon receipt of Kettering's well-grounded Motion, filed a baseless cross-motion to disqualify Kettering's counsel and stated her intent to file frivolous claims against Kettering's counsel individually simply because Kettering refused to succumb to Attorney Scott's extortion attempt and sued her for civil extortion.

*Moses v. Sterling Com. (Am.), Inc.*, 122 F. App'x 177 (6th Cir. 2005) is easily distinguished. There, the plaintiff moved to disqualify defendants' counsel on the ground that counsel's joint representation of the corporate and individual defendants constituted a conflict of interest. *Id*. at 179. The Sixth Circuit upheld the denial of plaintiff's motion to disqualify where the plaintiff "has neither alleged nor established any impropriety on the part of defense counsel that would warrant disqualification." *Id*. at 184. Unlike the plaintiff in *Moses*, Kettering has set forth in detail the actions of Attorney Scott that warrant her disqualification in this case. (*See* Motion, Doc. #5, PageID 154-159).

Defendants next urge the Court to believe that their "interests remain fully aligned, and [Attorney Scott]'s independent claims are separate and do not compromise advocacy on Ms. Collier's behalf." (Opp., Doc. #8, PageID 167). Not so.

As set forth in Kettering's Motion, Attorney Scott and Collier are not aligned. They have taken adverse and inconsistent positions regarding Collier's access of Kettering's computer systems, Collier's sending of documents and information to a third party, as well as the content of Attorney Scott's extortion letter. (Motion, Doc. #5, PageID 158-159). Defendants don't even attempt to rebut this critical misalignment of positions save for their conclusory denial that such misalignment exists.

While the civil extortion claim against Attorney Scott is separate from the claims against Collier, Attorney Scott has already demonstrated that her personal interests in defending against the civil extortion claim have compromised her ability to effectively advocate on Collier's behalf. As noted above, Attorney Scott has been hyper-focused on defending the extortion claim against her instead of addressing the bases for Kettering's request for injunctive relief, which has been to her client's detriment.

For example, in response to Kettering's motion for a temporary restraining order, Defendants sought, among other things, the following relief: (1) an order enjoining Kettering from "naming [Attorney Scott] in publicity or contacting [Attorney] Scott's current clients with accusations related to this lawsuit[;]" (2) an order requiring Kettering to preserve all communications with its counsel relating to "the decision to name [Attorney] Scott as a defendant" and "public-relations disseminations regarding 'extortion,' 'fraud,' or alleged crimes by Defendants[;]" (3) and order for expedited discovery regarding Kettering's decision "to due [Attorney] Scott and to frame Defendants' advocacy as criminal[;]" and (4) an order requiring

Kettering to "withdraw its accusations of criminality against counsel[.]" On balance, the relief sought is weighed heavily toward Attorney Scott's personal interests in defending against Kettering's civil extortion claim, not the interests of her client.

"[A] lawyer's own interests should not be permitted to have an adverse effect on representation of a client.  For example, if the probity of a lawyer's own conduct in a transaction is in serious questions, it may be difficult or impossible for the lawyer to give a client detached advice." Prof. Cond. R. 1.7, Comment 20.  Because Attorney Scott is a named co-defendant in the present case, there is a significant risk that her ability to consider, recommend, and carry out an appropriate course of action on behalf of Defendant Collier will be materially limited as a result of her exposure to liability. Additionally, given the differing roles of Attorney Scott, as the attorney, and Defendant Collier, as the client, "[a] conflict may exist by reason of substantial discrepancy in [their] testimony, or incompatibility in positions in relation to [each other]." *See id*. at Comment 15.  This latter risk is already apparent in Defendants' submissions to the Court to-date.

In short, Defendants' Opposition is a vain attempt to deflect from the two questions before the Court—Is Attorney Scott likely to be necessary witness in this case? And is there an unwaivable conflict of interest between Attorney Scott and Collier? From Kettering's perspective, the answer to both of those questions is a resounding yes.

## III.    **CONCLUSION**

For the foregoing reasons, as well as those set forth in its Motion, Kettering respectfully requests that the Court issue an ordering disqualifying Attorney Scott from representing Collier in this case.

Respectfully submitted,

*/s/ James G. Petrie*

James G. Petrie (0059446)
Jill K. Bigler (083789)
Chris T. Page McGinnis (0099165)
Epstein Becker & Green, P.C.
250 West Street, Suite 300
Columbus, Ohio 43215
Phone: 614.872.2500
Fax: 614.633.1713
jpetrie@ebglaw.com
jbigler@ebglaw.com
ctpage@ebglaw.com
*Counsel for Plaintiff*

9

## CERTIFICATE OF SERVICE

I certify that on August 22, 2025, the foregoing *PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO DISQUALIFY DEFENDANT MARY T. SCOTT, ESQ. FROM REPRESENTING DEFENDANT SANDRA COLLIER* was filed and served via the Court's electronic filing system on the following:

Mary T. Scott, Esq.
7710 Reading Rd., Suite 102
Cincinnati, Ohio 45237
mtfoster@trinitylawllc.com
*Defendant and Counsel for*
*Co-Defendant Sandra Collier*

/s/ James G. Petrie
James G. Petrie (0059446)

10