UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – DAYTON

| | | |
|---|---|---|
| **KETTERING ADVENTIST HEALTHCARE d/b/a KETTERING, HEALTH** | : | Case No. 3:25-cv-00273 |
| | : | Judge Walter H. Rice |
|    Plaintiff, | : | **Magistrate Judge Caroline H. Gentry** |
| v. | : | |
| **SANDRA COLLIER; and MARY T. SCOTT, Esq.,** | : | |
| | : | |
|    **Defendants.** | : | |

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS AND ALTERNATIVELY, RULE 56 MOTION FOR SUMMARY JUDGMENT**

Defendants and Counter-Plaintiffs Sandra Collier ("Collier") and Mary T. Scott, Esq. ("Scott"), collectively ("Plaintiffs ") move to dismiss all claims asserted by Kettering Adventist Healthcare d/b/a Kettering Health ("Kettering") pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendants move for summary judgment under Rule 56 in lieu of filing an Answer.

Without waiving any defenses, Defendants file their Counterclaim/ Third-Party Complaint against all responsible actors named herein. All affirmative defenses are preserved, and Defendants expressly reserve the right to seek sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, this Court's inherent authority, and Southern District of Ohio Local Rule 83.3(b).

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Kettering's complaint collapses under settled law. Ohio does not recognize a civil cause of action for "extortion." See Simpson v. Voiture Nationale La Société des Quarante Hommes et Huit Chevaux, 2021-Ohio-2131, ¶¶ 13–15 (2d Dist.) (affirming dismissal; "Ohio law does not recognize a civil action for extortion"), citing First Fed. Bank of Ohio v. Angelini, 2012-Ohio-2136, ¶ 6 (3d Dist.), and Heskett v. Van Horn Title Agency, Inc., 2006-Ohio-6900, ¶ 26 (10th Dist.).

Kettering's trade-secret theories fail because the hospital is not the "owner" of sponsors' protocols, datasets or monitoring materials. Further Kettering fails to identify any trade secret with particularity or reasonable secrecy measures. See 18 U.S.C. § 1839(5); In re Protech Indus., 51 F.4th 714, 720–22 (6th Cir. 2022) (reasonable measures); Office Depot, Inc. v. Impact Off. Prods., LLC, 821 F. Supp. 2d 912, 919–23 (N.D. Ohio 2011) (particularity and OUTSA preemption).

The alleged Computer Fraud and Abuse Act claim is foreclosed by Van Buren v. United States, 593 U.S. 374, 380–86 (2021) and Royal Truck & Trailer Sales & Serv., Inc. v. Kraft, 974 F.3d 756, 758–61 (6th Cir. 2020), because Defendant Collier had accessed the information with valid credentials and at Kettering's direction during a system outage. HIPAA provides no private right of action, and the materials at issue are de-identified by subject codes, not "PHI." See Wilson v. Collins, 517 F.3d 421, 429 (6th Cir. 2008); 45 C.F.R. § 164.514(b)(2). Overlapping torts are displaced by the Ohio

Uniform Trade Secrets Act. See Ohio Rev. Code § 1333.67(A); Stolle Mach. Co. v. RAM Precision Indus., 605 F. App'x 473, 484 (6th Cir. 2015).

## II. RELEVANT PLEADING STANDARDS

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts disregard legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## III. KETTERING'S CLAIMS FAIL AS A MATTER OF LAW AND FACT

**A. "Civil Extortion" Is Not a Cognizable Tort; Even if it can be Asserted, Plaintiff's Factual Allegations do NOT Establish a Viable Claim of Extortion and Litigation Related Communications Are Privileged.**

Ohio courts have repeatedly held there is no stand-alone civil cause of action for extortion. Simpson, 2021-Ohio-2131, ¶¶ 13–15; Angelini, 2012-Ohio-2136, ¶ 6; Heskett, 2006-Ohio-6900, ¶ 26. To the extent Kettering reframes its grievance as defamation or abuse-of-process, communications made in or reasonably related to judicial proceedings are absolutely privileged. Hecht v. Levin, 66 Ohio St. 3d 458, 460–61, 613 N.E.2d 585 (1993); Surace v. Wilier, 25 Ohio St. 3d 229, 232–33, 495 N.E.2d 939 (1986).

Under Ohio law and federal precedents, a claim of civil extortion requires proof of the following elements:

1. Wrongful Threat — an unlawful threat unrelated to any valid legal claim. State v. Carter, 72 Ohio App.3d 553 (2d Dist. 1991) – threat to file false criminal charges constituted extortion.

2. Intent to Obtain Value or Coerce — purpose to obtain money, property, or concessions through improper means. State v. Milam, 2022-Ohio-3965 (10th Dist.) – intent element satisfied only where threats are unrelated to lawful rights

3. No Legitimate Claim or Privilege — demands made without a good-faith basis are unprotected. Kenty v. Transamerica Premium Ins. Co., 72 Ohio St.3d 415, 419 (1995).

