THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KETTERING ADVENTIST HEALTHCARE, d/b/a KETTERING HEALTH NETWORK, | : | |
| Plaintiff, | : | Case No. 3:25-cv-273 |
| v. | : | Judge Walter H. Rice<br>Mag. Judge Caroline H. Gentry |
| SANDRA COLLIER, *et al.*, | : | |
| Defendants. | | |

ORDER OVERRULING DEFENDANTS' COMBINED EMERGENCY MOTION TO VACATE IMPROPER ORDERS, STAY DISCOVERY, DENY PROTECTIVE ORDER, AUTHORIZE REGULATORY REPORTING, AND INVESTIGATE *EX PARTE* COMMUNICATIONS (DOC. #17)

This matter is before the Court on the Combined Emergency Motion to Vacate Improper Orders, Stay Discovery, Deny Protective Order, Authorize Regulatory Reporting, and Investigate *Ex Parte* Communications of Defendants Sandra Collier and Mary T. Scott, Esq.- (Motion, Doc. #17). On August 15, 2025, the Court convened a hearing on the Motion for Temporary Restraining Order of Plaintiff Kettering Adventist Healthcare, d/b/a Kettering Health Network. (Tr., Doc. #22, citing TRO Motion, Doc. #3). At the hearing, Plaintiff and Defendants Collier and Scott, entered into a Standstill Agreement (Doc. #6), the Court converted the TRO Motion to one for Preliminary Injucntion ("PI Motion"), and the Court enacted

discovery and filing deadlines with respect to the PI Motion, culminating with a hearing on October 27, 2025. Each deadline and date were agreed to by the parties orally during the hearing (Doc. #22, PAGEID 977-84), and then memorialized in the Initial Scheduling Order on August 18, 2025. (Doc. #7). While Scott represented both Collier and herself at the hearing, Defendants did not receive notice of the Scheduling Order through the Court's Case Management/Electronic Case Filing ("CM/ECF") system until they filed their Third Party Complaint and Counterclaim on August 24, 2025. (Doc. #12).

On August 29, 2025, Defendants filed the instant Motion. Therein, Defendants claim that they "received no CM/ECF notifications of critical filings or Court orders including Docs. 7 and 14, despite active registration and receipt of notices in every other case and for their own filings in this matter." (Doc. #17, PAGEID 553). Defendants pray that, because Plaintiffs never effected proper service, and Defendants never received proper notice of the Scheduling Orders, the Court: "(1) Find service defective and void as a matter of law. (2) Vacate any deadlines imposed prior to proper service. (3) Require Plaintiff to effectuate service properly through CM/ECF or other Rule-compliant means before deadlines are reset." (*Id.* at PAGEID 556). The Court's September 9, 2025, Order (Doc. #26) resets the discovery disclosure and objection deadlines set forth in Initial Scheduling Order (Doc. #7, PAGEID 164, ¶¶ 3-4), and Defendants assented to those deadlines during oral argument on September 8, 2025. Thus, this portion of Defendants' Motion is overruled as moot.

2

Defendants argue that because their Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #13), if sustained, would dispose of all claims against them, the Court should stay discovery until ruling on the Motion to Dismiss. (Doc. #17, PAGEID 557, quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). Defendants claim that a stay would enable them not to devote time and resources to engaging in discovery on issues that may be disposed of as matters of law, and eliminate the risk of "prematurely disclosing protected whistleblower materials while threshold jurisdictional and legal defenses remain unresolved[.]" (*Id.* at PAGEID 558).

As part of the Court's inherent authority to manage its docket, *Dietz v. Bouldin*, 579 U.S. 40, 46-47 (2016) (collecting cases), a decision to stay or *not* to stay discovery is almost wholly within the Court's discretion. "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council v. United States Dist. Ct., Southern Dist. Of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Defendants have not made a showing of need, and Plaintiffs would be highly prejudiced by a stay. The Court notes that Defendants themselves requested expedited discovery on the issues germane to Plaintiff's request for injunctive relief (Memo. in Opp., Doc. #4, PAGEID 142), and that those requests, in part, formed the basis of the limited discovery ordered by the Court. At oral argument on August 15, 2025, the parties agreed that such discovery was necessary. (Doc. #22, PAGEID 981). At no point prior to filing the

3

Motion to Dismiss did Defendants indicate that they would be filing a dispositive motion or would be requesting a stay of discovery. Finally, the Motion to Dismiss raises numerous issues to which Plaintiff will likely need the full twenty-one days allotted to file a memorandum *contra*, and Defendants may need the full fourteen days to file a reply memorandum. S.D. OHIO CIV.R. 7.2(a)(2). Throughout this litigation, the Court has diligently balanced the need for the parties to have enough facts to resolve Plaintiff's properly-raised request for injunctive relief without overburdening them and turning the resolution of the prayer for preliminary injunction into an involuntary trial on the merits. As pausing the previously-authorized discovery would undermine both of those goals, the Court overrules Defendants' request to stay.

