```
1              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
2                       WESTERN DIVISION

3     KETTERING ADVENTIST HEALTHCARE

4     d/b/a KETTERING HEALTH NETWORK,

5                     Plaintiff,

6           vs.                        CASE NO. 3:25-cv-273

7     SANDRA COLLIER and MARY T. SCOTT,

8                     Defendants.

9                  TRANSCRIPT OF PROCEEDINGS

10              ORAL HEARING ON EMERGENCY MOTIONS

11    PRESIDING:  THE HONORABLE WALTER H. RICE

12    DATE:  Monday, September 8, 2025

13    APPEARANCES:

14    For the Plaintiff:

15    By:  James G. Petrie, Esq.
           Jill K. Bigler, Esq.
16         Epstein, Becker & Green, PC
           250 West Street
17         Suite 300
           Columbus, Ohio  43215
18         (614) 872-2420
           jpetrie@ebglaw.com
19         jbigler@ebglaw.com

20    For the Defendants:

21    By:  Mary T. Scott, Esq.
           7710 Reading Road
22         Suite 102
           Cincinnati, Ohio  45237
23         (513) 953-2499
           mtfoster@trinitylawllc.com
24

25
```

```
 1   For the EBG Third-Party Defendants:

 2   By:  Jonathan Brollier, Esq.
          Epstein, Becker & Green, PC
 3        250 West Street
          Suite 300
 4        Columbus, Ohio  43215
          (614) 872-2412
 5        jbrollier@ebglaw.com

 6   By:  Christopher M. Farella, Esq.
          Epstein, Becker & Green
 7        875 Third Avenue
          New York, New York  10022
 8        (212) 351-4935
          cfarella@ebglaw.com

 9
     Also Present:
10
          Bethany Russell, Courtroom Deputy Clerk
11        Daniel Wiest, Law Clerk
          James Smerbeck, Law Clerk
12        Arabella Loera, Extern

13   Court Reporter:  Caryl L. Blevins, RPR, CRR
                      Walter H. Rice Federal Building
14                    U.S. Courthouse
                      200 W. Second Street
15                    Dayton, Ohio  45402
                      (937) 512-1511
16                    caryl_blevins@ohsd.uscourts.gov

17   Proceedings recorded by mechanical stenography, transcript

18   produced by computer.

19

20

21

22

23

24

25
```

1    Monday, September 8, 2025

2                    4:12 p.m.

3              (Proceedings had via Zoom.)

4              THE COURT:  Well, good afternoon, all.  We have

5    Case C3-25-273, Kettering Adventist versus Sandra Collier

6    and Mary Scott.

7              The appearances this afternoon are as follows:

8    For the Plaintiff, James Petrie and Jill Bigler.  For the

9    Defendant Collier, Mary Scott.  For Defendant Mary Scott,

10   she is proceeding pro se.

11             We have two new counsel who have joined us.  These

12   are counsel for the Plaintiff's law firm and for the

13   third-party Defendants, Jonathan Brollier and Christopher

14   Farella, and I welcome our two new counsel.

15             MR. BROLLIER:  Thank you, Your Honor.

16             THE COURT:  You're very welcome.  For reasons that

17   will be set forth in a brief decision to be filed no later

18   than Wednesday afternoon, the Defendants' combined emergency

19   motion to vacate improper order, stay discovery, deny

20   protective order, authorize regulatory reporting, and

21   investigation -- and investigate ex parte communications

22   will be overruled in its entirety.

23             I'm going to share with counsel some concerns that

24   I have.  As requested in the scheduling order that was part

25   of the amended scheduling order, I did receive the

1    Plaintiff's discovery requests.  I have not received either

2    any objections or discovery requests from the Defendant, but

3    that is not my major concern this afternoon.

4         After a great deal of thought, I believe that

5    Ms. Collier has the right to claim the benefit against

6    self-incrimination under the Fifth Amendment.  This is

7    certainly not all of Plaintiff's claims, but certainly a

8    significant aspect of those claims is that Ms. Collier took

9    or somehow appropriated documents that were critical to her

10   employment with Kettering and that some of this taking of

11   documents occurred after she was terminated.  These are

12   allegations, and they certainly haven't been -- been proven.

13        My concern is this:  This is a civil case, and any

14   admissions made by Ms. Collier during a deposition, which

15   Plaintiff is certainly permitted to take of her, may well

16   subject her to several things, not only because this is a

17   civil and not a criminal case.

18        An adverse inference could be gleaned from her

19   taking the Fifth Amendment, an adverse interest against her,

20   but secondly, assuming, purely arguendo, that Ms. Collier

21   acted under the advice of her attorney, it may not only

22   subject Ms. Collier to a criminal prosecution should either

23   the Plaintiff desire this or the United States Attorney

24   choose, without any urging by Plaintiff, to bring such

25   charges, and she would have, based upon her answer to

1    questions at a deposition, incriminated herself in a manner

2    that would be not only adverse to her civil case but any

3    criminal prosecution, if it comes to pass.

4           Now, I am making an assumption that has no basis

5    in fact.  It has no basis in fact because I haven't heard

6    any of the evidence, but if, if Ms. Collier acted on the

7    advice of counsel, not everything counsel told Ms. Collier

8    would be protected by the attorney-client privilege.

9           I can certainly imagine that there are questions

10    that Ms. Collier could be asked during a deposition, and I'm

11    not going to spell out what those questions might be, that

12    would be unfair to the parties, but there are questions that

13    could be asked about what Ms. Scott advised Ms. Collier that

14    might well be exceptions to the attorney-client privilege,

15    and if Ms. Collier testified in a manner -- and I say if --

16    that Ms. Scott, her lawyer, was in a position to deny in

17    terms of her defense to this civil case, their interests

18    could well not be aligned and a renewed motion to disqualify

19    Ms. Scott as Ms. Collier's attorney could well cause this

20    Court to give strong consideration to a renewed motion for

21    disqualification.

22           Give me one moment.

23           (Brief pause.)

24           THE COURT:  That is my overriding concern before I

25    get to our inability to -- withdraw that -- due to my

1    nonreceipt of Defendants' discovery needs for purposes of

2    the preliminary injunction, and not having received those, I

3    would say perhaps Plaintiff did, Plaintiff's counsel, and is

4    prepared to direct objections to it, but I have received

5    discovery needs from Defendant -- I'm sorry -- from

6    Plaintiff to which no objections have been filed.  I

7    received no listing of Defendants' discovery needs.

8            Ms. Scott, I'd very much appreciate anything that

9    you wish to say in response to what I've said.

10           MS. SCOTT:  Thank you.  May it please the Court,

11   let's start first and foremost with regards to discovery,

12   Your Honor.

13           With regards to the list that you have requested,

14   we received that notification at midnight on the 27th

15   actually turning into the 28th, which was after the deadline

16   that was required.

17           We were originally -- we were going by the initial

18   order that was made before this Court and I thought

19   clarified on the 25th, which outlined what we -- that we

20   needed to exchange between the two parties, which I did

21   serve them with notices of -- our notice of our one

22   deposition, per your original order, and as well as

23   interrogatories and requests for production of documents per

24   your order; however, on the 26th, I received notices in

25   exchange with Miss -- or Attorney Bigler on behalf of I

1    guess Kettering, I'm not sure who is representing who these

2    days, with regards to an expanded request for discovery,

3    which included subpoenas and additional depositions, because

4    it was supposed to be one per side, according to the 25th

5    and your original order.

6          Somehow, on the 27th, a motion was filed modifying

7    that order, which again, we -- we brought to your attention,

8    Your Honor, if you recall, that we weren't receiving any

9    notifications of things that were filed.

10          By the time we received notice of the expanded --

11    or notice of modification, the deadline had already passed,

12    and it's with regard to that, receiving late notices and no

13    notices and the -- the concerns with additional counsel,

14    who's representing who, making sure we're not running afoul

15    of discussion with represented parties, we filed our motion

16    to stay discovery until these matters could be cleared up

17    because there is a lot of confusion that has been brought

18    about by the issues.

19          One of our main reasons actually, Your Honor, is

20    the dispositive motions that we filed on the 24th of August

21    for motion for summary judgment and, alternatively, motion

22    to dismiss, has not been responded to, nor has it been ruled

23    upon, and pursuant to case law, anytime that discovery

24    should be -- discovery must be stayed entirely until

25    dispositive motions, conflicts, and pending things are

1    resolved, and that's part of our -- our request for

2    emergency relief under that circumstances, and -- yes, Your

3    Honor?

4              THE COURT:  Please, continue.  I apologize.

5              MS. SCOTT:  That's okay.  If the Court needs --

6    I'm assuming the Court is aware, but Landis v North American

7    Company as well as Hickman v Taylor indicates that the Court

8    should have the inherent authority to stay discovery to

9    avoid any sort of prejudice and control docket by itself,

10   but nevertheless, with respect to pending motions, that

11   might -- for judicial efficiency, that might dispose of

12   matters with respect strictly with discovery.  We can

13   address other avenues as Your Honor would allow.

14             THE COURT:  All right.  Thank you, Ms. Scott.

15   Several things.  You indicated that it was somewhat

16   confusing to determine who represents whom.

17             MS. SCOTT:  Uh-hum.

18             THE COURT:  Perhaps I don't see the nuances, but

19   the Court is not confused.  Mr. Petrie, Ms. Bigler --

20   Ms. Bigler represents the -- represent the Plaintiff.  You

21   filed a third-party complaint as well as a counterclaim,

22   which is your right, although it was not -- withdraw that.

23             And Ms. Brollier -- Mr. Brollier, forgive me --

24   and his co-counsel, Mr. Farella, represent people who have

25   been sued, such as Plaintiff's lawyers and the entire

1    Plaintiff's law firm, and Mr. Petrie and Ms. Bigler made the

2    decision to hire lawyers to represent the newly added

3    parties.

4         So if there's confusion, I'm not aware of it, and

5    I know you'll point it out to me in future remarks if you

6    continue to be confused.

7         Secondly, I do have inherent discretion to stay

8    discovery.  Perhaps -- let me withdraw that perhaps.

9         A motion for summary judgment which requests me to

10   determine that there is no genuine issue of a material fact

11   has always caused me and my colleagues that -- with whom

12   I've discussed the matter to conclude that a summary

13   judgment motion filed prior to any discovery is simply

14   premature.

15        So I'm not going to consider the motion for

16   summary judgment at this time, and what I've said is -- I

17   feel strongly enough about, with respect, that I'm not going

18   to require Plaintiff to file a Rule 56 motion.

19        I understand the motion to dismiss is something

20   that, if at all possible, ought to be resolved prior to

21   discovery.  It requires me to make a decision to the effect

22   that, assuming all facts stated in the complaint are true,

23   there's no way that Plaintiff can recover, and at this

24   point, I'm not going to stay discovery.

25        Plaintiff has not had the opportunity to respond

1    to the motion to dismiss, and Plaintiff is entitled, I

2    believe, having filed a motion for TRO which has been mooted

3    by the standstill agreement and a motion for preliminary

4    injunction, to have a hearing as soon as is practicable,

5    giving Defendants the right to prepare for such a hearing.

6            Lastly, I am surprised that you did not get the

7    latest court order until almost midnight on the 27th --

8            MS. SCOTT:  Uh-hum.

9            THE COURT:  -- of August, but you agreed to the

10   scheduling order when we first spoke, not only the steps

11   that had to be taken, but also the dates by which those

12   steps should be taken.

13           The only amendment to that scheduling order is

14   something I filed two days later, which added to the request

15   for discovery needs the request for a 30(b)(6) designation

16   from your client, Ms. Collier.

17           I do not understand why you are not getting notice

18   from the Clerk of Court's office.  All I can say is -- I'll

19   give you a chance to respond, Ms. Scott.

20           MS. SCOTT:  Yes.

21           THE COURT:  You needn't worry about that.  I think

22   anything I say at this point would be redundant.  Go ahead,

23   Ms. Scott, and then I want to hear your thoughts about

24   Ms. Collier's Fifth Amendment rights.

25           MS. SCOTT:  With respect to notices, Your Honor, I

1   was not added as a noticing party until the 22nd.  That 22nd

2   that I was added, there was no orders or anything issued by

3   the Court until the order that was issued on the 27th, which

4   was after the deadline had already passed.

5          So with respect to why I wasn't receiving notices,

6   I was never added.  I was receiving my own filings because I

7   am registered, but no one added me to their filings.  So

8   from the complaint forward, any order that was issued, I did

9   not receive.

10         That's why I -- and on the 25th when we had our

11  hearing, I did bring that to Your Honor's attention, and

12  you -- they said that they would make sure that that was

13  rectified, but again, the 27th filing retroactively expanded

14  and required other things that had -- but the date had

15  already been done.  It was due on the 26th.

16         So me getting it the 20 -- midnight of the 27th

17  going into the 28th does not allow me enough time to

18  actually know that the Court modified the order, and --

19         THE COURT:  Which order was that, Ms. Scott?  Was

20  that the one adding the request about the 30(b)(6) or was

21  it -- go ahead.  I'm sorry.

22         MS. SCOTT:  Yes.  Yes, sir, that was the one

23  adding the 30(b)(6).  Also, it was adding additional parties

24  to be added for deposition because that was not addressed,

25  it was still one per side; hence, if we could have added a

1    multiplicity of people, we -- we would have done that

2    ourselves.

3         THE COURT:  I don't recall limiting depositions to

4    one person.  Perhaps -- and I do not have the order,

5    unfortunately, in front of me.

6         If you say you didn't get notice, Ms. Scott, I'm

7    going to take your word for it, but I will tell you that you

8    knew about the requirement that you set forth your discovery

9    needs because we talked about that, and second -- we talked

10   about that I believe on August 25th.

11        I will concede that perhaps -- I will concede,

12   because I'm not going to disbelieve you, that you didn't get

13   the notice about the 30(b)(6), but there's no reason why you

14   couldn't have listed the people you wanted deposed, end of

15   discussion, because that issue is secondary to what I said

16   about your client's Fifth Amendment right to not answer

17   questions that tend or might tend to incriminate her, and I

18   need you to answer that.

19        MS. SCOTT:  With regard to Ms. Collier taking the

20   Fifth Amendment rights, we have not dealt with those

21   particular issues, if I'm being transparent with the Court;

22   however, I would have no issue with respect to her or myself

23   testifying in this matter because there was no wrongdoing on

24   either side.

25        That being the case, considering the fact that we

1    are dealing with a whistleblower case as well as a

2    racketeering case for which opposing counsel has also been

3    named and also have criminal implications, are we giving the

4    same consideration with respect to those Defendants as well,

5    sir?

6                THE COURT:  You're talking about the third-party

7    Defendants?

8                MS. SCOTT:  Yes.  Yes, your -- yes, Your Honor --

9                THE COURT:  I don't --

10               MS. SCOTT:  -- because they have been implicated

11   as well.

12               THE COURT:  I don't know which Plaintiffs or which

13   third-party Defendants you wish to depose because I didn't

14   get notice.

15               MS. SCOTT:  I understand, Your Honor.  Again, they

16   were served on opposing counsel.  The expanded motion made

17   it clearer that the -- Your Honor would -- the Court

18   themselves needed to be served.  I thought it was just a

19   private exchange.  Again, that's why it's important to have

20   orders.

21               That being said, sir, we have -- we were told it

22   was not filed by opposing counsel, that they would not be

23   responding to any of our discovery requests because they had

24   not been served.

25               You know, there's just a lot of -- again, sir,

1    there's some issues behind the scenes where it might seem

2    very clear to you because they've been having communication

3    with you guys.

4              THE COURT:  Wait a minute.  Are you saying that I

5    have ex parte communications with opposing counsel?  Because

6    if you're saying that, Ms. Scott, be very, very careful what

7    you're saying.

8              MS. SCOTT:  I'm not saying that, Your Honor.  I'm

9    not saying that.

10             THE COURT:  No.  You listen to me for a moment.

11   That's exactly what you said.  Now respond, but do so

12   carefully.

13             MS. SCOTT:  What -- yes, sir.  With all due

14   respect, there have been messages, emails for which we have

15   not been included.

16             Now, maybe it's --

17             THE COURT:  Name one.  Name one.

18             MS. SCOTT:  On the 13th of August, sir.

19             THE COURT:  Do you understand that our local rule,

20   and I believe the local rule in any court in the country, is

21   that when a party, a plaintiff or a defendant, but in this

22   case a plaintiff, wants a hearing on a TRO and/or a

23   preliminary injunction, that the course of action is that

24   they call the Court's office to get a date for a conference?

25   Many --

1          MS. SCOTT:  I am aware.

2          THE COURT:  Are you aware of that?

3          MS. SCOTT:  Yes, I am, Your Honor.

4          THE COURT:  Then tell me, with equal respect, what

5    other communications Plaintiff's counsel has had with my

6    office other than that, because if there has been such, that

7    person's going to be fired because I've had a no ex parte

8    contact rule for the last 56 years.

9          MS. SCOTT:  Your Honor, we are going to go back to

10   the issue with respect to the 26th.  The motion had not been

11   modified until we received notice on the 27th.  That's

12   according to your own dockets, your own -- the own ECF

13   filings that it was modified and filed.

14          Miss -- Attorney Bigler clearly responded to the

15   Court.  We received your modified motion.  That was received

16   on the 27th; however, the modified motion clearly mirrored

17   exactly what she requested and served upon counsel on the

18   26th.

19          Now, if she did not have communication, then she

20   has information out the blue as to what is going to be

21   required of her, because she served it to me before the

22   Court filed it, sir.

23          THE COURT:  Who is she?

24          MS. SCOTT:  Miss Bigler, because she served it

25   on --

1      THE COURT:  Well, then it was not an ex parte

2  communication.

3      MS. SCOTT:  At -- what I'm -- what I am inferring,

4  I said, Your Honor, even in my motion that there was an

5  appearance because of the fact that she acted on a motion

6  that she had no idea was being done unless she had an idea

7  of it being done, because I was served with it on the 26th.

8  The Court did not modify the hearing (sic) and file it until

9  the 27th.

10     THE COURT:  What were you served with on the 26th?

11     MS. SCOTT:  I was served with the notice of

12  deposing multiple parties, the 30(b)(6), subpoenas.  All of

13  those things were clarified on the 25th on the record, and

14  none of those things were brought up.

15     So when she served that to me, I was very

16  confused, and then the next morning, she served -- she sent

17  an email to Ms. Bethany, which I was CC'ed on that, and I'm

18  not denying any of that; however, that modified motion was

19  exactly what she had previously served to me without having

20  any prior knowledge.

21     THE COURT:  Thank you, Ms. Scott.

22     Mr. Petrie, Ms. Bigler, do you wish to respond?

23     And at some point, we are going to talk about your

24  client's Fifth Amendment rights, and I certainly do not want

25  to invade the attorney-client privilege, but I strongly

1    suggest that your client and your company consult another

2    attorney who's not involved in this case to get his or her

3    opinion.

4          You may think that is unfair, that it's biased.

5    I'm simply trying to protect the both of you from what I can

6    see are, to put it mildly, circumstances that need not

7    occur.

8          Mr. Petrie, Ms. Bigler?

9          MS. BIGLER:  Thank you, Your Honor.  I would be

10   happy to address the timeline leading up to my August 27

11   email to the Court.

12         As Your Honor is aware, we participated in a

13   hearing on August 25th, 2025.  At the conclusion of the

14   hearing on the cross-motions to disqualify, my colleague,

15   Mr. Petrie, raised the issue as it related to the original

16   scheduling order, I believe that's document -- doc number 7,

17   in that one of the items didn't provide for the parties to

18   depose anyone.

19         There was a reference to a subpoena -- or a

20   Rule -- Rule 30(b)(6) but no depositions, so Your Honor said

21   that that was an inadvertent omission and that you would be

22   submitting an amended scheduling order along those lines.

23         On August 26th, the parties did exchange discovery

24   requests.  Contrary to what Ms. Scott has said on the

25   record, we have not seen a notice of deposition.  Her email

1    to us expressly states we reserve the right to request a

2    deposition at a later date and time.

3            Thereafter, at 7:00 a.m. on August 27th, 2025, we

4    received a CM/ECF notice which Ms. Scott is listed on which

5    notified the parties that the amended scheduling order, doc

6    number I believe it's 14, was filed by the Court.

7            Pursuant to that amended scheduling order, Your

8    Honor, we then proceeded to email Ms. Russell the list of

9    individuals that we intended to depose.

10           THE COURT:  Thank you, Ms. Bigler.  Do you care to

11   respond to the Court's observations about the Fifth

12   Amendment?

13           MR. PETRIE:  Your Honor, we share your concerns,

14   but it's not -- it's not our position to -- to take a -- to

15   make an argument for -- for or against, but we do share your

16   concern.

17           THE COURT:  All right.  Ms. Scott, last word.

18           MS. SCOTT:  Sorry.  I had to unmute.  I apologize.

19           THE COURT:  I understand.

20           MS. SCOTT:  Yes.  Your Honor, as I said, at the

21   end of the day, we just want the same consideration as all

22   the parties in this matter.

23           We have, through this entire process, tried to

24   make sure that we have followed the rules, that we have

25   complied with whatever the Court has requested of us, and we

```
1    don't -- and with us actually not having been added for

2    notice purposes until very late, it put us behind because we

3    were responding not only to multiple attorneys hitting us

4    with different issues, as -- in addition to making sure that

5    we are trying to stick with the Court's requested timelines.

6              We mean no disrespect to the Court in any way;

7    however, we do want transparency and fairness with respect

8    to this matter, and we are asking Your Honor to consider

9    looking at, you know -- and I'm not saying you haven't

10   looked at some of the requests that we have raised because

11   none of the issues that we have raised before this Court,

12   except for today, your -- that -- have been responded to,

13   not even by opposing counsel.

14             So normally when counsel doesn't respond, it's a

15   concession, not necessarily just meant to be disregarded,

16   and we do have some concerns with regards to that, but other

17   than that, Your Honor, we respect however you wish to

18   proceed.

19             We're going to continue to follow the -- the law

20   as we know it.  We would ask for an opportunity, but if

21   you -- if you so deny it, to modify our discovery based on

22   that lack of timing, for which we actually did provide

23   documentation showing when we did receive the notice in that

24   particular situation, but we understand and we respect your

25   decision regardless of which way you go.
```

1      THE COURT:  All right.  Thank you, Ms. Scott.  You

2  were referring to the decision that I will file by close of

3  business Wednesday that overruled your emergency motion in

4  all of its aspects; am I correct?

5      MS. SCOTT:  Yes, Your Honor.

6      THE COURT:  Okay.

7      MS. SCOTT:  Well, there are multiple -- we've also

8  filed a motion to amend the complaint.  We filed a motion

9  for leave to amend the complaint as well as an amended

10 complaint that was attached to it based on new evidence we

11 did receive from Plaintiff.

12     So that was filed as well, Your Honor, and I think

13 that is going to be important for the parties to make sure

14 that we are keeping in time with the requested extensions

15 and things of that nature because the extended -- request

16 for extension was based upon our initial third-party

17 complaint and not the one that we are asking the Court to

18 amend.

19     THE COURT:  All right.  Well, I have not ruled on

20 that, and my hope is that on that motion, I will hear from

21 opposing counsel.

22     Be that as it may, I'd like to take a 10-minute

23 recess at most.  Beth, what is the best way to proceed?  Can

24 I put everyone on mute?

25     COURTROOM DEPUTY CLERK:  Yes.

1    THE COURT: Is that easier than reinstituting the

2    call?

3    COURTROOM DEPUTY CLERK: I believe so, yes.

4    THE COURT: Okay. At this point, I want counsel

5    to talk with their respective clients but not with each

6    other. I don't want Plaintiff's counsel and Defendants'

7    counsel to be able to talk.

8    What can you do in that regard?

9    COURTROOM DEPUTY CLERK: I know --

10   MR. BROLLIER: Your Honor, it's John Brollier on

11   behalf of the EBG third-party Defendants.

12   THE COURT: Yes, sir.

13   MR. BROLLIER: If it please the Court, we could

14   all just go on mute and turn off our videos, and I think

15   that we can promise not to chat with our opponents, and I'm

16   sure that they will reciprocate.

17   THE COURT: That is a very pragmatic solution,

18   sir, for which I am very grateful. I will be back before

19   the 10 minutes are up. We are in recess. No one needs to

20   stand. This is informal.

21   (Recess taken.)

22   (Proceedings had in open court.)

23   THE COURT: Several things. First of all,

24   Ms. Scott is correct in that the discovery requests listed

25   one subpoena ad testificandum for each side, so she's

1    correct on that, and I certainly apologize for the contra

2    statement I made.

3         I can't -- I met with my law clerks during this

4    recess.  I just don't -- do not see, by the wildest stretch

5    of the imagination, that there was any impermissible

6    ex parte contact with this Court, I simply don't.  I've

7    expressed my thoughts on the inference that there was, and I

8    will put that behind me.

9         If at any time during this litigation one party

10   feels aggrieved, rather than file a one to

11   one-and-a-half-inch-high motion, call my office and ask for

12   a conference call or send an email, preferably, to my

13   office, copy to opposing counsel, and ask for a conference.

14        I cannot conceive of a situation, if I am in the

15   city, or even if I'm out of the city, where I won't get you

16   on the phone within 24 hours.

17        That having been said, apparently the -- give me a

18   moment just to make certain of what I speak.

19        (Brief pause.)

20        THE COURT:  I used the term or the date of

21   August -- August 25th for the date we all agreed on the

22   scheduling order.  That was August the 18th.

23        The motion in opposition, or the response in

24   opposition to the motion for temporary restraining order,

25   was filed by defense counsel on August 14th.

1        Apparently, under the way CM/ECF works, that

2   wasn't sufficient to list Ms. Scott as defense counsel.  Why

3   not, I have absolutely no idea.  It's like so much -- forget

4   the it's like so much.  I withdraw that.

5        That's counterintuitive.  She should have been

6   listed, and having been listed as a defense attorney, she

7   should have gotten each and every thing that this Court put

8   out, every filing.

9        Apparently, the first action Ms. Scott took which

10  would, under CM/ECF's Byzantine rules, which frankly, is a

11  statement that's probably unfair to the Byzantine Empire,

12  the first date on which she should have been listed as

13  counsel is the 24th, when -- three days after the scheduling

14  conference ordered her to file her answer, request for

15  amendment of the complaint, counterclaim, or third-party

16  complaint, which she says she never received, and I believe

17  she's correct.

18       So here's what we're going to do:  The supplement

19  filed August 27th of 2025, it was signed on August 26th,

20  unfortunately, it was not filed until August 27th, or it may

21  well have been filed and simply not posted until the 27th,

22  in all fairness, did -- which she did receive, docket number

23  15, Ms. Scott being the she, but it substantially amended

24  the -- amended item three on the filing of August 18th.

25       The filing of August 18th talked about -- which

1    Ms. Scott did not receive in timely fashion -- talked about

2    no more than 10 interrogatories, 10 requests for production

3    of documents, and one subpoena ad testificandum for each

4    side plus a 30(b)(6) witness.

5              The entry of August 27th, which Ms. Scott did

6    receive, talked about the same 10 interrogatories, 10

7    requests for production of documents, and modified the one

8    subpoena ad testificandum set forth in the order of

9    August 18th to read, quote, and any subpoenas and notices of

10   deposition on the opposing party and any subpoenas and

11   notices of deposition and submit to the Court a list of

12   witnesses intended to be deposed by 5:00 on Tuesday,

13   August 26th.

14             Well, that's fine, Courts set deadlines, but if

15   Defendants don't get the order until the day after the

16   deadline, it's hardly their fault, so I take responsibility

17   for the conclusion.

18             I don't take responsibility for what I still feel

19   were both insulting and disrespectful remarks to the Court,

20   but as I've said, I will put that behind me.

21             Here's what we're going to do.  Give me a moment.

22             (Brief pause.)

23             THE COURT:  And this will be put in an order to be

24   filed tomorrow in a timely filed motion.  I'm going to

25   require the discovery needs of each -- each side by the

1    preliminary injunction by 5:00 on Friday, September 12th.

2         If you want to rest on what you've already sent

3    me, Mr. Petrie, Ms. Bigler, you may do so, but just let me

4    know that that's your decision; otherwise, you may

5    supplement your discovery requests.

6         Ms. Scott, you need to file your discovery

7    requests, which contain interrogatories, requests for

8    production, and witnesses to be deposed, not numbered, not

9    restricted by any number, likewise by close of business the

10    12th.

11         I want any objections to the discovery requests

12    exchanged by and between the parties and filed with the

13    Court, as I want the discovery requests filed with the

14    Court, no later than the close of business on Tuesday, the

15    16th.

16         Beth, I want a date on Friday, the 19th, in the

17    afternoon for oral argument on discovery requests.

18         COURTROOM DEPUTY CLERK:  Sir, you do have an

19    appointment at 2:00 p.m., so would it be appropriate to put

20    it at 3:30?  It's at Miami Valley South.

21         THE COURT:  Make it at 4:00.

22         COURTROOM DEPUTY CLERK:  4:00.

23         THE COURT:  Yeah.

24         COURTROOM DEPUTY CLERK:  4:00 on Friday,

25    September 19th.

1       THE COURT: Mr. Petrie, can you live with those

2   dates?

3       MR. PETRIE: Yes, Your Honor.

4       THE COURT: Ms. Scott?

5       MS. SCOTT: Your Honor, may I briefly address the

6   Court just out of respect, sir?

7       THE COURT: The answer is certainly, but to the

8   extent you can, I'd like you to acknowledge the date of

9   September 19th.

10      MS. SCOTT: Absolutely. September 19th is fine

11  for us.

12      THE COURT: At 4:00.

13      MS. SCOTT: At 4:00, yes, sir.

14      THE COURT: All right. I'm sorry. Go ahead. Let

15  me mention one more thing, Ms. Scott. Please hold your

16  thought.

17      MS. SCOTT: Yes, sir.

18      THE COURT: Ms. Scott, I feel very strongly about

19  what I said about the Fifth Amendment and exceptions to the

20  attorney-client privilege.

21      When you say no wrongdoing was done, I -- I do not

22  know the facts. I know only what was claimed in the

23  complaint and the answer -- what was set forth in the answer

24  and the proposed amended complaint, but I am going to

25  beseech you, which is more than a recommendation but less

1    than an order, to have the two of you consult with another

2    attorney on the Fifth Amendment, on the exceptions to the

3    attorney-client privilege.

4            If you don't, and this is a threat which I don't

5    like to make, I am going to sua sponte reconsider the motion

6    to disqualify you, Ms. Scott, from representing Ms. Collier.

7    I strongly believe in what I've said, and that is for

8    everybody's protection.

9            Now, before I hear what you wanted to say,

10   Mr. Brollier, are those dates comfortable with you, to the

11   extent -- more important with Friday -- concerned with

12   Friday, the 19th?

13           MR. BROLLIER:  Yes, Your Honor.  Thank you.

14   Those -- those dates are fine, and I had a couple of

15   housekeeping or logistical questions, but I'm happy to set

16   those to a more convenient time later, or if you want to

17   hear from me before -- before you hear from Ms. Scott, I

18   just seek your direction.

19           THE COURT:  Let me hear from Ms. Scott first, then

20   I'll be happy to turn to you -- to you.

21           MR. BROLLIER:  Thank you, Your Honor.

22           THE COURT:  Ms. Scott, please.

23           MS. SCOTT:  Yes, Your Honor.  First and foremost,

24   I want to thank the Court for your acknowledgment when you

25   came back out.  I appreciate that.

1        Secondly, I meant no disrespect to the Court in

2   any way, shape, form, or fashion, and if it came off that

3   way, I do extend my apologies.  That's -- those are the two

4   comments that I did want to make sure I extended to the

5   Court.

6        With respect to -- we just wanted to find out who

7   is representing the Kettering employees.  Do we know?

8        MS. COLLIER:  Individually.

9        MS. SCOTT:  Individually.  Those are the other

10  third-party Defendants, because we need to know for purposes

11  of --

12       THE COURT:  I'm assuming -- forgive me, Ms. Scott.

13  I did not mean to interrupt.  I'm assuming it's Mr. Brollier

14  and Mr. Farella.

15       Is that correct, Mr. Brollier?

16       MR. BROLLIER:  No, Your Honor.  Mr. Farella and I

17  represent the four EBG third-party Defendants.

18       THE COURT:  Okay.

19       MR. BROLLIER:  So Petrie, Bigler, Page McGinnis,

20  and the law firm, and I'll let Mr. Petrie and Ms. Bigler

21  respond to who, if we know yet, will be representing the

22  Kettering third-party Defendants, who number some 14

23  individuals, if memory serves.

24       THE COURT:  All right.  Thank you, Mr. Brollier.

25       Mr. Petrie, your response?

1          MR. PETRIE:  Yes.  Mr. Brollier is -- is correct

2    that Jill and I and Chris will be representing the Kettering

3    third-party Defendants.  They're all either current or

4    former employees of Kettering.

5          THE COURT:  Ms. Scott, does that answer your

6    question?

7          MS. SCOTT:  Yes, sir, except for with regards to

8    service.  Is it fine to just serve -- make sure -- is there

9    any additional addresses or anything that needs to be served

10   for purposes of third-party --

11         MR. PETRIE:  We would be happy to accept a

12   service, waiver of summons, for all of those individuals, so

13   you would just send those to us.

14         MS. SCOTT:  Thank you.

15         THE COURT:  All right.  Thank you, Ms. Scott.

16   Your apology is accepted.  We'll move on from here.

17         Mr. Brollier, I'm interested in your housekeeping

18   details.

19         MR. BROLLIER:  Thank you.  I'll try and keep it

20   brief, Your Honor, but since we're coming to this party a

21   little bit later, I wanted to make sure that Mr. Farella and

22   I had clarity on the Court's expectations.

23         So first off, we have accepted and returned

24   requests for waivers of service of the EBG third-party

25   Defendants, and though our response to the third-party

1    complaint will come due on October 29th of this year, that's

2    60 days after the requests were sent, that's two days after

3    the preliminary injunction hearing, and that's fine with us

4    as long as it's fine with the Court.

5            And without giving away too much, I think it's

6    safe to assume that the EBG third-party Defendants will be

7    moving to dismiss the third-party complaints against the

8    lawyers and the law firm in their entirety, but we -- we

9    will file that in due course.

10           On the question of -- of -- I'm sorry, Your Honor.

11           THE COURT:  I was just going to ask, could you

12   define due course without putting any pressure on yourself?

13           MR. BROLLIER:  Sure.  By October 29th.

14           THE COURT:  Okay.

15           MR. BROLLIER:  Right.  Unless the Court sets a

16   different deadline, which we would be happy to comply with.

17           THE COURT:  That's fine.  Go ahead, sir.

18           MR. BROLLIER:  Thank you.  Also, and -- and your

19   remarks earlier gave clarity to us, but so everyone is

20   aligned, I think it's appropriate and required for all

21   counsel to just communicate and serve papers to all counsel.

22           In other words, Ms. Scott does not need to confine

23   her communications that relate to the Kettering Defendants

24   to me.  I'm just attorney for the -- the four EBG

25   third-party Defendants, and she should remain free to

1    communicate with Kettering's counsel, Mr. Petrie,

2    Ms. Bigler, Mr. Page McGinnis.

3              In other words, I don't think there's reason for

4    me to be her sole point of access to both Defendants and

5    30 -- third-party Defendants, and there had been some

6    question about that both by email and -- and earlier in

7    these proceedings, and I thought it would be useful to

8    everyone to indicate that -- that that seems like our

9    expectation, I think it's required by the rules, and to the

10   extent my consent, as counsel for the EBG third-party

11   Defendants, is needed for Ms. Scott to communicate with

12   Mr. Petrie, Ms. Bigler, and Mr. Page McGinnis on this

13   matter, I -- I give that consent, though I don't think it's

14   needed.

15             THE COURT:  All right.  Thank you, Mr. Brollier.

16   I have no qualms about anything you've said.

17             Ms. Scott, one last question, if I might:  Are you

18   willing to waive the service on the law firm clients and the

19   law firm?

20             MS. COLLIER:  Yes.

21             MS. SCOTT:  Yes, Your Honor.

22             THE COURT:  Okay.

23             MS. SCOTT:  I thought we had already done that.

24             MS. COLLIER:  No.  He's talking about the

25   Kettering 14.

```
1              MS. SCOTT:  Okay.  Yes.

2              THE COURT:  Ms. Collier interjected by saying we

3    were talking about the Kettering 14 before.

4              All right.  Mr. Brollier, does that answer your

5    questions?

6              MR. BROLLIER:  Thank you.  One final question,

7    Your Honor, if I might.

8              THE COURT:  Yes.  Ms. Scott, if you would notify

9    Mr. Brollier that you're waiving service on the law firm and

10   the clients, I'd appreciate it.

11             Go ahead, sir.

12             MR. BROLLIER:  Yeah.  Thank you, Your Honor.  Just

13   on that point, before my final question, I have signed and

14   returned requests for waiver of service, and so I think the

15   ball's in Ms. Court -- Ms. Scott's court to go ahead and

16   file those signed returns with the Court.

17             THE COURT:  All right, sir.  The last question --

18             MR. BROLLIER:  And then, yeah, beg pardon.  The

19   final question was just that on Thursday, last Thursday,

20   document 25, the Defendant sought leave to amend the

21   counterclaim and third-party complaint and included a couple

22   of other remedies in there.  The response to that would come

23   due on September 25th under the -- the Court's local rules,

24   21 days.

25             Because that requested amendment was made within
```

1    20 days of the original counterclaim and third-party

2    complaint being filed, from where I sit, and I assume that

3    my partners feel the same way as to Kettering, but I don't

4    think there's any problem with Defendants amending their

5    counterclaim and third-party complaint.  I think they're

6    allowed to as a matter of right without leave.

7              The issue or concern is the other remedies sought,

8    one of which is mooted because the Court has already

9    indicated that it would be overruling the emergency motion

10   in the -- in an order to be issued by Wednesday, and then

11   also some -- some -- a request for the -- the law firm to

12   file declarations with the Court about its representation of

13   Kettering and my representation of my law partners, and I --

14   we're more than happy to file a complete and comprehensive

15   memorandum in opposition to the motion for leave, but a

16   practical solution might be to permit Defendants to file

17   their amendment and then overrule the -- either the mooted

18   remedy or else the request for the law firm to file

19   declarations and written conflict waivers and that -- that

20   sort of matter, and I -- I appreciate that I'm raising this

21   out of the blue, but I'm trying to cut to the chase and not

22   inundate the Court with several inches of paperwork.

23             THE COURT:  No, I appreciate that.

24             Ms. Scott, any objection to basically my

25   sustaining your -- your motion?

1          MS. SCOTT:  No, there's no objection to you

2    sustaining our -- our motion.  We appreciate that.  I would

3    ask with regard to the issue of disclosure, with EBG

4    representing all parties in this matter, Your Honor, it

5    would seem that there are inherent layered conflicts with

6    respect to the implications of the individual attorneys, the

7    law firm, and then both the same issue with regard to

8    Kettering and its employees, and with the same firm

9    representing all parties, I think it runs afoul of the --

10   the rules, Your Honor.

11         THE COURT:  Well, what I'm going to ask you to do,

12   Ms. Scott, is file a -- a timely -- a motion to that effect,

13   and we'll give counsel the chance to respond.

14         MS. SCOTT:  Unmute.  Thank you, Your Honor.

15         THE COURT:  You're welcome.

16         Mr. Petrie, anything further?

17         MR. PETRIE:  Your Honor, there was one thing.  The

18   stipulated protective order, as we understand it, that was

19   raised as an objection in the emergency motion that you just

20   overruled, what's your preference for the stipulated

21   protective order?

22         We've -- we've already submitted a copy.  It's the

23   exact template that the -- that the Court has -- has

24   provided.  We haven't heard back from Ms. Scott.

25         Would you like us to make a motion on that?

1       THE COURT:  I think your submitting it is

2  sufficient as an oral motion.

3       Ms. Scott, do you have any objection as to what

4  Mr. Petrie and co-counsel submitted by way of a protective

5  order?

6       MS. SCOTT:  Actually, Your Honor, we haven't

7  received the notice of the protective order.  We received

8  a -- an email, but it hasn't been filed through CM/ECF

9  because I've been manually checking it now.  So I'm not

10  sure.

11       We did address that in our emergency motion, that

12  our -- our response to what we anticipated was going to be a

13  filing for the protective order, which never came, but Your

14  Honor has already ruled or overruled that, so I'm not sure

15  where we stand.

16       THE COURT:  All right.  Mr. Brollier, was that

17  actually filed with the Court?  I'm not certain I see it on

18  the docket.

19       MR. PETRIE:  No, Your Honor, it was not -- it was

20  not yet filed.  I was asking about how -- how would you like

21  us to go about this?

22       THE COURT:  With a motion to file protective

23  order.  I'll give Ms. Scott seven days to respond, seven

24  calendar days.

25       Does that answer your question, sir?

1          MR. PETRIE:  Yes, it does.  Thank you, Your Honor.

2          THE COURT:  All right.  Ms. Bigler, anything

3  further?

4          MS. BIGLER:  No, Your Honor.  Thank you.

5          THE COURT:  You're welcome.

6          Ms. Scott?

7          MS. SCOTT:  Nothing further, Your Honor.

8          THE COURT:  And Mr. Brollier and Mr. Farella,

9  anything further?

10         MR. BROLLIER:  Your Honor, just to confirm, on the

11  final point that I had raised about the -- the amendment as

12  of right and then the -- the other remedies that the

13  Defendants had sought in that same motion, will your entry

14  coming out today or Wednesday clarify that Defendant may go

15  ahead and -- and file the amended counterclaim and

16  third-party complaint but that the other remedies, for

17  instance, asking our law firm to provide declarations or

18  conflict waivers, that those other elements will be

19  overruled, or do you require briefing from us on that point?

20         THE COURT:  I don't, and I'll take care of that.

21         MR. BROLLIER:  Thank you, Your Honor.

22         THE COURT:  Mr. Farella, anything?

23         MR. FARELLA:  Nothing further.  Thank you, Your

24  Honor.

25         THE COURT:  Okay.  Well, sorry to make you all

1    late for dinner, but have a pleasant evening and we will

2    talk again.

3           Let me ask this question before I let you go,

4    however:  Is there any interest in trying to mediate this

5    matter before we go any farther with pleadings and dates and

6    the like?

7           Mr. Brollier, you may well be too new in the case

8    to answer that, so let me start with Mr. Petrie.

9           MR. PETRIE:  Your Honor, we have spoken with our

10   client, and at this point, they are not interested in

11   mediation.

12          THE COURT:  All right.  I've never forced anyone

13   to mediation.  I'm not going to start now.  I thank

14   everyone, and Ms. Scott, I do hope you'll take what I said

15   about the Fifth Amendment, the attorney-client privilege, to

16   your heart.

17          MS. SCOTT:  Absolutely, Your Honor.

18          THE COURT:  We are in recess.  Thank you.

19          (Hearing concluded at 5:44 p.m.)

20

21

22

23

24

25

1              CERTIFICATE OF REPORTER

2

3         I, Caryl L. Blevins, Federal Official Realtime Court

4    Reporter, in and for the United States District Court for

5    the Southern District of Ohio, do hereby certify that

6    pursuant to Section 753, Title 28, United States Code, that

7    the foregoing is a true and correct transcript of the

8    stenographically reported proceedings held in the

9    above-entitled matter and that the transcript page format is

10   in conformance with the regulations of the Judicial

11   Conference of the United States.

12

13

14
     s/Caryl L. Blevins_____
15   **CARYL L. BLEVINS, RPR, CRR**
     FEDERAL OFFICIAL REALTIME COURT REPORTER
16

17

18

19

20

21

22

23

24

25

## 1

**10** [5] - 21:19, 24:2, 24:6
**10-minute** [1] - 20:22
**10022** [1] - 2:7
**102** [1] - 1:22
**12th** [2] - 25:1, 25:10
**13th** [1] - 14:18
**14** [4] - 18:6, 28:22, 31:25, 32:3
**14th** [1] - 22:25
**15** [1] - 23:23
**16th** [1] - 25:15
**18th** [4] - 22:22, 23:24, 23:25, 24:9
**19th** [5] - 25:16, 25:25, 26:9, 26:10, 27:12

## 2

**20** [2] - 11:16, 33:1
**200** [1] - 2:14
**2025** [5] - 1:12, 3:1, 17:13, 18:3, 23:19
**21** [1] - 32:24
**212** [1] - 2:8
**22nd** [2] - 11:1
**24** [1] - 22:16
**24th** [2] - 7:20, 23:13
**25** [1] - 32:20
**250** [2] - 1:16, 2:3
**25th** [8] - 6:19, 7:4, 11:10, 12:10, 16:13, 17:13, 22:21, 32:23
**26th** [9] - 6:24, 11:15, 15:10, 15:18, 16:7, 16:10, 17:23, 23:19, 24:13
**27** [1] - 17:10
**27th** [14] - 6:14, 7:6, 10:7, 11:3, 11:13, 11:16, 15:11, 15:16, 16:9, 18:3, 23:19, 23:20, 23:21, 24:5
**28** [1] - 38:6
**28th** [2] - 6:15, 11:17
**29th** [2] - 30:1, 30:13
**2:00** [1] - 25:19

## 3

**30** [1] - 31:5
**30(b)(6** [6] - 10:15, 11:20, 12:13, 16:12, 17:20, 24:4
**30(b)(6)** [1] - 11:23
**300** [2] - 1:17, 2:3
**351-4935** [1] - 2:8
**3:25-cv-273** [1] - 1:6
**3:30** [1] - 25:20

## 4

**43215** [2] - 1:17, 2:4
**45237** [1] - 1:22
**45402** [1] - 2:15
**4:00** [5] - 25:21, 25:22, 25:24, 26:12, 26:13
**4:12** [1] - 3:2

## 5

**512-1511** [1] - 2:15
**513** [1] - 1:23
**56** [2] - 9:18, 15:8
**5:00** [2] - 24:12, 25:1
**5:44** [1] - 37:19

## 6

**60** [1] - 30:2
**614** [2] - 1:18, 2:4

## 7

**7** [1] - 17:16
**753** [1] - 38:6
**7710** [1] - 1:21
**7:00** [1] - 18:3

## 8

**8** [2] - 1:12, 3:1
**872-2412** [1] - 2:4
**872-2420** [1] - 1:18
**875** [1] - 2:7

## 9

**937** [1] - 2:15
**953-2499** [1] - 1:23

## A

**a.m** [1] - 18:3
**able** [1] - 21:7
**above-entitled** [1] - 38:9
**absolutely** [3] - 23:3, 26:10, 37:17
**accept** [1] - 29:11
**accepted** [2] - 29:16, 29:23
**access** [1] - 31:4
**according** [2] - 7:4, 15:12
**acknowledge** [1] - 26:8
**acknowledgment** [1] - 27:24
**acted** [3] - 4:21, 5:6, 16:5
**action** [2] - 14:23, 23:9
**ad** [3] - 21:25, 24:3, 24:8
**added** [9] - 9:2, 10:14, 11:1, 11:2, 11:6, 11:7, 11:24, 11:25, 19:1
**adding** [3] - 11:20, 11:23
**addition** [1] - 19:4
**additional** [4] - 7:3, 7:13, 11:23, 29:9
**address** [4] - 8:13, 17:10, 26:5, 35:11
**addressed** [1] - 11:24
**addresses** [1] - 29:9
**admissions** [1] - 4:14
**Adventist** [1] - 3:5
**ADVENTIST** [1] - 1:3
**adverse** [3] - 4:18, 4:19, 5:2
**advice** [2] - 4:21, 5:7
**advised** [1] - 5:13
**afoul** [2] - 7:14, 34:9
**afternoon** [5] - 3:4, 3:7, 3:18, 4:3, 25:17
**aggrieved** [1] - 22:10
**agreed** [2] - 10:9, 22:21
**agreement** [1] - 10:3
**ahead** [7] - 10:22, 11:21, 26:14, 30:17, 32:11, 32:15, 36:15
**aligned** [2] - 5:18, 30:20
**allegations** [1] - 4:12
**allow** [2] - 8:13, 11:17
**allowed** [1] - 33:6
**almost** [1] - 10:7
**alternatively** [1] - 7:21
**amend** [4] - 20:8, 20:9, 20:18, 32:20
**amended** [9] - 3:25, 17:22, 18:5, 18:7, 20:9, 23:23, 23:24, 26:24, 36:15
**amending** [1] - 33:4
**amendment** [5] - 10:13, 23:15, 32:25, 33:17, 36:11
**Amendment** [10] - 4:6, 4:19, 10:24, 12:16, 12:20, 16:24, 18:12, 26:19, 27:2, 37:15
**American** [1] - 8:6
**answer** [11] - 4:25, 12:16, 12:18, 23:14, 26:7, 26:23, 29:5, 32:4, 35:25, 37:8
**anticipated** [1] - 35:12
**anytime** [1] - 7:23
**apologies** [1] - 28:3
**apologize** [3] - 8:4, 18:18, 22:1
**apology** [1] - 29:16
**appearance** [1] - 16:5
**APPEARANCES** [1] - 1:13
**appearances** [1] - 3:7
**appointment** [1] - 25:19
**appreciate** [6] - 6:8, 27:25, 32:10, 33:20, 33:23, 34:2
**appropriate** [2] - 25:19, 30:20
**appropriated** [1] - 4:9
**Arabella** [1] - 2:12
**arguendo** [1] - 4:20
**argument** [2] - 18:15, 25:17
**aspect** [1] - 4:8
**aspects** [1] - 20:4
**assume** [2] - 30:6, 33:2
**assuming** [5] - 4:20, 8:6, 9:22, 28:12, 28:13
**assumption** [1] - 5:4
**attached** [1] - 20:10
**attention** [2] - 7:7, 11:11
**attorney** [12] - 4:21, 5:8, 5:14, 5:19, 16:25, 17:2, 23:6, 26:20, 27:2, 27:3, 30:24, 37:15
**Attorney** [3] - 4:23, 6:25, 15:14
**attorney-client** [6] - 5:8, 5:14, 16:25, 26:20, 27:3, 37:15
**attorneys** [2] - 19:3, 34:6
**August** [20] - 7:20, 10:9, 12:10, 14:18, 17:10, 17:13, 17:23, 18:3, 22:21, 22:22, 22:25, 23:19, 23:20, 23:24, 23:25, 24:5, 24:9, 24:13
**authority** [1] - 8:8
**authorize** [1] - 3:20
**Avenue** [1] - 2:7
**avenues** [1] - 8:13
**avoid** [1] - 8:9
**aware** [5] - 8:6, 9:4, 15:1, 15:2, 17:12

## B

**ball's** [1] - 32:15
**based** [4] - 4:25, 19:21, 20:10, 20:16
**basis** [2] - 5:4, 5:5
**Becker** [3] - 1:16, 2:2, 2:6
**beg** [1] - 32:18
**behalf** [2] - 6:25, 21:11
**behind** [4] - 14:1, 19:2, 22:8, 24:20
**benefit** [1] - 4:5
**beseech** [1] - 26:25
**best** [1] - 20:23
**Beth** [2] - 20:23, 25:16
**Bethany** [2] - 2:10, 16:17
**between** [2] - 6:20, 25:12
**biased** [1] - 17:4
**Bigler** [17] - 1:15, 3:8, 6:25, 8:19, 8:20, 9:1, 15:14, 15:24, 16:22, 17:8, 18:10, 25:3, 28:19, 28:20, 31:2, 31:12, 36:2
**BIGLER** [2] - 17:9, 36:4
**bit** [1] - 29:21
**BLEVINS** [1] - 38:15
**Blevins** [3] - 2:13, 38:3, 38:14
**blue** [2] - 15:20, 33:21
**brief** [2] - 3:17, 29:20
**Brief** [3] - 5:23, 22:19, 24:22
**briefing** [1] - 36:19
**briefly** [1] - 26:5
**bring** [2] - 4:24, 11:11
**Brollier** [17] - 2:2, 3:13, 8:23, 21:10, 27:10, 28:13, 28:15, 28:24, 29:1, 29:17, 31:15, 32:4, 32:9, 35:16, 36:8, 37:7
**BROLLIER** [16] - 3:15, 21:10, 21:13, 27:13, 27:21, 28:16, 28:19, 29:19, 30:13, 30:15, 30:18, 32:6, 32:12, 32:18, 36:10, 36:21
**brought** [3] - 7:7, 7:17, 16:14
**Building** [1] - 2:13
**business** [3] - 20:3,

25:9, 25:14
**Byzantine** [2] - 23:10, 23:11

# C

**C3-25-273** [1] - 3:5
**calendar** [1] - 35:24
**cannot** [1] - 22:14
**care** [2] - 18:10, 36:20
**careful** [1] - 14:6
**carefully** [1] - 14:12
**CARYL** [1] - 38:15
**Caryl** [2] - 2:13, 38:3
**caryl_blevins@ohsd.uscourts.gov** [1] - 2:16
**CASE** [1] - 1:6
**Case** [1] - 3:5
**case** [11] - 4:13, 4:17, 5:2, 5:17, 7:23, 12:25, 13:1, 13:2, 14:22, 17:2, 37:7
**caused** [1] - 9:11
**CC'ed** [1] - 16:17
**certain** [2] - 22:18, 35:17
**certainly** [8] - 4:7, 4:12, 4:15, 5:9, 16:24, 22:1, 26:7
**CERTIFICATE** [1] - 38:1
**certify** [1] - 38:5
**cfarella@ebglaw.com** [1] - 2:8
**chance** [2] - 10:19, 34:13
**charges** [1] - 4:25
**chase** [1] - 33:21
**chat** [1] - 21:15
**checking** [1] - 35:9
**choose** [1] - 4:24
**Chris** [1] - 29:2
**Christopher** [2] - 2:6, 3:13
**Cincinnati** [1] - 1:22
**circumstances** [2] - 8:2, 17:6
**city** [2] - 22:15
**civil** [4] - 4:13, 4:17, 5:2, 5:17
**claim** [1] - 4:5
**claimed** [1] - 26:22
**claims** [2] - 4:7, 4:8
**clarified** [2] - 6:19, 16:13
**clarify** [1] - 36:14
**clarity** [2] - 29:22, 30:19
**clear** [1] - 14:2

**cleared** [1] - 7:16
**clearer** [1] - 13:17
**clearly** [2] - 15:14, 15:16
**Clerk** [4] - 2:10, 2:11, 2:11, 10:18
**CLERK** [6] - 20:25, 21:3, 21:19, 25:18, 25:22, 25:24
**clerks** [1] - 22:3
**client** [9] - 5:8, 5:14, 10:16, 16:25, 17:1, 26:20, 27:3, 37:10, 37:15
**client's** [2] - 12:16, 16:24
**clients** [3] - 21:5, 31:18, 32:10
**close** [3] - 20:2, 25:9, 25:14
**CM/ECF** [3] - 18:4, 23:1, 35:8
**CM/ECF's** [1] - 23:10
**co** [2] - 8:24, 35:4
**co-counsel** [2] - 8:24, 35:4
**Code** [1] - 38:6
**colleague** [1] - 17:14
**colleagues** [1] - 9:11
**Collier** [16] - 3:5, 3:9, 4:5, 4:8, 4:14, 4:20, 4:22, 5:6, 5:7, 5:10, 5:13, 5:15, 10:16, 12:19, 27:6, 32:2
**COLLIER** [4] - 1:7, 28:8, 31:20, 31:24
**Collier's** [2] - 5:19, 10:24
**Columbus** [2] - 1:17, 2:4
**combined** [1] - 3:18
**comfortable** [1] - 27:10
**coming** [2] - 29:20, 36:14
**comments** [1] - 28:4
**communicate** [3] - 30:21, 31:1, 31:11
**communication** [3] - 14:2, 15:19, 16:2
**communications** [4] - 3:21, 14:5, 15:5, 30:23
**Company** [1] - 8:7
**company** [1] - 17:1
**complaint** [16] - 8:21, 9:22, 11:8, 20:8, 20:9, 20:10, 20:17, 23:15, 23:16, 26:23, 26:24, 30:1, 32:21,

33:2, 33:5, 36:16
**complaints** [1] - 30:7
**complete** [1] - 33:14
**complied** [1] - 18:25
**comply** [1] - 30:16
**comprehensive** [1] - 33:14
**computer** [1] - 2:18
**concede** [2] - 12:11
**conceive** [1] - 22:14
**concern** [5] - 4:3, 4:13, 5:24, 18:16, 33:7
**concerned** [1] - 27:11
**concerns** [4] - 3:23, 7:13, 18:13, 19:16
**concession** [1] - 19:15
**conclude** [1] - 9:12
**concluded** [1] - 37:19
**conclusion** [2] - 17:13, 24:17
**conference** [4] - 14:24, 22:12, 22:13, 23:14
**Conference** [1] - 38:11
**confine** [1] - 30:22
**confirm** [1] - 36:10
**conflict** [2] - 33:19, 36:18
**conflicts** [2] - 7:25, 34:5
**conformance** [1] - 38:10
**confused** [3] - 8:19, 9:6, 16:16
**confusing** [1] - 8:16
**confusion** [2] - 7:17, 9:4
**consent** [2] - 31:10, 31:13
**consider** [2] - 9:15, 19:8
**consideration** [3] - 5:20, 13:4, 18:21
**considering** [1] - 12:25
**consult** [2] - 17:1, 27:1
**contact** [2] - 15:8, 22:6
**contain** [1] - 25:7
**continue** [3] - 8:4, 9:6, 19:19
**contra** [1] - 22:1
**contrary** [1] - 17:24
**control** [1] - 8:9
**convenient** [1] - 27:16
**copy** [2] - 22:13, 34:22

**correct** [7] - 20:4, 21:24, 22:1, 23:17, 28:15, 29:1, 38:7
**counsel** [31] - 3:11, 3:12, 3:14, 3:23, 5:7, 6:3, 7:13, 8:24, 13:2, 13:16, 13:22, 14:5, 15:5, 15:17, 19:13, 19:14, 20:21, 21:4, 21:6, 21:7, 22:13, 22:25, 23:2, 23:13, 30:21, 31:1, 31:10, 34:13, 35:4
**counterclaim** [6] - 8:21, 23:15, 32:21, 33:1, 33:5, 36:15
**counterintuitive** [1] - 23:5
**country** [1] - 14:20
**couple** [2] - 27:14, 32:21
**course** [3] - 14:23, 30:9, 30:12
**Court** [43] - 2:13, 5:20, 6:10, 6:18, 8:5, 8:6, 8:7, 8:19, 11:3, 11:18, 12:21, 13:17, 15:15, 15:22, 16:8, 17:11, 18:6, 18:25, 19:6, 19:11, 20:17, 21:13, 22:6, 23:7, 24:11, 24:19, 25:13, 25:14, 26:6, 27:24, 28:1, 28:5, 30:4, 30:15, 32:15, 32:16, 33:8, 33:12, 33:22, 34:23, 35:17, 38:3, 38:4
**court** [4] - 10:7, 14:20, 21:22, 32:15
**COURT** [75] - 1:1, 3:4, 3:16, 5:24, 8:4, 8:14, 8:18, 10:9, 10:21, 11:19, 12:3, 13:6, 13:9, 13:12, 14:4, 14:10, 14:17, 14:19, 15:2, 15:4, 15:23, 16:1, 16:10, 16:21, 18:10, 18:17, 18:19, 20:1, 20:6, 20:19, 21:1, 21:4, 21:12, 21:17, 21:23, 22:20, 24:23, 25:21, 25:23, 26:1, 26:4, 26:7, 26:12, 26:14, 26:18, 27:19, 27:22, 28:12, 28:18, 28:24, 29:5, 29:15, 30:11, 30:14, 30:17, 31:15, 31:22, 32:2, 32:8, 32:17,

33:23, 34:11, 34:15, 35:1, 35:16, 35:22, 36:2, 36:5, 36:8, 36:20, 36:22, 36:25, 37:12, 37:18, 38:15
**Court's** [6] - 10:18, 14:24, 18:11, 19:5, 29:22, 32:23
**Courthouse** [1] - 2:14
**COURTROOM** [6] - 20:25, 21:3, 21:9, 25:18, 25:22, 25:24
**Courtroom** [1] - 2:10
**Courts** [1] - 24:14
**criminal** [4] - 4:17, 4:22, 5:3, 13:3
**critical** [1] - 4:9
**cross** [1] - 17:14
**cross-motions** [1] - 17:14
**CRR** [2] - 2:13, 38:15
**current** [1] - 29:3
**cut** [1] - 33:21

# D

**d/b/a** [1] - 1:4
**Daniel** [1] - 2:11
**date** [8] - 11:14, 14:24, 18:2, 22:20, 22:21, 23:12, 25:16, 26:8
**DATE** [1] - 1:12
**dates** [5] - 10:11, 26:2, 27:10, 27:14, 37:5
**days** [9] - 7:2, 10:14, 23:13, 30:2, 32:24, 33:1, 35:23, 35:24
**Dayton** [1] - 2:15
**deadline** [5] - 6:15, 7:11, 11:4, 24:16, 30:16
**deadlines** [1] - 24:14
**deal** [1] - 4:4
**dealing** [1] - 13:1
**dealt** [1] - 12:20
**decision** [6] - 3:17, 9:2, 9:21, 19:25, 20:2, 25:4
**declarations** [3] - 33:12, 33:19, 36:17
**defendant** [1] - 14:21
**Defendant** [6] - 3:9, 4:2, 6:5, 32:20, 36:14
**Defendants** [24] - 1:8, 1:20, 2:1, 3:13, 10:5, 13:4, 13:7, 13:13, 21:11, 24:15, 28:10, 28:17, 28:22, 29:3, 29:25, 30:6, 30:23,

30:25, 31:4, 31:5,
31:11, 33:4, 33:16,
36:13
**Defendants'** [4] - 3:18,
6:1, 6:7, 21:6
**defense** [4] - 5:17,
22:25, 23:2, 23:6
**define** [1] - 30:12
**deny** [3] - 3:19, 5:16,
19:21
**denying** [1] - 16:18
**depose** [3] - 13:13,
17:18, 18:9
**deposed** [3] - 12:14,
24:12, 25:8
**deposing** [1] - 16:12
**deposition** [9] - 4:14,
5:1, 5:10, 6:22,
11:24, 17:25, 18:2,
24:10, 24:11
**depositions** [3] - 7:3,
12:3, 17:20
**Deputy** [1] - 2:10
**DEPUTY** [6] - 20:25,
21:3, 21:9, 25:18,
25:22, 25:24
**designation** [1] -
10:15
**desire** [1] - 4:23
**details** [1] - 29:18
**determine** [2] - 8:16,
9:10
**different** [2] - 19:4,
30:16
**dinner** [1] - 37:1
**direct** [1] - 6:4
**direction** [1] - 27:18
**disbelieve** [1] - 12:12
**disclosure** [1] - 34:3
**discovery** [29] - 3:19,
4:1, 4:2, 6:1, 6:5,
6:7, 6:11, 7:2, 7:16,
7:23, 7:24, 8:8, 8:12,
9:8, 9:13, 9:21, 9:24,
10:15, 12:8, 13:23,
17:23, 19:21, 21:24,
24:25, 25:5, 25:6,
25:11, 25:13, 25:17
**discretion** [1] - 9:7
**discussed** [1] - 9:12
**discussion** [2] - 7:15,
12:15
**dismiss** [4] - 7:22,
9:19, 10:1, 30:7
**dispose** [1] - 8:11
**dispositive** [2] - 7:20,
7:25
**disqualification** [1] -
5:21
**disqualify** [3] - 5:18,

17:14, 27:6
**disregarded** [1] -
19:15
**disrespect** [2] - 19:6,
28:1
**disrespectful** [1] -
24:19
**District** [2] - 38:4, 38:5
**DISTRICT** [2] - 1:1, 1:1
**DIVISION** [1] - 1:2
**doc** [2] - 17:16, 18:5
**docket** [3] - 8:9,
23:22, 35:18
**dockets** [1] - 15:12
**document** [2] - 17:16,
32:20
**documentation** [1] -
19:23
**documents** [5] - 4:9,
4:11, 6:23, 24:3,
24:7
**done** [6] - 11:15, 12:1,
16:6, 16:7, 26:21,
31:23
**due** [7] - 5:25, 11:15,
14:13, 30:1, 30:9,
30:12, 32:23
**during** [4] - 4:14, 5:10,
22:3, 22:9

### E

**easier** [1] - 21:1
**EBG** [8] - 2:1, 21:11,
28:17, 29:24, 30:6,
30:24, 31:10, 34:3
**ECF** [1] - 15:12
**effect** [2] - 9:21, 34:12
**efficiency** [1] - 8:11
**either** [5] - 4:1, 4:22,
12:24, 29:3, 33:17
**elements** [1] - 36:18
**email** [7] - 16:17,
17:11, 17:25, 18:8,
22:12, 31:6, 35:8
**emails** [1] - 14:14
**emergency** [6] - 3:18,
8:2, 20:3, 33:9,
34:19, 35:11
**EMERGENCY** [1] -
1:10
**Empire** [1] - 23:11
**employees** [3] - 28:7,
29:4, 34:8
**employment** [1] - 4:10
**end** [2] - 12:14, 18:21
**entire** [2] - 8:25, 18:23
**entirely** [1] - 7:24
**entirety** [1] - 3:22,
30:8

**entitled** [2] - 10:1,
38:9
**entry** [2] - 24:5, 36:13
**Epstein** [3] - 1:16, 2:2,
2:6
**equal** [1] - 15:4
**Esq** [5] - 1:15, 1:15,
1:21, 2:2, 2:6
**evening** [1] - 37:1
**evidence** [2] - 5:6,
20:10
**ex** [3] - 3:21, 14:5,
15:7, 16:1, 22:6
**exact** [1] - 34:23
**exactly** [3] - 14:11,
15:17, 16:19
**except** [2] - 19:12,
29:7
**exceptions** [3] - 5:14,
26:19, 27:2
**exchange** [4] - 6:20,
6:25, 13:19, 17:23
**exchanged** [1] - 25:12
**expanded** [4] - 7:2,
7:10, 11:13, 13:16
**expectation** [1] - 31:9
**expectations** [1] -
29:22
**expressed** [1] - 22:7
**expressly** [1] - 18:1
**extend** [1] - 28:3
**extended** [2] - 20:15,
28:4
**extension** [1] - 20:16
**extensions** [1] - 20:14
**extent** [3] - 26:8,
27:11, 31:10
**Extern** [1] - 2:12

### F

**fact** [5] - 5:5, 9:10,
12:25, 16:5
**facts** [2] - 9:22, 26:22
**fairness** [2] - 19:7,
23:22
**FARELLA** [1] - 36:23
**Farella** [8] - 2:6, 3:14,
8:24, 28:14, 28:16,
29:21, 36:8, 36:22
**fashion** [2] - 24:1,
28:2
**fault** [1] - 24:16
**FEDERAL** [1] - 38:15
**Federal** [2] - 2:13,
38:3
**Fifth** [10] - 4:6, 4:19,
10:24, 12:16, 12:20,
16:24, 18:11, 26:19,
27:2, 37:15

**file** [15] - 9:18, 16:8,
20:2, 22:10, 23:14,
25:6, 30:9, 32:16,
33:12, 33:14, 33:16,
33:18, 34:12, 35:22,
36:15
**filed** [29] - 3:17, 6:6,
7:6, 7:9, 7:15, 7:20,
8:21, 9:13, 10:2,
10:14, 13:22, 15:13,
15:22, 18:6, 20:8,
20:12, 22:25, 23:19,
23:20, 23:21, 24:24,
25:12, 25:13, 33:2,
35:8, 35:17, 35:20
**filing** [5] - 11:13, 23:8,
23:24, 23:25, 35:13
**filings** [3] - 11:6, 11:7,
15:13
**final** [4] - 32:6, 32:13,
32:19, 36:11
**fine** [7] - 24:14, 26:10,
27:14, 29:8, 30:3,
30:4, 30:17
**fired** [1] - 15:7
**firm** [12] - 3:12, 9:1,
28:20, 30:8, 31:18,
31:19, 32:9, 33:11,
33:18, 34:7, 34:8,
36:17
**first** [8] - 6:11, 10:10,
21:23, 23:9, 23:12,
27:19, 27:23, 29:23
**follow** [1] - 19:19
**followed** [1] - 18:24
**follows** [1] - 3:7
**FOR** [1] - 1:1
**forced** [1] - 37:12
**foregoing** [1] - 38:7
**foremost** [2] - 6:11,
27:23
**forget** [1] - 23:3
**forgive** [2] - 8:23,
28:12
**form** [1] - 28:2
**format** [1] - 38:9
**former** [1] - 29:4
**forth** [4] - 3:17, 12:8,
24:8, 26:23
**forward** [1] - 11:8
**four** [2] - 28:17, 30:24
**frankly** [1] - 23:10
**free** [1] - 30:25
**Friday** [5] - 25:1,
25:16, 25:24, 27:11,
27:12
**front** [1] - 12:5
**future** [1] - 9:5

### G

**genuine** [1] - 9:10
**gleaned** [1] - 4:18
**grateful** [1] - 21:18
**great** [1] - 4:4
**Green** [3] - 1:16, 2:2,
2:6
**guess** [1] - 7:1
**guys** [1] - 14:3

### H

**half** [1] - 22:11
**happy** [6] - 17:10,
27:15, 27:20, 29:11,
30:16, 33:14
**hardly** [1] - 24:16
**HEALTH** [1] - 1:4
**HEALTHCARE** [1] -
1:3
**hear** [6] - 10:23,
20:20, 27:9, 27:17,
27:19
**heard** [2] - 5:5, 34:24
**Hearing** [1] - 37:19
**hearing** [8] - 10:4,
10:5, 11:11, 14:22,
16:8, 17:13, 17:14,
30:3
**HEARING** [1] - 1:10
**heart** [1] - 37:16
**held** [1] - 38:8
**hence** [1] - 11:25
**hereby** [1] - 38:5
**herself** [1] - 5:1
**Hickman** [1] - 8:7
**high** [1] - 22:11
**hire** [1] - 9:2
**hitting** [1] - 19:3
**hold** [1] - 26:15
**Honor** [51] - 3:15,
6:12, 7:8, 7:19, 8:3,
8:13, 10:25, 13:8,
13:15, 13:17, 14:8,
15:3, 15:9, 16:4,
17:9, 17:12, 17:20,
18:8, 18:13, 18:20,
19:8, 19:17, 20:5,
20:12, 21:10, 26:3,
26:5, 27:13, 27:21,
27:23, 28:16, 29:20,
30:10, 31:21, 32:7,
32:12, 34:4, 34:10,
34:14, 34:17, 35:6,
35:14, 35:19, 36:1,
36:4, 36:7, 36:10,
36:21, 36:24, 37:9,
37:17
**Honor's** [1] - 11:11

**HONORABLE** [1] - 1:11
**hope** [2] - 20:20, 37:14
**hours** [1] - 22:16
**housekeeping** [2] - 27:15, 29:17
**hum** [2] - 8:17, 10:8

## I

**idea** [3] - 16:6, 23:3
**imagination** [1] - 22:5
**imagine** [1] - 5:9
**impermissible** [1] - 22:5
**implicated** [1] - 13:10
**implications** [2] - 13:3, 34:6
**important** [3] - 13:19, 20:13, 27:11
**improper** [1] - 3:19
**IN** [1] - 1:1
**inability** [1] - 5:25
**inadvertent** [1] - 17:21
**inch** [1] - 22:11
**inches** [1] - 33:22
**included** [3] - 7:3, 14:15, 32:21
**incriminate** [1] - 12:17
**incriminated** [1] - 5:1
**incrimination** [1] - 4:6
**indicate** [1] - 31:8
**indicated** [2] - 8:15, 33:9
**indicates** [1] - 8:7
**individual** [1] - 34:6
**individually** [2] - 28:8, 28:9
**individuals** [3] - 18:9, 28:23, 29:12
**inference** [2] - 4:18, 22:7
**inferring** [1] - 16:3
**informal** [1] - 21:20
**information** [1] - 15:20
**inherent** [3] - 8:8, 9:7, 34:5
**initial** [2] - 6:17, 20:16
**injunction** [5] - 6:2, 10:4, 14:23, 25:1, 30:3
**instance** [1] - 36:17
**insulting** [1] - 24:19
**intended** [2] - 18:9, 24:12
**interest** [2] - 4:19, 37:4
**interested** [2] - 29:17,

37:10
**interests** [1] - 5:17
**interjected** [1] - 32:2
**interrogatories** [4] - 6:23, 24:2, 24:6, 25:7
**interrupt** [1] - 28:13
**inundate** [1] - 33:22
**invade** [1] - 16:25
**investigate** [1] - 3:21
**investigation** [1] - 3:21
**involved** [1] - 17:2
**issue** [8] - 9:10, 12:15, 12:22, 15:10, 17:15, 33:7, 34:3, 34:7
**issued** [4] - 11:2, 11:3, 11:8, 33:10
**issues** [5] - 7:18, 12:21, 14:1, 19:4, 19:11
**item** [1] - 23:24
**items** [1] - 17:17
**itself** [1] - 8:9

## J

**James** [3] - 1:15, 2:11, 3:8
**jbigler@ebglaw.com** [1] - 1:19
**jbrollier@ebglaw.com** [1] - 2:5
**Jill** [3] - 1:15, 3:8, 29:2
**John** [1] - 21:10
**joined** [1] - 3:11
**Jonathan** [2] - 2:2, 3:13
**jpetrie@ebglaw.com** [1] - 1:18
**judgment** [4] - 7:21, 9:9, 9:13, 9:16
**Judicial** [1] - 38:10
**judicial** [1] - 8:11

## K

**keep** [1] - 29:19
**keeping** [1] - 20:14
**Kettering** [13] - 3:5, 4:10, 7:1, 28:7, 28:22, 29:2, 29:4, 30:23, 31:25, 32:3, 33:3, 33:13, 34:8
**KETTERING** [2] - 1:3, 1:4
**Kettering's** [1] - 31:1
**knowledge** [1] - 16:20

## L

**lack** [1] - 19:22
**Landis** [1] - 8:6
**last** [5] - 15:8, 18:17, 31:17, 32:17, 32:19
**lastly** [1] - 10:6
**late** [3] - 7:12, 19:2, 37:1
**latest** [1] - 10:7
**Law** [2] - 2:11, 2:11
**law** [15] - 3:12, 7:23, 9:1, 19:19, 22:3, 28:20, 30:8, 31:18, 31:19, 32:9, 33:11, 33:13, 33:18, 34:7, 36:17
**lawyer** [1] - 5:16
**lawyers** [3] - 8:25, 9:2, 30:8
**layered** [1] - 34:5
**leading** [1] - 17:10
**leave** [4] - 20:9, 32:20, 33:6, 33:15
**less** [1] - 26:25
**likewise** [1] - 25:9
**limiting** [1] - 12:3
**lines** [1] - 17:22
**list** [4] - 6:13, 18:8, 23:2, 24:11
**listed** [6] - 12:14, 18:4, 21:24, 23:6, 23:12
**listen** [1] - 14:10
**listing** [1] - 6:7
**litigation** [1] - 22:9
**live** [1] - 26:1
**local** [3] - 14:19, 14:20, 32:23
**Loera** [1] - 2:12
**logistical** [1] - 27:15
**looked** [1] - 19:10
**looking** [1] - 19:9

## M

**main** [1] - 7:19
**major** [1] - 4:3
**manner** [2] - 5:1, 5:15
**manually** [1] - 35:9
**MARY** [1] - 1:7
**Mary** [4] - 1:21, 3:6, 3:9
**material** [1] - 9:10
**matter** [10] - 9:12, 12:23, 18:22, 19:8, 31:13, 33:6, 33:20, 34:4, 37:5, 38:9
**matters** [2] - 7:16, 8:12
**McGinnis** [3] - 28:19,

31:2, 31:12
**mean** [2] - 19:6, 28:13
**meant** [2] - 19:15, 28:1
**mechanical** [1] - 2:17
**mediate** [1] - 37:4
**mediation** [2] - 37:11, 37:13
**memorandum** [1] - 33:15
**memory** [1] - 28:23
**mention** [1] - 26:15
**messages** [1] - 14:14
**met** [1] - 22:3
**Miami** [1] - 25:20
**midnight** [3] - 6:14, 10:7, 11:16
**might** [9] - 5:11, 5:14, 8:11, 12:17, 14:1, 31:17, 32:7, 33:16
**mildly** [1] - 17:6
**minute** [1] - 14:4
**minutes** [1] - 21:19
**mirrored** [1] - 15:16
**Miss** [3] - 6:25, 15:14, 15:24
**modification** [1] - 7:11
**modified** [7] - 11:18, 15:11, 15:13, 15:15, 15:16, 16:18, 24:7
**modify** [2] - 16:8, 19:21
**modifying** [1] - 7:6
**moment** [4] - 5:22, 14:10, 22:18, 24:21
**Monday** [2] - 1:12, 3:1
**mooted** [3] - 10:2, 33:8, 33:17
**morning** [1] - 16:16
**most** [1] - 20:23
**motion** [42] - 3:19, 5:18, 5:20, 7:6, 7:15, 7:21, 9:9, 9:13, 9:15, 9:18, 9:19, 10:1, 10:2, 10:3, 13:16, 15:10, 15:15, 15:16, 16:4, 16:5, 16:18, 20:3, 20:8, 20:20, 22:11, 22:23, 22:24, 24:24, 27:5, 33:9, 33:15, 33:25, 34:2, 34:12, 34:19, 34:25, 35:2, 35:11, 35:22, 36:13
**MOTIONS** [1] - 1:10
**motions** [4] - 7:20, 7:25, 8:10, 17:14
**move** [1] - 29:16
**moving** [1] - 30:7
**MR** [25] - 3:15, 18:13,

21:10, 21:13, 26:3, 27:13, 27:21, 28:16, 28:19, 29:1, 29:11, 29:19, 30:13, 30:15, 30:18, 32:6, 32:12, 32:18, 34:17, 35:19, 36:1, 36:10, 36:21, 36:23, 37:9
**MS** [45] - 6:10, 8:5, 8:17, 10:8, 10:20, 10:25, 11:22, 12:19, 13:8, 13:10, 13:15, 14:8, 14:13, 14:18, 15:1, 15:3, 15:9, 15:24, 16:3, 16:11, 17:9, 18:18, 18:20, 20:5, 20:7, 26:5, 26:10, 26:13, 26:17, 27:23, 28:8, 28:9, 29:7, 29:14, 31:20, 31:21, 31:23, 31:24, 32:1, 34:1, 34:14, 35:6, 36:4, 36:7, 37:17
**mtfoster@ trinitylawllc.com** [1] - 1:23
**multiple** [3] - 16:12, 19:3, 20:7
**multiplicity** [1] - 12:1
**must** [1] - 7:24
**mute** [2] - 20:24, 21:14

## N

**name** [2] - 14:17
**named** [1] - 13:3
**nature** [1] - 20:15
**necessarily** [1] - 19:15
**need** [5] - 12:18, 17:6, 25:6, 28:10, 30:22
**needed** [4] - 6:20, 13:18, 31:11, 31:14
**needn't** [1] - 10:21
**needs** [9] - 6:1, 6:5, 6:7, 8:5, 10:15, 12:9, 21:19, 24:25, 29:9
**NETWORK** [1] - 1:4
**never** [4] - 11:6, 23:16, 35:13, 37:12
**nevertheless** [1] - 8:10
**new** [4] - 3:11, 3:14, 20:10, 37:7
**New** [2] - 2:7
**newly** [1] - 9:2
**next** [1] - 16:16
**NO** [1] - 1:6
**none** [2] - 16:14,

19:11
**nonreceipt** [1] - 6:1
**normally** [1] - 19:14
**North** [1] - 8:6
**nothing** [2] - 36:7, 36:23
**notice** [14] - 6:21, 7:10, 7:11, 10:17, 12:6, 12:13, 13:14, 15:11, 16:11, 17:25, 18:4, 19:2, 19:23, 35:7
**notices** [8] - 6:21, 6:24, 7:12, 7:13, 10:25, 11:5, 24:9, 24:11
**noticing** [1] - 11:1
**notification** [1] - 6:14
**notifications** [1] - 7:9
**notified** [1] - 18:5
**notify** [1] - 32:8
**nuances** [1] - 8:18
**number** [5] - 17:16, 18:6, 23:22, 25:9, 28:22
**numbered** [1] - 25:8

**O**

**objection** [4] - 33:24, 34:1, 34:19, 35:3
**objections** [4] - 4:2, 6:4, 6:6, 25:11
**observations** [1] - 18:11
**occur** [1] - 17:7
**occurred** [1] - 4:11
**October** [2] - 30:1, 30:13
**OF** [3] - 1:1, 1:9, 38:1
**office** [5] - 10:18, 14:24, 15:6, 22:11, 22:13
**OFFICIAL** [1] - 38:15
**Official** [1] - 38:3
**OHIO** [1] - 1:1
**Ohio** [5] - 1:17, 1:22, 2:4, 2:15, 38:5
**omission** [1] - 17:21
**ON** [1] - 1:10
**one** [25] - 5:22, 6:21, 7:4, 7:19, 11:7, 11:20, 11:22, 11:25, 12:4, 14:17, 17:17, 20:17, 21:19, 21:25, 22:9, 22:10, 22:11, 24:3, 24:7, 26:15, 31:17, 32:6, 33:8, 34:17
**one-and-a-half-inch-**

**high** [1] - 22:11
**open** [1] - 21:22
**opinion** [1] - 17:3
**opponents** [1] - 21:15
**opportunity** [2] - 9:25, 19:20
**opposing** [8] - 13:2, 13:16, 13:22, 14:5, 19:13, 20:21, 22:13, 24:10
**opposition** [3] - 22:23, 22:24, 33:15
**oral** [2] - 25:17, 35:2
**ORAL** [1] - 1:10
**order** [34] - 3:19, 3:20, 3:24, 3:25, 6:18, 6:22, 6:24, 7:5, 7:7, 10:7, 10:10, 10:13, 11:3, 11:8, 11:18, 11:19, 12:4, 17:16, 17:22, 18:5, 18:7, 22:22, 22:24, 24:8, 24:15, 24:23, 27:1, 33:10, 34:18, 34:21, 35:5, 35:7, 35:13, 35:23
**ordered** [1] - 23:14
**orders** [2] - 11:2, 13:20
**original** [4] - 6:22, 7:5, 17:15, 33:1
**originally** [1] - 6:17
**otherwise** [1] - 25:4
**ought** [1] - 9:20
**ourselves** [1] - 12:2
**outlined** [1] - 6:19
**overriding** [1] - 5:24
**overrule** [1] - 33:17
**overruled** [5] - 3:22, 20:3, 34:20, 35:14, 36:19
**overruling** [1] - 33:9
**own** [4] - 11:6, 15:12

**P**

**p.m** [3] - 3:2, 25:19, 37:19
**page** [2] - 31:2, 38:9
**Page** [2] - 28:19, 31:12
**papers** [1] - 30:21
**paperwork** [1] - 33:22
**pardon** [1] - 32:18
**part** [2] - 3:24, 8:1
**parte** [3] - 3:21, 14:5, 15:7, 16:1, 22:6
**participated** [1] - 17:12
**particular** [2] - 12:21,

19:24
**parties** [14] - 5:12, 6:20, 7:15, 9:3, 11:23, 16:12, 17:17, 17:23, 18:5, 18:22, 20:13, 25:12, 34:4, 34:9
**partners** [2] - 33:3, 33:13
**Party** [1] - 2:1
**party** [28] - 3:13, 8:21, 11:1, 13:6, 13:13, 14:21, 20:16, 21:11, 22:9, 23:15, 24:10, 28:10, 28:17, 28:22, 29:3, 29:10, 29:20, 29:24, 29:25, 30:6, 30:7, 30:25, 31:5, 31:10, 32:21, 33:1, 33:5, 36:16
**pass** [1] - 5:3
**passed** [2] - 7:11, 11:4
**pause** [3] - 5:23, 22:19, 24:22
**PC** [2] - 1:16, 2:2
**pending** [2] - 7:25, 8:10
**people** [3] - 8:24, 12:1, 12:14
**per** [4] - 6:22, 6:23, 7:4, 11:25
**perhaps** [6] - 6:3, 8:18, 9:8, 12:4, 12:11
**permit** [1] - 33:16
**permitted** [1] - 4:15
**person** [1] - 12:4
**person's** [1] - 15:7
**PETRIE** [8] - 18:13, 26:3, 29:1, 29:11, 34:17, 35:19, 36:1, 37:9
**Petrie** [17] - 1:15, 3:8, 8:19, 9:1, 16:22, 17:8, 17:15, 25:3, 26:1, 28:19, 28:20, 28:25, 31:1, 31:12, 34:16, 35:4, 37:8
**phone** [1] - 22:16
**plaintiff** [1] - 14:21, 14:22
**Plaintiff** [14] - 1:5, 1:14, 3:8, 4:15, 4:23, 4:24, 6:3, 6:6, 8:20, 9:18, 9:23, 9:25, 10:1, 20:11
**Plaintiff's** [8] - 3:12, 4:1, 4:7, 6:3, 8:25, 9:1, 15:5, 21:6
**Plaintiffs** [1] - 13:12

**pleadings** [1] - 37:5
**pleasant** [1] - 37:1
**plus** [1] - 24:4
**point** [10] - 9:5, 9:24, 10:22, 16:23, 21:4, 31:4, 32:13, 36:11, 36:19, 37:10
**position** [2] - 5:16, 18:14
**possible** [1] - 9:20
**posted** [1] - 23:21
**practicable** [1] - 10:4
**practical** [1] - 33:16
**pragmatic** [1] - 21:17
**preferably** [1] - 22:12
**preference** [1] - 34:20
**prejudice** [1] - 8:9
**preliminary** [5] - 6:2, 10:3, 14:23, 25:1, 30:3
**premature** [1] - 9:14
**prepare** [1] - 10:5
**prepared** [1] - 6:4
**Present** [1] - 2:9
**PRESIDING** [1] - 1:11
**pressure** [1] - 30:12
**previously** [1] - 16:19
**private** [1] - 13:19
**privilege** [6] - 5:8, 5:14, 16:25, 26:20, 27:3, 37:15
**pro** [1] - 3:10
**problem** [1] - 33:4
**proceed** [2] - 19:18, 20:23
**proceeded** [1] - 18:8
**proceeding** [1] - 3:10
**PROCEEDINGS** [1] - 1:9
**Proceedings** [3] - 2:17, 3:3, 21:22
**proceedings** [2] - 31:7, 38:8
**process** [1] - 18:23
**produced** [1] - 2:18
**production** [4] - 6:23, 24:2, 24:7, 25:8
**promise** [1] - 21:15
**proposed** [1] - 26:24
**prosecution** [2] - 4:22, 5:3
**protect** [1] - 17:5
**protected** [1] - 5:8
**protection** [1] - 27:8
**protective** [7] - 3:20, 34:18, 34:21, 35:4, 35:7, 35:13, 35:22
**proven** [1] - 4:12
**provide** [3] - 17:17,

19:22, 36:17
**provided** [1] - 34:24
**purely** [1] - 4:20
**purposes** [4] - 6:1, 19:2, 28:10, 29:10
**pursuant** [3] - 7:23, 18:7, 38:6
**put** [7] - 17:6, 19:2, 20:24, 22:8, 23:7, 24:20, 24:23, 25:19
**putting** [1] - 30:12

**Q**

**qualms** [1] - 31:16
**questions** [7] - 5:1, 5:9, 5:11, 5:12, 12:17, 17:15, 32:5
**quote** [1] - 24:9

**R**

**racketeering** [1] - 13:2
**raised** [5] - 17:15, 19:10, 19:11, 34:19, 36:11
**raising** [1] - 33:20
**rather** [1] - 22:10
**read** [1] - 24:9
**Reading** [1] - 1:21
**Realtime** [1] - 38:3
**REALTIME** [1] - 38:15
**reason** [2] - 12:13, 31:3
**reasons** [2] - 3:16, 7:19
**receive** [1] - 3:25, 11:9, 19:23, 20:11, 23:22, 24:1, 24:6
**received** [14] - 4:1, 6:2, 6:4, 6:7, 6:14, 6:24, 7:10, 15:11, 15:15, 18:4, 23:16, 35:7
**receiving** [4] - 7:8, 7:12, 11:5, 11:6
**recess** [4] - 20:23, 21:19, 22:4, 37:18
**Recess** [1] - 21:21
**reciprocate** [1] - 21:16
**recommendation** [1] - 26:25
**reconsider** [1] - 27:5
**record** [2] - 16:13, 17:25
**recorded** [1] - 2:17
**recover** [1] - 9:23
**rectified** [1] - 11:13
**redundant** [1] - 10:22
**reference** [1] - 17:19

**referring** [1] - 20:2
**regard** [5] - 7:12,
12:19, 21:8, 34:3,
34:7
**regardless** [1] - 19:25
**regards** [5] - 6:11,
6:13, 7:2, 19:16,
29:7
**registered** [1] - 11:7
**regulations** [1] - 38:10
**regulatory** [1] - 3:20
**reinstituting** [1] - 21:1
**relate** [1] - 30:23
**related** [1] - 17:15
**relief** [1] - 8:2
**remain** [1] - 30:25
**remarks** [3] - 9:5,
24:19, 30:19
**remedies** [4] - 32:22,
33:7, 36:12, 36:16
**remedy** [1] - 33:8
**renewed** [2] - 5:18,
5:20
**reported** [1] - 38:8
**Reporter** [2] - 2:13,
38:4
**REPORTER** [2] - 38:1,
38:15
**reporting** [1] - 3:20
**represent** [4] - 8:20,
8:24, 9:2, 28:17
**representation** [2] -
33:12, 33:13
**represented** [1] - 7:15
**representing** [8] - 7:1,
7:14, 27:6, 28:7,
28:21, 29:2, 34:4,
34:9
**represents** [2] - 8:16,
8:20
**request** [10] - 7:2, 8:1,
10:14, 10:15, 11:20,
18:1, 20:15, 23:14,
33:11, 33:18
**requested** [7] - 3:24,
6:13, 15:17, 18:25,
19:5, 20:14, 32:25
**requests** [19] - 4:1,
4:2, 6:23, 9:9, 13:23,
17:24, 19:10, 21:24,
24:2, 24:7, 25:5,
25:7, 25:11, 25:13,
25:17, 29:24, 30:2,
32:14
**require** [3] - 9:18,
24:25, 36:19
**required** [5] - 6:16,
11:14, 15:21, 30:20,
31:9
**requirement** [1] - 12:8

**requires** [1] - 9:21
**reserve** [1] - 18:1
**resolved** [2] - 8:1,
9:20
**respect** [16] - 8:10,
8:12, 9:17, 10:25,
11:5, 12:22, 13:4,
14:14, 15:4, 15:10,
19:7, 19:17, 19:24,
26:6, 28:6, 34:6
**respective** [1] - 21:5
**respond** [9] - 9:25,
10:19, 14:11, 16:22,
28:11, 19:14, 28:21,
34:13, 35:23
**responded** [2] - 7:22,
15:14, 19:12
**responding** [2] -
13:23, 19:3
**response** [6] - 6:9,
22:23, 28:25, 29:25,
32:22, 35:12
**responsibility** [2] -
24:16, 24:18
**rest** [1] - 25:2
**restraining** [1] - 22:24
**restricted** [1] - 25:9
**retroactively** [1] -
11:13
**returned** [2] - 29:23,
32:14
**returns** [1] - 32:16
**RICE** [1] - 1:11
**Rice** [1] - 2:13
**rights** [3] - 10:24,
12:20, 16:24
**Road** [1] - 1:21
**RPR** [2] - 2:13, 38:15
**rule** [3] - 14:19, 14:20,
15:8
**Rule** [3] - 9:18, 17:20
**ruled** [3] - 7:22, 20:19,
35:14
**rules** [5] - 18:24,
23:10, 31:9, 32:23,
34:10
**running** [1] - 7:14
**runs** [1] - 34:9
**Russell** [2] - 2:10,
18:8

**S**

**s/Caryl** [1] - 38:14
**safe** [1] - 30:6
**Sandra** [1] - 3:5
**SANDRA** [1] - 1:7
**scenes** [1] - 14:1
**scheduling** [10] -
3:24, 3:25, 10:10,

10:13, 17:16, 17:22,
18:5, 18:7, 22:22,
23:13
**serves** [1] - 28:23
**service** [6] - 29:8,
29:12, 29:24, 31:18,
32:9, 32:14
**set** [6] - 3:17, 12:8,
24:8, 24:14, 26:23,
27:15
**sets** [1] - 30:15
**seven** [2] - 35:23
**several** [4] - 4:16,
8:15, 21:23, 33:22
**shape** [1] - 28:2
**share** [3] - 3:23,
18:13, 18:15
**showing** [1] - 19:23
**sic** [1] - 16:8
**side** [6] - 7:4, 11:25,
12:24, 21:25, 24:4,
24:25
**signed** [2] - 23:19,
32:13, 32:16
**significant** [1] - 4:8
**simply** [4] - 9:13, 17:5,
22:6, 23:21
**sit** [1] - 33:2
**situation** [2] - 19:24,
22:14
**Smerbeck** [1] - 2:11
**sole** [1] - 31:4
**solution** [2] - 21:17,
33:16
**somewhat** [1] - 8:15
**soon** [1] - 10:4
**sorry** [6] - 6:5, 11:21,
18:18, 26:14, 30:10,
36:25
**sort** [2] - 8:9, 33:20
**sought** [2] - 32:20,
33:7, 36:13
**South** [1] - 25:20
**SOUTHERN** [1] - 1:1
**Southern** [1] - 38:5
**spell** [1] - 5:11
**spoken** [1] - 37:9
**sponte** [1] - 27:5
**stand** [2] - 21:20,
35:15
**standstill** [1] - 10:3
**start** [3] - 6:11, 37:8,
37:13
**statement** [2] - 22:2,
23:11
**states** [1] - 18:1
**States** [4] - 4:23, 38:4,
38:6, 38:11
**STATES** [1] - 1:1
**stay** [5] - 3:19, 7:16,
8:8, 9:7, 9:24
**stayed** [1] - 7:24

16:16, 16:19, 29:9
**serves** [1] - 28:23
**service** [6] - 29:8,
29:12, 29:24, 31:18,
32:9, 32:14
**set** [6] - 3:17, 12:8,
24:8, 24:14, 26:23,
27:15
**sets** [1] - 30:15
**seven** [2] - 35:23
**several** [4] - 4:16,
8:15, 21:23, 33:22
**shape** [1] - 28:2
**share** [3] - 3:23,
18:13, 18:15
**showing** [1] - 19:23
**sic** [1] - 16:8
**side** [6] - 7:4, 11:25,
12:24, 21:25, 24:4,
24:25
**signed** [2] - 23:19,
32:13, 32:16
**significant** [1] - 4:8
**simply** [4] - 9:13, 17:5,
22:6, 23:21
**sit** [1] - 33:2
**situation** [2] - 19:24,
22:14
**Smerbeck** [1] - 2:11
**sole** [1] - 31:4
**solution** [2] - 21:17,
33:16
**somewhat** [1] - 8:15
**soon** [1] - 10:4
**sorry** [6] - 6:5, 11:21,
18:18, 26:14, 30:10,
36:25
**sort** [2] - 8:9, 33:20
**sought** [2] - 32:20,
33:7, 36:13
**South** [1] - 25:20
**SOUTHERN** [1] - 1:1
**Southern** [1] - 38:5
**spell** [1] - 5:11
**spoken** [1] - 37:9
**sponte** [1] - 27:5
**stand** [2] - 21:20,
35:15
**standstill** [1] - 10:3
**start** [3] - 6:11, 37:8,
37:13
**statement** [2] - 22:2,
23:11
**states** [1] - 18:1
**States** [4] - 4:23, 38:4,
38:6, 38:11
**STATES** [1] - 1:1
**stay** [5] - 3:19, 7:16,
8:8, 9:7, 9:24
**stayed** [1] - 7:24

**stenographically** [1] -
38:8
**stenography** [1] - 2:17
**steps** [2] - 10:10,
10:12
**stick** [1] - 19:5
**still** [2] - 11:25, 24:18
**stipulated** [2] - 34:18,
34:20
**Street** [3] - 1:16, 2:3,
2:14
**stretch** [1] - 22:4
**strictly** [1] - 8:12
**strong** [1] - 5:20
**strongly** [4] - 9:17,
16:25, 26:18, 27:7
**sua** [1] - 27:5
**subject** [2] - 4:16,
4:22
**submit** [1] - 24:11
**submitted** [2] - 34:22,
35:4
**submitting** [2] - 17:22,
35:1
**subpoena** [4] - 17:19,
21:25, 24:3, 24:8
**subpoenas** [4] - 7:3,
16:12, 24:9, 24:10
**substantially** [1] -
23:23
**sued** [1] - 8:25
**sufficient** [2] - 23:2,
35:2
**suggest** [1] - 17:1
**Suite** [3] - 1:17, 1:22,
2:3
**summary** [4] - 7:21,
9:9, 9:12, 9:16
**summons** [1] - 29:12
**supplement** [2] -
23:18, 25:5
**supposed** [1] - 7:4
**surprised** [1] - 10:6
**sustaining** [2] - 33:25,
34:2

**T**

**Taylor** [1] - 8:7
**template** [1] - 34:23
**temporary** [1] - 22:24
**tend** [2] - 12:17
**term** [1] - 22:20
**terminated** [1] - 4:11
**terms** [1] - 5:17
**testificandum** [3] -
21:25, 24:3, 24:8
**testified** [1] - 5:15
**testifying** [1] - 12:23
**THE** [76] - 1:1, 1:1,

1:11, 3:4, 3:16, 5:24,
8:4, 8:14, 8:18, 10:9,
10:21, 11:19, 12:3,
13:6, 13:9, 13:12,
14:4, 14:10, 14:17,
14:19, 15:2, 15:4,
15:23, 16:1, 16:10,
16:21, 18:10, 18:17,
18:19, 20:1, 20:6,
20:19, 21:1, 21:4,
21:12, 21:17, 21:23,
22:20, 24:23, 25:21,
25:23, 26:1, 26:4,
26:7, 26:12, 26:14,
26:18, 27:19, 27:22,
28:12, 28:18, 28:24,
29:5, 29:15, 30:11,
30:14, 30:17, 31:15,
31:22, 32:2, 32:8,
32:17, 33:23, 34:11,
34:15, 35:1, 35:16,
35:22, 36:2, 36:5,
36:8, 36:20, 36:22,
36:25, 37:12, 37:18
**themselves** [1] - 13:18
**thereafter** [1] - 18:3
**they've** [1] - 14:2
**third** [23] - 3:13, 8:21,
13:6, 13:13, 20:16,
21:11, 23:15, 28:10,
28:17, 28:22, 29:3,
29:10, 29:24, 29:25,
30:6, 30:7, 30:25,
31:5, 31:10, 32:21,
33:1, 33:5, 36:16
**Third** [2] - 2:1, 2:7
**third-party** [23] - 3:13,
8:21, 13:6, 13:13,
20:16, 21:11, 23:15,
28:10, 28:17, 28:22,
29:3, 29:10, 29:24,
29:25, 30:6, 30:7,
30:25, 31:5, 31:10,
32:21, 33:1, 33:5,
36:16
**Third-Party** [1] - 2:1
**thoughts** [2] - 10:23,
22:7
**threat** [1] - 27:4
**three** [2] - 23:13,
23:24
**Thursday** [2] - 32:19
**timeline** [1] - 17:10
**timelines** [1] - 19:5
**timely** [3] - 24:1,
24:24, 34:12
**timing** [1] - 19:22
**Title** [1] - 38:6
**today** [2] - 19:12,
36:14

**tomorrow** [1] - 24:24
**took** [2] - 4:8, 23:9
**transcript** [3] - 2:17,
38:7, 38:9
**TRANSCRIPT** [1] - 1:9
**transparency** [1] -
19:7
**transparent** [1] -
12:21
**tried** [1] - 18:23
**TRO** [2] - 10:2, 14:22
**true** [2] - 9:22, 38:7
**try** [1] - 29:19
**trying** [4] - 17:5, 19:5,
33:21, 37:4
**Tuesday** [2] - 24:12,
25:14
**turn** [2] - 21:14, 27:20
**turning** [1] - 6:15
**two** [7] - 3:11, 3:14,
6:20, 10:14, 27:1,
28:3, 30:2

## U

**U.S** [1] - 2:14
**uh-hum** [2] - 8:17,
10:8
**under** [6] - 4:6, 4:21,
8:2, 23:1, 23:10,
32:23
**unfair** [3] - 5:12, 17:4,
23:11
**unfortunately** [2] -
12:5, 23:20
**United** [4] - 4:23, 38:4,
38:6, 38:11
**UNITED** [1] - 1:1
**unless** [2] - 16:6,
30:15
**unmute** [2] - 18:18,
34:14
**up** [4] - 7:16, 16:14,
17:10, 21:19
**urging** [1] - 4:24
**useful** [1] - 31:7

## V

**vacate** [1] - 3:19
**Valley** [1] - 25:20
**versus** [1] - 3:5
**via** [1] - 3:3
**videos** [1] - 21:14
**vs** [1] - 1:6

## W

**wait** [1] - 14:4
**waive** [1] - 31:18

**waiver** [2] - 29:12,
32:14
**waivers** [3] - 29:24,
33:19, 36:18
**waiving** [1] - 32:9
**Walter** [1] - 2:13
**WALTER** [1] - 1:11
**wants** [1] - 14:22
**Wednesday** [4] - 3:18,
20:3, 33:10, 36:14
**welcome** [4] - 3:14,
3:16, 34:15, 36:5
**West** [2] - 1:16, 2:3
**WESTERN** [1] - 1:2
**whistleblower** [1] -
13:1
**Wiest** [1] - 2:11
**wildest** [1] - 22:4
**willing** [1] - 31:18
**wish** [4] - 6:9, 13:13,
16:22, 19:17
**withdraw** [4] - 5:25,
8:22, 9:8, 23:4
**witness** [1] - 24:4
**witnesses** [2] - 24:12,
25:8
**word** [2] - 12:7, 18:17
**words** [2] - 30:22,
31:3
**works** [1] - 23:1
**worry** [1] - 10:21
**written** [1] - 33:19
**wrongdoing** [2] -
12:23, 26:21

## Y

**year** [1] - 30:1
**years** [1] - 15:8
**York** [2] - 2:7
**yourself** [1] - 30:12

## Z

**Zoom** [1] - 3:3