IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KETTERING ADVENTIST HEALTHCARE

d/b/a KETTERING HEALTH NETWORK,

                    Plaintiff,

        vs.                          CASE NO. 3:25-cv-273

SANDRA COLLIER and MARY T. SCOTT,

                    Defendant.

               TRANSCRIPT OF PROCEEDINGS

PRESIDING:  THE HONORABLE WALTER H. RICE

DATE:  Friday, September 19, 2025

APPEARANCES:

For the Plaintiff:

By:  James G. Petrie, Esq.
     Jill K. Bigler, Esq.
     Epstein, Becker & Green, PC
     250 West Street
     Suite 300
     Columbus, Ohio  43215
     (614) 872-2420
     jpetrie@ebglaw.com
     jbigler@ebglaw.com

For the Defendant:

By:  Mary T. Scott, Esq.
     7710 Reading Road
     Suite 102
     Cincinnati, Ohio  45237
     (513) 953-2499
     mtfoster@trinitylawllc.com

For the EBG Third-Party Defendants:

By:   Jonathan Brollier, Esq.
      Epstein, Becker & Green, PC
      250 West Street
      Suite 300
      Columbus, Ohio  43215
      (614) 872-2412
      jbrollier@ebglaw.com

Also Present:

      Bethany Russell, Courtroom Deputy Clerk
      Daniel Wiest, Law Clerk
      James Smerbeck, Law Clerk
      Arabella Loera, Extern

Court Reporter:   Caryl L. Blevins, RPR, CRR
                  Walter H. Rice Federal Building
                  U.S. Courthouse
                  200 W. Second Street
                  Dayton, Ohio  45402
                  (937) 512-1511
                  caryl_blevins@ohsd.uscourts.gov


Proceedings recorded by mechanical stenography, transcript

produced by computer.

Friday, September 19, 2025

4:09 p.m.

(Proceedings had via Zoom.)

THE COURT: Please be comfortable, all, and I'm sorry to have delayed. Let me first call the appearances. We have this afternoon Case C3-25-273, Kettering Adventist Healthcare versus Sandra Collier and Mary Scott, et al.

Counsel for the Plaintiff, James Petrie and Jill Bigler. Counsel for Defendant Collier and pro se Defendant Mary Scott is Mary Scott. Counsel for third-party Defendant, the law firm representing Plaintiff, is Jonathan Brollier.

The first question I would ask Ms. Scott and Ms. Collier is whether they have followed my suggestion that they consult a lawyer to determine from a pair of fresh eyes as to whether there is a nonwaiveable conflict in this case.

Ms. Scott, I'm happy to hear your answer.

MS. SCOTT: Yes. Good afternoon, Your Honor. Yes, we have consulted outside counsel. We've consulted with Gloria Smith, Esquire. She is in -- currently in Illinois, but however, she is licensed and practiced in Ohio as well, so she will be available later for the Court if need be.

THE COURT: And based upon the counsel that was consulted, do you have a position on whether you should be

in the posture of being both a codefendant with Ms. Collier and her lawyer?

MS. SCOTT:  Actually, Your Honor, yes, we have discussed that in detail.  She's reviewed all of the motions and things filed in this matter, and she has indicated to me that she does not see a conflict of interest.

THE COURT:  All right.  Well, I certainly respect the opinion of another attorney.  I'm not quite certain that I agree with her, and I say that respectfully.

I see a situation in this case, Ms. Scott -- and keep in mind, I know nothing about the facts other than what has been filed and reviewed by me, but I see a -- a real situation where you, Ms. Scott, as a codefendant will be in the posture of being both a witness and an advocate, and I believe that is a nonwaiveable conflict.

I can see a scenario where -- as Defendants, the both of you will be deposed, and I can see a situation, hypothetical, that one Defendant, Ms. Scott, you being the lawyer for that one Defendant as well as a Defendant yourself, could give I would say contradictory testimony on a given point or points.

The contradictory testimony may well be on something that is material or nonmaterial, but you would be in a position, Ms. Scott, where you would be asked your opinion or your position on the inconsistent statements, and

you would have to, in effect, try to explain as an attorney why -- from the witness stand or the deposition stand why your codefendant and client either made the statement or why you would explain away any inconsistency.

I can see at the hearing on the preliminary injunction that both of you may well be called as on cross-examination, and you would be in the position of being required, as counsel, to object during Ms. Collier's testimony and then advocate for facts that support the credibility of your client.

When this matter comes up for hearing on the merits, I can see that you will be in the position of both advocate and witness. Give me one moment.

(Brief pause.)

THE COURT: A witness, in your role as a witness, Ms. Scott, you're required to testify on the basis of your personal knowledge while as an advocate, you're expected to explain or comment on your client, Ms. Collier's, testimony, and it may or may not be clear whether a statement by an advocate/witness should be taken as proof to be considered by the trier of fact or as an analysis of the proof. Give me one moment.

(Brief pause.)

THE COURT: I simply don't feel that you can serve -- and this has nothing to do with -- Ms. Scott, with

your honesty, your integrity, or your ethics, I don't question any of those matters, but I simply don't see how you can serve as counsel and a necessary witness given that you are named as a Defendant.

So for purposes of deposition, for purposes of the hearing on the preliminary injunction and/or the merits of this lawsuit, I do not see how you can serve as both advocate and I believe a necessary and, in all probability, a witness in this matter.

So my inclination at this point is to hear what you say in response to what I have said, and I will then make a ruling.

MS. SCOTT:  With all due respect, Your Honor, I respect your position with regards to this matter.  I am able for this purposes, for these purposes, and for the preliminary hearing.

I have no problem with bringing in Attorney Smith to act as advocate in this particular portion of it; however, a blanket disqualification I don't believe is necessary.

I believe once upon -- once this Court hears all the facts and all of the information that is before it, if -- you will make a different determination as this is a manufactured conflict and not legitimate in nature, and like I said, I will -- I can have Ms. Smith -- or Attorney Smith

come in and be available for the preliminary hearing as well as the depositions if Your Honor would like.

THE COURT:  If you are saying that Ms. Smith is going to enter an appearance as counsel for Ms. Collier up through the preliminary injunction phase of this case, that would satisfy my concern, and again, once I have heard the facts set forth before me on the motion for preliminary injunction, this matter is certainly ripe -- the issue will be ripe for further discussion.

I believe I've responded, Ms. Scott, to your point.  If I haven't, I know you'll advise me, and keep in mind that at this point, I know nothing about this case other than what I have read in the filings presented to this Court.

Your response, Ms. Scott?

MS. SCOTT:  With respect to what you have said, Your Honor --

THE COURT:  With respect to what I just said, not initially.

MS. SCOTT:  Yes, sir.  Your comments and your theme is going to be an accepted term.

THE COURT:  All right.  Thank you.  I'm reluctant to go any further at this point, Ms. Scott, because Ms. Smith, having been spoken to within the last few days, is not with us today.

I would pose several questions. Number one -- and really, if Ms. Smith is going to be Ms. Collier's attorney, I will pose these questions. I'm not seeking an answer.

First of all, I wonder if counsel has thought any more about the suggestion I made I believe on August 15th about combining the preliminary injunction with that on the merits.

I would want to ask Ms. Smith whether on behalf of Ms. Collier she, Ms. Smith, has any objections to the motion for protective order sought by Plaintiff, a copy of the proposed protective order having been furnished to all parties.

Give me a moment to make certain I have -- I think I've said what I need to except, regrettably, I will be out of the office Tuesday and Wednesday as well as the remainder of the week, but I will have some time, I believe, on Monday if counsel are available and if -- if the parties, Ms. Scott, you as a party and as a -- as counsel, and Ms. Collier as a party, and Ms. Smith, if all concerned would be available.

Let me see if I can suggest a time on Monday. Beth, do you have a Monday schedule?

COURTROOM DEPUTY CLERK: I do.

THE COURT: May I see it?

COURTROOM DEPUTY CLERK: Well, actually, on the

computer.

THE COURT: I'm sorry?

COURTROOM DEPUTY CLERK: I don't have it with me.

THE COURT: Would you be able to bring it in?

COURTROOM DEPUTY CLERK: I sure can.

THE COURT: We're going to wait just a moment while I have Monday's schedule in front of me.

MS. SCOTT: Your Honor --

THE COURT: Before -- I'm sorry, Ms. Scott, were you saying something?

MS. SCOTT: My apologies -- yes. My apologies, Your Honor. Is that this coming Monday or the following Monday, the 29th?

THE COURT: I'm speaking of this Monday. We are booked for time, but I think I can fit you in if your schedules permit. If not, we're going to the 29th.

Mr. Petrie, Ms. Bigler, is there anything that you want to say at this point based on the discussion I've had with Ms. Scott?

COURTROOM DEPUTY CLERK: (Providing).

THE COURT: Thank you.

MR. PETRIE: No, Your Honor. We agree with your -- your decision from the bench and we appreciate your thoughtfulness in setting forth that.

THE COURT: All right. Thank you, Mr. Petrie.

Mr. Brollier, any thoughts you'd like to express?

MR. BROLLIER: Thank you, Your Honor. No, I don't think I have any thoughts to express for the third-party Defendants associated with the law firm.

THE COURT: All right. I would be available at 2:00 on Monday if all concerned would be available and Ms. Smith would be present as well.

Mr. Petrie, Ms. Bigler, how is that on your schedule?

MR. PETRIE: Your Honor, we can be available at 2:00 on Monday.

THE COURT: All right. Ms. Scott, how about yourself?

Or Mr. Brollier, let me ask you your availability.

MR. BROLLIER: Thank you, Your Honor. 2:00 p.m. on Monday is fine for me as well.

THE COURT: All right. Ms. Scott?

MS. SCOTT: I am available at 2:00 p.m. I'm reaching out to Attorney Smith to see if she's available.

THE COURT: All right. While you're checking, Ms. Collier, will you be available?

MS. COLLIER: Yes, Your Honor. Can I -- can I express a concern or statement, make a statement here?

THE COURT: At this point, I've disqualified your attorney. My suggestion is that you express your concern to

Ms. Smith.

MS. COLLIER: It -- it's not anything like that, it's just something that I want to share with you and I don't mind sharing with the other attorneys, too.

THE COURT: Well, if it's a matter of -- if it's a health concern, but I don't want to speak -- I don't want to hear anything on the merits of this case because at this --

MS. COLLIER: No, it's not about the merits, Your Honor.

THE COURT: All right. Then tell me what it is, and if I were your attorney, I would advise you not to say anything, but you know what you're going to say, I don't. Please go ahead.

MS. COLLIER: It's okay, Your Honor. I'm just feeling an extra financial burden in that I have to seek yet another attorney versus EBG being able to garner in-house counsel and they don't have any extra finance -- financial burden. I just wanted to share that with you as you consider kind of everything that's going on.

THE COURT: I hear you, Ms. Collier, and I sympathize with that.

MS. COLLIER: Thank you. That's all that I -- it was --

THE COURT: All right.

MS. COLLIER: -- kind of driving me crazy. I just

wanted to get it out. Thank you so much, Your Honor.

THE COURT: You're very welcome. I doubt very much -- I hear what you're saying. While I understand, and litigation is not inexpensive, I know that, I simply would advise that you discuss the matter with your new attorney to see if she has any pragmatic thoughts on the subject.

MS. COLLIER: Thank you, Your Honor.

THE COURT: You're welcome.

Ms. Scott, have you heard from Ms. Smith?

MS. COLLIER: We were on mute. I don't know that -- we were on mute.

MS. SCOTT: I'm reaching out. I'm waiting for a response, Your Honor, because like I said, I told her I would let her know if it would be required because up to this point, Your Honor had not indicated that we needed to obtain counsel, we merely needed to discuss with counsel, but I have reached out to her and I'm waiting a response, sir.

THE COURT: All right. I'm certainly not upset that you can't reach Ms. Smith on a moment's notice. Let me make this comment: You will hear from her, I'm certain. It's 4:30. Let my assistant, Beth, know if you hear from her by 5:00.

If for some reason you don't hear from her until after the end of the court day, text Beth nonetheless, let

her know.

If Ms. Smith has a conflict at 2:00 on Monday, I would at the very least want her on the telephone at 2:00 Monday so we can set another date to move forward.

Is that doable?

MS. SCOTT: Yes, sir.

THE COURT: All right. Mr. Petrie, anything further?

MR. PETRIE: No, Your Honor. Thank you.

THE COURT: You're welcome.

Ms. Bigler?

MS. BIGLER: Not on that issue, Your Honor. Thank you.

THE COURT: All right. Mr. Brollier?

MR. BROLLIER: No. Happy to reconvene on Monday at 2:00, and the only other matter I was going to address was the upcoming depositions that have -- are in the process of being scheduled preparatory to the PI hearing, and because there has not been discovery sought from the EBG third-party Defendants, I -- it had been my plan not to participate or attend those depositions because my clients, the attorneys, are not involved with those -- no -- no discovery is being sought from EBG third-party Defendants for the purposes of the PI hearing, but in the circumstances, I wanted to share that plan with the Court to

make sure that that met your -- your satisfaction.

THE COURT: What you've said is satisfactory. If you could be available at 2:00 Monday, frankly, I prefer to leave some of these decisions, which may well affect depositions not yet noticed or scheduled -- I prefer to leave that decision up to not only Ms. Scott but also Ms. Smith. I can't give you an answer now.

Ms. Scott, anything further?

MS. SCOTT: Yes, Your Honor. I would like to address some things to the Court with respect to discovery. I understand I'm not to be able to represent Ms. Collier; however, I am representing myself with regards to this matter, and as counsel for myself, I have filed an objection with respect to the responses or the nonresponse of the Plaintiffs with regards to the requests for interrogatories and the request for production of documents.

They have just given us an overarching objection, they have responded to literally nothing, and this renders my ability to -- within the meaning of Federal Rule of Civil Procedure 26(g) and 37(a)(4), my inability to be able to respond.

They are not permitted to just give obligatory boilerplate objections and providing no substantive matters, especially with regard to the fact this is an emergency TRO that they have requested.

They have asked for expedited, and according to Dimension Data v MedStar, the Court clearly says, for the purposes of expedited discovery as to allow parties to prepare for preliminary injunction, here the Plaintiff's blanket refusal would frustrate the purpose of the expedited discovery and prevents me from being able to prepare for any defenses or objections.

They have failed to produce any core materials alleged to how we have violated trade secrets or communications or systems law, all of these things related to the TRO, and their failure to produce the -- the basic information that was required to actually file this motion to begin with, is tantamount to a one-sided fishing expedition, and according to In Re: Sulfuric Acid Antitrust Litigation, Your Honor, a party cannot object to discovery requests and then hide behind its objections while continuing to pursue discovery from the other side, and that's exactly what has been occurring in this matter. They literally responded to not one interrogatory, and it was all narrowly tailored for the TRO purposes.

THE COURT: All right. I have -- the first thing I'm going to do when I meet Ms. Smith is ask the attorneys and you, Ms. Scott, in your role as an attorney, to meet and confer before I wade through everyone's answers, whether acceptable or not. That's the way we do things here, and

I'm certain that's what they do in Hamilton County.

Once you meet and confer, I will be more than happy to go over each discovery request where an objection remains.  No, boilerplate answers will not satisfy the Court, nor will requests that are germane to the merits and not necessarily the preliminary injunction.

There is no TRO at this point that we're going to be discussing.  It's a preliminary injunction, and when you do meet and confer, I want the discovery to be sufficient to get you ready to prosecute or defend the preliminary injunction, but I'm going to be very pointed in not allowing discovery that I think is germane only to the merits.  That may not give you comfort, Ms. Scott, but that's the best I can do now.

Again, if no one has anything further, I hope to, at the very least, talk to you at 2:00 Monday.  I would hope Ms. Smith is available to participate.  At the very least, I want someone -- I want her on the call simply to set a date when we can all get together for perhaps an hour's worth of time.

If there's nothing further, I wish each and every one of you a good weekend, but I would seriously hope that you would consider the question of consolidation of the hearing on the preliminary injunction with that on the merits.

I believe I could -- depending on what discovery issues exist on the merits, I could quite possibly give you a week in late November or early December for a merits hearing.

If there's nothing further, I wish all of you well. Stay safe, and we are in recess.

(Hearing concluded at 4:40 p.m.)

CERTIFICATE OF REPORTER

I, Caryl L. Blevins, Federal Official Realtime Court Reporter, in and for the United States District Court for the Southern District of Ohio, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

s/Caryl L. Blevins_____
**CARYL L. BLEVINS**, **RPR**, **CRR**
FEDERAL OFFICIAL REALTIME COURT REPORTER

## 1

**102** [1] - 1:21
**15th** [1] - 8:5
**19** [2] - 1:11, 3:1

## 2

**200** [1] - 2:11
**2025** [2] - 1:11, 3:1
**250** [2] - 1:15, 2:3
**26(g** [1] - 14:20
**28** [1] - 18:6
**29th** [2] - 9:13, 9:16
**2:00** [9] - 10:6, 10:11, 10:15, 10:18, 13:2, 13:3, 13:16, 14:3, 16:16

## 3

**300** [2] - 1:16, 2:3
**37(a)(4** [1] - 14:20
**3:25-cv-273** [1] - 1:6

## 4

**43215** [2] - 1:16, 2:4
**45237** [1] - 1:21
**45402** [1] - 2:11
**4:09** [1] - 3:2
**4:30** [1] - 12:22
**4:40** [1] - 17:7

## 5

**512-1511** [1] - 2:12
**513** [1] - 1:22
**5:00** [1] - 12:23

## 6

**614** [2] - 1:17, 2:4

## 7

**753** [1] - 18:6
**7710** [1] - 1:20

## 8

**872-2412** [1] - 2:4
**872-2420** [1] - 1:17

## 9

**937** [1] - 2:12
**953-2499** [1] - 1:22

## A

**ability** [1] - 14:19
**able** [6] - 6:15, 9:4, 11:16, 14:11, 14:20, 15:6
**above-entitled** [1] - 18:9
**acceptable** [1] - 15:25
**accepted** [1] - 7:21
**according** [2] - 15:1, 15:14
**Acid** [1] - 15:14
**act** [1] - 6:18
**address** [2] - 13:16, 14:10
**ADVENTIST** [1] - 1:3
**Adventist** [1] - 3:6
**advise** [3] - 7:11, 11:11, 12:5
**advocate** [6] - 4:14, 5:9, 5:13, 5:17, 6:8, 6:18
**advocate/witness** [1] - 5:20
**affect** [1] - 14:4
**afternoon** [2] - 3:6, 3:18
**agree** [2] - 4:9, 9:22
**ahead** [1] - 11:13
**al** [1] - 3:7
**alleged** [1] - 15:9
**allow** [1] - 15:3
**allowing** [1] - 16:11
**analysis** [1] - 5:21
**answer** [3] - 3:17, 8:3, 14:7
**answers** [2] - 15:24, 16:4
**Antitrust** [1] - 15:14
**apologies** [2] - 9:11
**appearance** [1] - 7:4
**appearances** [1] - 3:5
**APPEARANCES** [1] - 1:12
**appreciate** [1] - 9:23
**Arabella** [1] - 2:8
**assistant** [1] - 12:22
**associated** [1] - 10:4
**attend** [1] - 13:21
**Attorney** [3] - 6:17, 6:25, 10:19
**attorney** [8] - 4:8, 5:1, 8:2, 10:25, 11:11, 11:16, 12:5, 15:23
**attorneys** [3] - 11:4, 13:22, 15:22
**August** [1] - 8:5
**availability** [1] - 10:14

## B

**based** [2] - 3:24, 9:18
**basic** [1] - 15:11
**basis** [1] - 5:16
**Becker** [2] - 1:15, 2:2
**begin** [1] - 15:13
**behalf** [1] - 8:8
**behind** [1] - 15:16
**bench** [1] - 9:23
**best** [1] - 16:13
**Beth** [3] - 8:22, 12:22, 12:25
**Bethany** [1] - 2:7
**Bigler** [5] - 1:14, 3:9, 9:17, 10:8, 13:11
**BIGLER** [1] - 13:12
**blanket** [2] - 6:19, 15:5
**BLEVINS** [1] - 18:15
**Blevins** [3] - 2:9, 18:3, 18:14
**boilerplate** [2] - 14:23, 16:4
**booked** [1] - 9:15
**Brief** [2] - 5:14, 5:23
**bring** [1] - 9:4
**bringing** [1] - 6:17
**Brollier** [5] - 2:2, 3:12, 10:1, 10:14, 13:14
**BROLLIER** [3] - 10:2, 10:15, 13:15
**Building** [1] - 2:10
**burden** [2] - 11:15, 11:18

## C

**C3-25-273** [1] - 3:6
**cannot** [1] - 15:15
**CARYL** [1] - 18:15
**Caryl** [2] - 2:9, 18:3
**caryl_blevins@ohsd.uscourts.gov** [1] - 2:12
**CASE** [1] - 1:6
**Case** [1] - 3:6
**case** [5] - 3:16, 4:10, 7:5, 7:12, 11:7
**certain** [4] - 4:8, 8:13, 12:21, 16:1
**certainly** [3] - 4:7, 7:8, 12:19
**CERTIFICATE** [1] -

18:1
**certify** [1] - 18:5
**checking** [1] - 10:20
**Cincinnati** [1] - 1:21
**circumstances** [1] - 13:25
**Civil** [1] - 14:19
**clear** [1] - 5:19
**clearly** [1] - 15:2
**CLERK** [5] - 8:23, 8:25, 9:3, 9:5, 9:20
**Clerk** [3] - 2:7, 2:7, 2:8
**client** [3] - 5:3, 5:10, 5:18
**clients** [1] - 13:21
**Code** [1] - 18:6
**codefendant** [3] - 4:1, 4:13, 5:3
**COLLIER** [9] - 1:7, 10:22, 11:2, 11:8, 11:14, 11:22, 11:25, 12:7, 12:10
**Collier** [10] - 3:7, 3:9, 3:14, 4:1, 7:4, 8:9, 8:19, 10:21, 11:20, 14:11
**Collier's** [3] - 5:8, 5:18, 8:2
**Columbus** [2] - 1:16, 2:4
**combining** [1] - 8:6
**comfort** [1] - 16:13
**comfortable** [1] - 3:4
**coming** [1] - 9:12
**comment** [2] - 5:18, 12:21
**comments** [1] - 7:20
**communications** [1] - 15:10
**computer** [2] - 2:15, 9:1
**concern** [4] - 7:6, 10:23, 10:25, 11:6
**concerned** [2] - 8:19, 10:6
**concluded** [1] - 17:7
**confer** [3] - 15:24, 16:2, 16:9
**Conference** [1] - 18:11
**conflict** [5] - 3:16, 4:6, 4:15, 6:24, 13:2
**conformance** [1] - 18:10
**consider** [2] - 11:19, 16:23
**considered** [1] - 5:20
**consolidation** [1] - 16:23
**consult** [1] - 3:15

**consulted** [3] - 3:19, 3:25
**continuing** [1] - 15:17
**contradictory** [2] - 4:20, 4:22
**copy** [1] - 8:10
**core** [1] - 15:8
**correct** [1] - 18:7
**counsel** [15] - 3:8, 3:9, 3:10, 3:19, 3:24, 5:8, 6:3, 7:4, 8:4, 8:17, 8:18, 11:17, 12:16, 14:13
**County** [1] - 16:1
**court** [1] - 12:25
**COURT** [35] - 1:1, 3:4, 3:24, 4:7, 5:15, 5:24, 7:3, 7:18, 7:22, 8:24, 9:2, 9:4, 9:6, 9:9, 9:14, 9:21, 9:25, 10:5, 10:12, 10:17, 10:20, 10:24, 11:5, 11:10, 11:20, 11:24, 12:2, 12:8, 12:19, 13:7, 13:10, 13:14, 14:2, 15:21, 18:15
**Court** [10] - 2:9, 3:22, 6:21, 7:14, 13:25, 14:10, 15:2, 16:5, 18:3, 18:4
**Courthouse** [1] - 2:10
**COURTROOM** [5] - 8:23, 8:25, 9:3, 9:5, 9:20
**Courtroom** [1] - 2:7
**crazy** [1] - 11:25
**credibility** [1] - 5:10
**cross** [1] - 5:7
**cross-examination** [1] - 5:7
**CRR** [2] - 2:9, 18:15

## D

**d/b/a** [1] - 1:4
**Daniel** [1] - 2:7
**Data** [1] - 15:2
**date** [2] - 13:4, 16:18
**DATE** [1] - 1:11
**days** [1] - 7:24
**Dayton** [1] - 2:11
**December** [1] - 17:3
**decision** [2] - 9:23, 14:6
**decisions** [1] - 14:4
**defend** [1] - 16:10
**Defendant** [9] - 1:8, 1:19, 3:9, 3:11, 4:18, 4:19, 6:4
**Defendants** [5] - 2:1,

4:16, 10:4, 13:20, 13:23
**defenses** [1] - 15:7
**delayed** [1] - 3:5
**deposed** [1] - 4:17
**deposition** [2] - 5:2, 6:5
**depositions** [4] - 7:2, 13:17, 13:21, 14:5
**DEPUTY** [5] - 8:23, 8:25, 9:3, 9:5, 9:20
**Deputy** [1] - 2:7
**detail** [1] - 4:4
**determination** [1] - 6:23
**determine** [1] - 3:15
**different** [1] - 6:23
**Dimension** [1] - 15:2
**discovery** [11] - 13:19, 13:23, 14:10, 15:3, 15:6, 15:15, 15:17, 16:3, 16:9, 16:12, 17:1
**discuss** [2] - 12:5, 12:16
**discussed** [1] - 4:4
**discussing** [1] - 16:8
**discussion** [2] - 7:9, 9:18
**disqualification** [1] - 6:19
**disqualified** [1] - 10:24
**District** [2] - 18:4, 18:5
**DISTRICT** [2] - 1:1, 1:1
**DIVISION** [1] - 1:2
**doable** [1] - 13:5
**documents** [1] - 14:16
**doubt** [1] - 12:2
**driving** [1] - 11:25
**due** [1] - 6:13
**during** [1] - 5:8

### E

**early** [1] - 17:3
**EBG** [4] - 2:1, 11:16, 13:19, 13:23
**effect** [1] - 5:1
**either** [1] - 5:3
**emergency** [1] - 14:24
**end** [1] - 12:25
**enter** [1] - 7:4
**entitled** [1] - 18:9
**Epstein** [2] - 1:15, 2:2
**especially** [1] - 14:24
**Esq** [4] - 1:14, 1:14, 1:20, 2:2
**Esquire** [1] - 3:20
**et** [1] - 3:7

**ethics** [1] - 6:1
**exactly** [1] - 15:18
**examination** [1] - 5:7
**except** [1] - 8:14
**exist** [1] - 17:2
**expected** [1] - 5:17
**expedited** [3] - 15:1, 15:3, 15:5
**expedition** [1] - 15:14
**explain** [3] - 5:1, 5:4, 5:18
**express** [4] - 10:1, 10:3, 10:23, 10:25
**Extern** [1] - 2:8
**extra** [2] - 11:15, 11:17
**eyes** [1] - 3:15

### F

**fact** [2] - 5:21, 14:24
**facts** [4] - 4:11, 5:9, 6:22, 7:7
**failed** [1] - 15:8
**failure** [1] - 15:11
**Federal** [3] - 2:10, 14:19, 18:3
**FEDERAL** [1] - 18:15
**few** [1] - 7:24
**file** [1] - 15:12
**filed** [3] - 4:5, 4:12, 14:13
**filings** [1] - 7:13
**finance** [1] - 11:17
**financial** [2] - 11:15, 11:17
**fine** [1] - 10:16
**firm** [2] - 3:11, 10:4
**first** [4] - 3:5, 3:13, 8:4, 15:21
**fishing** [1] - 15:13
**fit** [1] - 9:15
**followed** [1] - 3:14
**following** [1] - 9:12
**FOR** [1] - 1:1
**foregoing** [1] - 18:7
**format** [1] - 18:9
**forth** [2] - 7:7, 9:24
**forward** [1] - 13:4
**frankly** [1] - 14:3
**fresh** [1] - 3:15
**Friday** [2] - 1:11, 3:1
**front** [1] - 9:7
**frustrate** [1] - 15:5
**furnished** [1] - 8:11

### G

**garner** [1] - 11:16
**germane** [2] - 16:5, 16:12

**given** [3] - 4:21, 6:3, 14:17
**Gloria** [1] - 3:20
**Green** [2] - 1:15, 2:2

### H

**Hamilton** [1] - 16:1
**happy** [3] - 3:17, 13:15, 16:3
**health** [1] - 11:6
**HEALTH** [1] - 1:4
**Healthcare** [1] - 3:7
**HEALTHCARE** [1] - 1:3
**hear** [8] - 3:17, 6:10, 11:7, 11:20, 12:3, 12:21, 12:22, 12:24
**heard** [2] - 7:6, 12:9
**Hearing** [1] - 17:7
**hearing** [9] - 5:5, 5:11, 6:6, 6:16, 7:1, 13:18, 13:24, 16:24, 17:4
**hears** [1] - 6:21
**held** [1] - 18:8
**hereby** [1] - 18:5
**hide** [1] - 15:16
**honesty** [1] - 6:1
**Honor** [22] - 3:18, 4:3, 6:13, 7:2, 7:17, 9:8, 9:12, 9:22, 10:2, 10:10, 10:15, 10:22, 11:9, 11:14, 12:1, 12:7, 12:13, 12:15, 13:9, 13:12, 14:9, 15:15
**HONORABLE** [1] - 1:10
**hope** [3] - 16:15, 16:16, 16:22
**hour's** [1] - 16:19
**house** [1] - 11:16
**hypothetical** [1] - 4:18

### I

**Illinois** [1] - 3:21
**IN** [1] - 1:1
**in-house** [1] - 11:16
**inability** [1] - 14:20
**inclination** [1] - 6:10
**inconsistency** [1] - 5:4
**inconsistent** [1] - 4:25
**indicated** [2] - 4:5, 12:15
**inexpensive** [1] - 12:4
**information** [2] - 6:22, 15:12
**injunction** [10] - 5:6,

6:6, 7:5, 7:8, 8:6, 15:4, 16:6, 16:8, 16:11, 16:24
**integrity** [1] - 6:1
**interest** [1] - 4:6
**interrogatories** [1] - 14:15
**interrogatory** [1] - 15:19
**involved** [1] - 13:22
**issue** [2] - 7:8, 13:12
**issues** [1] - 17:2

### J

**James** [3] - 1:14, 2:8, 3:8
**jbigler@ebglaw.com** [1] - 1:18
**jbrollier@ebglaw. com** [1] - 2:5
**Jill** [2] - 1:14, 3:8
**Jonathan** [2] - 2:2, 3:11
**jpetrie@ebglaw.com** [1] - 1:17
**Judicial** [1] - 18:10

### K

**keep** [2] - 4:11, 7:11
**Kettering** [1] - 3:6
**KETTERING** [2] - 1:3, 1:4
**kind** [2] - 11:19, 11:25
**knowledge** [1] - 5:17

### L

**last** [1] - 7:24
**late** [1] - 17:3
**Law** [2] - 2:7, 2:8
**law** [3] - 3:11, 10:4, 15:10
**lawsuit** [1] - 6:7
**lawyer** [3] - 3:15, 4:2, 4:19
**least** [3] - 13:3, 16:16, 16:17
**leave** [2] - 14:4, 14:6
**legitimate** [1] - 6:24
**licensed** [1] - 3:21
**literally** [2] - 14:18, 15:19
**Litigation** [1] - 15:15
**litigation** [1] - 12:4
**Loera** [1] - 2:8

### M

**manufactured** [1] - 6:24
**MARY** [1] - 1:7
**Mary** [4] - 1:20, 3:7, 3:10
**material** [1] - 4:23
**materials** [1] - 15:8
**matter** [11] - 4:5, 5:11, 6:9, 6:14, 7:8, 11:5, 12:5, 13:16, 14:13, 15:18, 18:9
**matters** [2] - 6:2, 14:23
**meaning** [1] - 14:19
**mechanical** [1] - 2:14
**MedStar** [1] - 15:2
**meet** [4] - 15:22, 15:23, 16:2, 16:9
**merely** [1] - 12:16
**merits** [10] - 5:12, 6:6, 8:7, 11:7, 11:8, 16:5, 16:12, 16:25, 17:2, 17:3
**met** [1] - 14:1
**mind** [3] - 4:11, 7:12, 11:4
**moment** [4] - 5:13, 5:22, 8:13, 9:6
**moment's** [1] - 12:20
**Monday** [14] - 8:16, 8:21, 8:22, 9:12, 9:13, 9:14, 10:6, 10:11, 10:16, 13:2, 13:4, 13:15, 14:3, 16:16
**Monday's** [1] - 9:7
**motion** [3] - 7:7, 8:9, 15:12
**motions** [1] - 4:4
**move** [1] - 13:4
**MR** [6] - 9:22, 10:2, 10:10, 10:15, 13:9, 13:15
**MS** [20] - 3:18, 4:3, 6:13, 7:16, 7:20, 9:8, 9:11, 10:18, 10:22, 11:2, 11:8, 11:14, 11:22, 11:25, 12:7, 12:10, 12:12, 13:6, 13:12, 14:9
**mtfoster@ trinitylawllc.com** [1] - 1:22
**mute** [2] - 12:10, 12:11

## N

named [1] - 6:4
narrowly [1] - 15:20
nature [1] - 6:24
necessarily [1] - 16:6
necessary [3] - 6:3, 6:8, 6:20
need [2] - 3:23, 8:14
needed [2] - 12:15, 12:16
NETWORK [1] - 1:4
new [1] - 12:5
NO [1] - 1:6
nonetheless [1] - 12:25
nonmaterial [1] - 4:23
nonresponse [1] - 14:14
nonwaiveable [2] - 3:16, 4:15
nothing [6] - 4:11, 5:25, 7:12, 14:18, 16:21, 17:5
notice [1] - 12:20
noticed [1] - 14:5
November [1] - 17:3
number [1] - 8:1

## O

object [2] - 5:8, 15:15
objection [3] - 14:13, 14:17, 16:3
objections [4] - 8:9, 14:23, 15:7, 15:16
obligatory [1] - 14:22
obtain [1] - 12:16
occurring [1] - 15:18
OF [3] - 1:1, 1:9, 18:1
office [1] - 8:15
Official [1] - 18:3
OFFICIAL [1] - 18:15
OHIO [1] - 1:1
Ohio [6] - 1:16, 1:21, 2:4, 2:11, 3:21, 18:5
once [4] - 6:21, 7:6, 16:2
one [9] - 4:18, 4:19, 5:13, 5:22, 8:1, 15:13, 15:19, 16:15, 16:22
one-sided [1] - 15:13
opinion [2] - 4:8, 4:25
order [2] - 8:10, 8:11
outside [1] - 3:19
overarching [1] - 14:17

## P

p.m [4] - 3:2, 10:15, 10:18, 17:7
page [1] - 18:9
pair [1] - 3:15
participate [2] - 13:21, 16:17
particular [1] - 6:18
parties [3] - 8:12, 8:17, 15:3
Party [1] - 2:1
party [7] - 3:10, 8:18, 8:19, 10:3, 13:20, 13:23, 15:15
pause [2] - 5:14, 5:23
PC [2] - 1:15, 2:2
perhaps [1] - 16:19
permit [1] - 9:16
permitted [1] - 14:22
personal [1] - 5:17
PETRIE [3] - 9:22, 10:10, 13:9
Petrie [6] - 1:14, 3:8, 9:17, 9:25, 10:8, 13:7
phase [1] - 7:5
PI [2] - 13:18, 13:24
Plaintiff [5] - 1:5, 1:13, 3:8, 3:11, 8:10
Plaintiff's [1] - 15:4
Plaintiffs [1] - 14:15
plan [2] - 13:20, 13:25
point [9] - 4:21, 6:10, 7:11, 7:12, 7:23, 9:18, 10:24, 12:15, 16:7
pointed [1] - 16:11
points [1] - 4:21
portion [1] - 6:18
pose [2] - 8:1, 8:3
position [6] - 3:25, 4:24, 4:25, 5:7, 5:12, 6:14
possibly [1] - 17:2
posture [2] - 4:1, 4:14
practiced [1] - 3:21
pragmatic [1] - 12:6
prefer [2] - 14:3, 14:5
preliminary [12] - 5:5, 6:6, 6:16, 7:1, 7:5, 7:7, 8:6, 15:4, 16:6, 16:8, 16:10, 16:24
preparatory [1] - 13:18
prepare [2] - 15:4, 15:6
present [1] - 10:7
Present [1] - 2:6

presented [1] - 7:13
PRESIDING [1] - 1:10
prevents [1] - 15:6
pro [1] - 3:9
probability [1] - 6:8
problem [1] - 6:17
Procedure [1] - 14:20
proceedings [1] - 18:8
PROCEEDINGS [1] - 1:9
Proceedings [2] - 2:14, 3:3
process [1] - 13:17
produce [2] - 15:8, 15:11
produced [1] - 2:15
production [1] - 14:16
proof [2] - 5:20, 5:21
proposed [1] - 8:11
prosecute [1] - 16:10
protective [2] - 8:10, 8:11
providing [1] - 14:23
providing) [1] - 9:20
purpose [1] - 15:5
purposes [7] - 6:5, 6:15, 13:24, 15:3, 15:20
pursuant [1] - 18:6
pursue [1] - 15:17

## Q

questions [2] - 8:1, 8:3
quite [2] - 4:8, 17:2

## R

Re [1] - 15:14
reach [1] - 12:20
reached [1] - 12:17
reaching [2] - 10:19, 12:12
read [1] - 7:13
Reading [1] - 1:20
ready [1] - 16:10
real [1] - 4:12
really [1] - 8:2
Realtime [1] - 18:3
REALTIME [1] - 18:15
reason [1] - 12:24
recess [1] - 17:6
reconvene [1] - 13:15
recorded [1] - 2:14
refusal [1] - 15:5
regard [1] - 14:24
regards [3] - 6:14, 14:12, 14:15
regrettably [1] - 8:14

regulations [1] - 18:10
related [1] - 15:10
reluctant [1] - 7:22
remainder [1] - 8:15
remains [1] - 16:4
renders [1] - 14:18
reported [1] - 18:8
Reporter [2] - 2:9, 18:4
REPORTER [2] - 18:1, 18:15
represent [1] - 14:11
representing [2] - 3:11, 14:12
request [2] - 14:16, 16:3
requested [1] - 14:25
requests [3] - 14:15, 15:16, 16:5
required [4] - 5:8, 5:16, 12:14, 15:12
respect [7] - 4:7, 6:13, 6:14, 7:16, 7:18, 14:10, 14:14
respectfully [1] - 4:9
respond [1] - 14:21
responded [3] - 7:10, 14:18, 15:19
response [4] - 6:11, 7:15, 12:13, 12:17
responses [1] - 14:14
reviewed [2] - 4:4, 4:12
Rice [1] - 2:10
RICE [1] - 1:10
ripe [2] - 7:8, 7:9
Road [1] - 1:20
role [2] - 5:15, 15:23
RPR [2] - 2:9, 18:15
Rule [1] - 14:19
ruling [1] - 6:12
Russell [1] - 2:7

## S

s/Caryl [1] - 18:14
safe [1] - 17:6
Sandra [1] - 3:7
SANDRA [1] - 1:7
satisfaction [1] - 14:1
satisfactory [1] - 14:2
satisfy [2] - 7:6, 16:4
scenario [1] - 4:16
schedule [3] - 8:22, 9:7, 10:9
scheduled [2] - 13:18, 14:5
schedules [1] - 9:16
SCOTT [12] - 1:7, 3:18, 4:3, 6:13, 7:16,

7:20, 9:8, 9:11, 10:18, 12:12, 13:6, 14:9
Scott [25] - 1:20, 3:7, 3:10, 3:13, 3:17, 4:10, 4:13, 4:18, 4:24, 5:16, 5:25, 7:10, 7:15, 7:23, 8:18, 9:9, 9:19, 10:12, 10:17, 12:9, 14:6, 14:8, 15:23, 16:13
se [1] - 3:9
Second [1] - 2:11
secrets [1] - 15:9
Section [1] - 18:6
see [13] - 4:6, 4:10, 4:12, 4:16, 4:17, 5:5, 5:12, 6:2, 6:7, 8:21, 8:24, 10:19, 12:6
seek [1] - 11:15
seeking [1] - 8:3
September [2] - 1:11, 3:1
seriously [1] - 16:22
serve [3] - 5:25, 6:3, 6:7
set [3] - 7:7, 13:4, 16:18
setting [1] - 9:24
several [1] - 8:1
share [3] - 11:3, 11:18, 13:25
sharing [1] - 11:4
side [1] - 15:17
sided [1] - 15:13
simply [4] - 5:24, 6:2, 12:4, 16:18
situation [3] - 4:10, 4:13, 4:17
Smerbeck [1] - 2:8
Smith [19] - 3:20, 6:17, 6:25, 7:3, 7:24, 8:2, 8:8, 8:9, 8:19, 10:7, 10:19, 11:1, 12:9, 12:20, 13:2, 14:7, 15:22, 16:17
someone [1] - 16:18
sorry [3] - 3:5, 9:2, 9:9
sought [3] - 8:10, 13:19, 13:23
SOUTHERN [1] - 1:1
Southern [1] - 18:5
speaking [1] - 9:14
spoken [1] - 7:24
stand [2] - 5:2
statement [4] - 5:3, 5:19, 10:23
statements [1] - 4:25
States [3] - 18:4, 18:6,

18:11
**STATES** [1] - 1:1
**stay** [1] - 17:6
**stenographically** [1] - 18:8
**stenography** [1] - 2:14
**Street** [3] - 1:15, 2:3, 2:11
**subject** [1] - 12:6
**substantive** [1] - 14:23
**sufficient** [1] - 16:9
**suggest** [1] - 8:21
**suggestion** [3] - 3:14, 8:5, 10:25
**Suite** [3] - 1:16, 1:21, 2:3
**Sulfuric** [1] - 15:14
**support** [1] - 5:9
**sympathize** [1] - 11:21
**systems** [1] - 15:10

## T

**tailored** [1] - 15:20
**tantamount** [1] - 15:13
**telephone** [1] - 13:3
**term** [1] - 7:21
**testify** [1] - 5:16
**testimony** [4] - 4:20, 4:22, 5:9, 5:18
**text** [1] - 12:25
**THE** [36] - 1:1, 1:1, 1:10, 3:4, 3:24, 4:7, 5:15, 5:24, 7:3, 7:18, 7:22, 8:24, 9:2, 9:4, 9:6, 9:9, 9:14, 9:21, 9:25, 10:5, 10:12, 10:17, 10:20, 10:24, 11:5, 11:10, 11:20, 11:24, 12:2, 12:8, 12:19, 13:7, 13:10, 13:14, 14:2, 15:21
**theme** [1] - 7:21
**third** [4] - 3:10, 10:3, 13:20, 13:23
**Third** [1] - 2:1
**third-party** [4] - 3:10, 10:3, 13:20, 13:23
**Third-Party** [1] - 2:1
**thoughtfulness** [1] - 9:24
**thoughts** [3] - 10:1, 10:3, 12:6
**Title** [1] - 18:6
**today** [1] - 7:25
**together** [1] - 16:19
**trade** [1] - 15:9
**TRANSCRIPT** [1] - 1:9

**transcript** [3] - 2:14, 18:7, 18:9
**trier** [1] - 5:21
**TRO** [4] - 14:24, 15:11, 15:20, 16:7
**true** [1] - 18:7
**try** [1] - 5:1
**Tuesday** [1] - 8:15

## U

**U.S** [1] - 2:10
**United** [3] - 18:4, 18:6, 18:11
**UNITED** [1] - 1:1
**up** [4] - 5:11, 7:4, 12:14, 14:6
**upcoming** [1] - 13:17
**upset** [1] - 12:19

## V

**versus** [2] - 3:7, 11:16
**via** [1] - 3:3
**violated** [1] - 15:9
**vs** [1] - 1:6

## W

**wade** [1] - 15:24
**wait** [1] - 9:6
**waiting** [2] - 12:12, 12:17
**Walter** [1] - 2:10
**WALTER** [1] - 1:10
**Wednesday** [1] - 8:15
**week** [2] - 8:16, 17:3
**weekend** [1] - 16:22
**welcome** [3] - 12:2, 12:8, 13:10
**West** [2] - 1:15, 2:3
**WESTERN** [1] - 1:2
**Wiest** [1] - 2:7
**wish** [2] - 16:21, 17:5
**witness** [7] - 4:14, 5:2, 5:13, 5:15, 6:3, 6:9
**wonder** [1] - 8:4
**worth** [1] - 16:19

## Y

**yourself** [2] - 4:20, 10:13

## Z

**Zoom** [1] - 3:3