4. Causation — the alleged victim must act because of the wrongful threat.

5. Damages — harm must directly result from the improper demand. Mere "hard bargaining," even when the consequences are severe, is not extortion where claims are legitimate and conduct threatened is lawful. See United States v. Pendergraft, 297 F.3d 1198, 1205 (11th Cir. 2002).

Application of Elements to the Demand Letter

1. Wrongful Threat: Not satisfied. The letter does not threaten unlawful conduct:
    - It identifies documented regulatory, HIPAA, civil rights, and patient safety violations and informs Kettering of its exposure.

- It states an intent to notify regulatory agencies, sponsors, and media if Kettering fails to engage in settlement talks.
- Reporting to the FDA, OIG, EMA, and similar bodies is both lawful and, in some cases, statutorily required for whistleblowers:
    - False Claims Act, 31 U.S.C. §§ 3729–3733
    - HIPAA breach reporting, 45 C.F.R. § 164.404
    - FDA ICH-GCP requirements

"Informing a party that you will report their misconduct to appropriate authorities if corrective action is not taken does not constitute an unlawful threat." United States v. Jackson, 180 F.3d 55, 70 (2d Cir. 1999). Thus, advising Kettering of Ms. Collier's statutory obligations cannot constitute extortion.

2. Intent to Obtain Value or Coerce:  Not satisfied. While the letter demands compensation, the requested damages arise directly from valid claims, including:

- Wrongful termination and retaliation (Title VII, ADA, ADEA, ORC § 4112.02).
- HIPAA violations compromising Ms. Collier's PHI.
- Discrimination and civil rights abuses under both federal and state law.

"Seeking a monetary settlement tied directly to legal claims does not become extortion merely because regulatory reporting is also contemplated." — Flatley v. Mauro, 39 Cal.4th 299, 331 (2006). There is no evidence of an intent to extract unrelated value. In fact the demand clearly stated "[R]egardless of the monetary compensation required and owed to Ms. Collier, our ultimate goal is accountability and protection for the public.  As a result, a proper resolution will necessarily

include your commitment and assurance of future compliance and your renewed dedication to patient care and safety."

    3.   Legitimate Claim or Privilege: Element fails. The demand is rooted in statutory, regulatory, and contractual duties:

- HIPAA breach violations (45 C.F.R. § 164.404).
- Wire fraud and conspiracy statutes implicated (18 U.S.C. §§ 1343, 371).
- Civil rights protections under Title VII, ADA, ADEA, and ORC § 4112.02.

"Where claims are based on enforceable legal rights, settlement demands are privileged." — <u>Kenty</u>, 72 Ohio St.3d at 419.  Kettering faces substantial exposure based on documented misconduct, granting Ms. Collier a clear privilege to negotiate and seek redress.

    4.   Causation: Not met. Extortion requires showing Kettering was forced to act by an unlawful threat.

- Kettering has full agency:
    - Enter settlement negotiations, or
    - Face lawful regulatory reporting, public disclosure and litigation.
- The letter does not threaten criminal prosecution; it outlines in detail, the criminal liability exposure that some of their employees face and the sentencing guidelines associated therewith including of jail time  fines and  based upon their actions.  "Advising of possible consequences from lawful reporting cannot form the basis of an extortion claim." — <u>United States v. Pendergraft</u>, 297 F.3d at 1205.

5. Damages: Not attributable to the letter.

- Any reputational or financial fallout stems from Kettering's own violations, not Ms. Collier's lawful demand.
- Reporting misconduct to regulators and sponsors is protected conduct:
    - Whistleblower Protection Act, 5 U.S.C. § 2302
    - False Claims Act retaliation provisions, 31 U.S.C. § 3730(h)
    - Ohio's public policy protections (Kulch v. Structural Fibers, Inc., 78 Ohio St.3d 134, 150 (1997))
- The "Press Release" Component. Plaintiffs point to the inclusion of a draft press release as coercive. That argument fails:
    - The letter frames media disclosure as parallel to regulator notification.
    - Because patient safety and public health are implicated, disclosure serves a legitimate public interest.
    - Courts consistently hold that truthful disclosure of misconduct does not constitute extortion. Flatley, 39 Cal.4th at 330. Jackson, 180 F.3d at 70.
- Rule 408 Settlement Protection -Under Ohio Evid. R. 408, the demand letter is a confidential settlement communication: Statements made are inadmissible to prove liability or damages.  The context of ongoing settlement discussions automatically invokes Rule 408's protections.
- Even the assertion that eight-figure damages "pale in comparison" to Kettering's potential losses is not a threat—it is a factual assessment

based on likely sponsor funding losses, regulatory sanctions, and contractual clawbacks.

Conclusion: The demand letter does not meet the elements of civil extortion and must fail as a matter of law. Accordingly, dismissal under Rule 12(b)(6) is required. (See attached Exhibit X)

**B. DTSA/OUTSA Claims Fail for Lack of Ownership, Particularity, and Secrecy Measures; Common-Law Torts Are Displaced**

The Federal Defend Trade Secrets Act requires the plaintiff to be the "owner" of the trade secret. 18 U.S.C. § 1839(5). Kettering is not the owner of sponsor-created protocols, datasets, or monitoring correspondence. The Complaint identifies only broad categories of information "clinical data" and "research processes", which do not satisfy the particularity requirement. Office Depot, 821 F. Supp. 2d at 919–23.

The Complaint also fails to plead reasonable measures to maintain secrecy. In re Protech, 51 F.4th at 720–22. Moreover, to the extent Kettering asserts overlapping torts based on the same nucleus of facts, the Ohio Uniform Trade Secrets Act displaces those claims—Ohio Rev. Code § 1333.67(A); Stolle Mach., 605 F. App'x at 484.

**C. The CFAA Claim Fails Under Van Buren and Royal Truck**

The Supreme Court construes "exceeds authorized access" narrowly to cover obtaining information from particular areas of a computer—such as files, folders, or databases—to which a person lacks access privileges, not misuse of information obtained with authorized credentials. Van Buren, 593 U.S. at 380–86. The Sixth Circuit applies the

same rule. Royal Truck, 974 F.3d at 758–61. Here, Kettering directed personnel to use personal devices and email during a May 2025 outage; Collier accessed information with valid credentials issued by Kettering. Accordingly, CFAA claim fails as a matter of law.

**D. No "PHI" Was Disclosed and HIPAA Confers No Private Cause of Action**

Protected Health Information excludes data that has been properly de-identified by removing the eighteen identifiers specified by regulation. 45 C.F.R. § 164.514(b)(2). Collier is under NDAs/CDAs and the materials in question were labeled using study-subject identifiers, with no disclosure of names, addresses, birth dates, medical record numbers, or similar identifying information. HIPAA does not create a private right of action. Wilson, 517 F.3d at 429. Thus any claim predicated on Collier's alleged access or disclosure of PHI or HIPAA must be dismissed.

**E. Kettering Lacks Standing to Assert Sponsors' Trade-Secret Rights; Other Torts Fail**

Kettering cannot assert trade-secret rights belonging to third-party sponsors. See 18 U.S.C. § 1839(5) (owner). Its tortious-interference and conversion theories are preempted by OUTSA where the alleged harm stems from misappropriation. Ohio Rev. Code § 1333.67(A); Office Depot, 821 F. Supp. 2d at 918–23. Any defamation-based claim arising from litigation conduct is absolutely privileged. Hecht, 66 Ohio St. 3d at 460–61.

**F. Federal Research-Compliance Duties Support Dismissal and Alternatively Warrant Summary Judgment**

Federal regulations require accurate data and prompt safety reporting: 21 C.F.R. § 312.32(c)(1)(i)–(ii) (IND safety reports within seven (7) or fifteen (15) days; 21 C.F.R. § 812.150(b)(1) (unanticipated adverse device effects within ten (10) working days); 21 C.F.R. § 56.108(b)(2) (IRB prompt reporting of unanticipated problems); ICH E6(R2) §§ 4.11, 5.18.4 (investigator obligations; monitoring and handling noncompliance). Collier's compliance activities cannot be converted into civil liability. Summary judgment is alternatively proper because the undisputed record establishes de-identification and authorized access.

## VI. CONCLUSION

Based on the foregoing Defendants Sandra Collier and Mary T. Foster, Esq. move this Honorable Court to Dismiss each and every claim asserted by Plaintiff for failure to State a Claim upon which relief can be granted pursuant to 12(b)(6). Alternatively, grant Summary Judgment in favor of the Defendants, as even construing the facts in light most favorable to the Plaintiffs, reasonable minds can come to one conclusion and the claims must be dismissed as a matter of law.

Respectfully submitted,

**/s/ Mary T. Scott, Esq.**
Mary T. Scott, Esq.
Trinity Law, LLC
7710 Reading Rd., Suite 102

Cincinnati, OH 45237
(513) 953-2499
mtfoster@trinitylawllc.com
*Counsel for Defendants and Counter-Plaintiffs*
*Sandra Collier and Mary T. Scott, Esq (Pro se)*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, the foregoing integrated filing was submitted for electronic filing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record who are registered CM/ECF users.

/s/Mary T. Foster, Esq.

Mary T. Foster, Esq.