Defendants next argue that "Plaintiff . . . now seeks a broad protective order/sealing to conceal alleged research-compliance issues and suppress a whistleblower. Nothing in Doc. 7 or Doc. 14 authorizes blanket secrecy; those orders simply set schedules and discovery mechanics." (Doc. #17, PAGEID 561). As Plaintiff has not yet moved for entry of a protective order, the Court overrules this portion of the Motion as premature.

Defendants then argue that Defendant Collier is a whistleblower entitled to protection under the False Claims Act, and ask that the Court "[a]ffirmatively authorize Defendants and counsel to provide documents and testimony to FDA, OIG, ORI, NIH, IRBs, and study sponsors[;]" and "[r]ecognize that Plaintiff's retaliatory litigation underscores the need for judicial protection of whistleblowers

4

consistent with [31 U.S.C.] § 3730(h), HIPAA, and FDA/IRB rules." (Doc. #17, PAGEID 563). The Court notes that disclosures by Defendant Collier are not only governed by federal statute and regulations, but by the Standstill Agreement entered into by the parties on August 15, 2025, whereby "Defendant Sandra Collier is hereby enjoined from using, disclosing, or destroying an confidential information or trade secret of Plaintiff or the clinical trial sponsors with which Plaintiff has contracted. This Agreement shall apply in full force until a hearing for preliminary injunction is conducted and a decision is rendered." (Doc. #6, PAGEID 161 (emphasis removed)). Defendants do not cite the Agreement in their Motion; nor do they explain how the Agreement would still be effective if the Court authorizes such disclosures. Nor do they cite any authority supporting the proposition that the Court could authorize Defendants to breach an Agreement to which the Court is not a party, which is what allowing limited disclosures would do. Defendants' request is overruled for that reason.

Defendants then claim that Plaintiff engaged in *ex parte* communications with the Court, and argue that "Plaintiff had advance, undisclosed access to chambers or rulings" (Doc. #17, PAGEID 565, 566), as evidenced by Plaintiff referencing certain orders of this Court before they were filed or Defendants received notice. (*Id.* at PAGEID 565, citing Docs. #7, 15). Defendants withdrew these accusations during oral argument on September 8, 2025, and the Court overrules these portions of the Motion as moot.

Defendants appear to renew their motion to disqualify Plaintiff's counsel, on the grounds that Plaintiff's attorneys—James Petrie, Jill Bigler, and Christopher Page McGinnis—are "alleged to have participated in the events underlying Defendants' claims" and that the attorneys' firm of Epstein Becker & Green, P.C. ("EBG") is now "[i]tself . . . a third-party defendant[.]" (Doc. #17, PAGEID 566). The Court notes that separate counsel has now appeared for the purposes of representing EBG, Messrs. Petrie and Page McGinnis, and Ms. Bigler in their capacities as third-party defendants (*see, e.g.*, Motions to Appear *Pro Hac Vice* (Docs. #23, 24) and Notation Orders sustaining same), which mitigates concern regarding divided representation. (Doc. #17, PAGEID 567-68). The Court reiterates its reasoning set forth at oral argument on August 25, 2025 (Doc. #21), memorialized in an entry dated September 2, 2025 (Entry, Doc. #20), as to why the remaining grounds for disqualification in the Motion are unavailing.

Finally[1], Defendants ask for the Court to issue sanctions as a result of Plaintiff and its counsel's continuing "bad-faith litigation tactics designed to suppress federally protected whistleblower disclosures, conceal regulatory misconduct, and gain unfair procedural advantage." (Doc. #17, PAGEID 571, 575, citing 28 U.S.C. § 1927; FED.R.CIV.P. 11; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991) (imposition of attorney fees as sanction is an inherent power of a district

---

[1] Defendants ask that the Court overrule Plaintiff's Motion for Extension of Time to respond to Defendants' Counterclaims and Third-Party Complaint. (Doc. #17, PAGEID 569-71; *see also* Motion for Extension, Doc. #19). As the Court already sustained the Motion for Extension via Notation Order on September 4, 2025, the Court overrules this portion of Defendants' Motion as moot.

6

court). Many of the reasons cited by Defendants in their request for sanctions (*id.* at PAGEID 572-75) were at other points in their Motion, and the Court has concluded that the situations alleged by Defendants do not constitute attorney misconduct. Further, none of the filings or oral representations made in this case could reasonably lead the undersigned to conclude that sanctions are warranted at this juncture, and Defendants' request for same is overruled.

For the foregoing reasons, Defendant's Motion (Doc. #17) is OVERRULED. The Scheduling Orders, initial and as modified, and Standstill Agreement remain in full effect.

IT IS SO ORDERED.

September 10, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT