THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KETTERING ADVENTIST
HEALTHCARE, d/b/a KETTERING :
HEALTH NETWORK,

    Plaintiff/Counter-
    Defendant,

    v.

SANDRA COLLIER, *et al.*,

    Defendants/Counter-
    Plaintiffs,

    v.

EPSTEIN BECKER & GREEN, PC,
*et al.*,

    Third-Party Defendants.

Case No. 3:25-cv-273

Judge Walter H. Rice
Mag. Judge Caroline H. Gentry

---

ORDER OVERRULING MOTION FOR LEAVE TO FILE SURREPLY OF DEFENDANTS/ COUNTER-PLAINTIFFS SANDRA COLLIER AND MARY T. SCOTT (DOC. #105) AND MOTION TO STRIKE IMPROPER COMMUNICATION OF COLLIER AND SCOTT (DOC. #109); MEMORANDA FILED BY COLLIER AND SCOTT (DOCS. #106, 107, 108) ARE STRICKEN AS UNTIMELY AND FILED WITHOUT LEAVE OF COURT; PARTIES MAY ONLY COMMUNICATE WITH OR INQUIRE OF THE COURT VIA MOTION

---

This matter is before the Court on the Motion for Leave to File Surreply in Support of their Motion to Dismiss of Defendants/Counter-Plaintiffs Sandra Lee Collier and Mary T. Scott (hereinafter "Collier and Scott") (Doc. #105) and Collier

and Scott's Motion to Strike Communications of James Brollier, Counsel for Epstein Becker & Green, PC, James Petrie, Jill Bigler, and Christopher Page McGinnis (collectively "EBG Defendants"). (Doc. #109). The Court also *sua sponte* reviews the following December 12, 2025, filings by Scott and Collier: (1) Surreply in Opposition to the EBG Defendants' Motion to Dismiss (Doc. #106); (2) Surreply in Opposition to the Motion to Dismiss of the fourteen Third-Party Defendants ("Individual Defendants"), all of whom are employed by Plaintiff/Counter-Defendant Kettering Adventist healthcare, d/b/a Kettering Health Network ("Kettering") (Doc. #107); and (3) Memorandum *Contra* Kettering's Motion to Dismiss. (Doc. #108). For ease of reading, the Court will refer to the above filings by docket number.

> The well-established briefing process in this Court is that:
>
> Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion. Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees. Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition. No additional memoranda beyond those enumerated are permitted *except upon leave of court for good cause shown.*

S.D. OHIO CIV.R. 7.2(a)(2) (emphasis added). Surreplies are not contemplated in the federal or local rules; however, "such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir.

2

2014 (alteration in original), quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).

Collier and Scott did not seek, much less obtain, leave of Court before filing Docs. #106 and 107. Moreover, Collier and Scott raise no new arguments in Doc. #106, and their attempt to raise a new argument as to why Collier's intentional infliction of emotional distress claim is colorable (Doc. #107, PAGEID 1966) is impermissible; this Court's longstanding rule that a party cannot raise a new argument for the first time in a reply brief, *see, e.g., United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002), applies with just as much force with respect to surreplies. For these reasons, Docs. #106 and 107 are STRICKEN.

Doc. #108 is not a surreply, but a memorandum *contra* Kettering's Motion to Dismiss. (Kettering Motion, Doc. #73). The Kettering Motion was filed on October 6, 2025 (*id.*), meaning that Collier and Scott's memorandum *contra* had to be filed no later than October 27, 2025. S.D. OHIO CIV.R. 7.2(a)(2). Collier and Scott did not file a timely memorandum; nor did they ever seek leave of Court to file out of time. Rather, they filed Doc. #108 on December 12, 2025, forty-six days after the deadline. Despite this extremely late filing, Collier and Scott give no explanation as to why it was delayed. As Collier and Scott did not even attempt to demonstrate good cause for waiting to file, much less obtain leave of Court to do so, Doc. #108 is also STRICKEN.

With Doc. #105, Collier and Scott did move for leave to file Doc. #105-2, their proposed surreply in support of their Motion to Dismiss Kettering's

3

Complaint against them. (Doc. #13, citing Compl., Doc. #1). However, Doc. #105-2 is essentially a recapitulation of the arguments raised in their Reply brief in support of their Motion. (Doc. #69). While Collier and Scott argue that there are "evolving facts" and new evidence to support their Motion, the discussion in Doc. #105 (PAGEID 1918-19) indicates that any evidence relied upon in Doc. #105-2 was known to Collier and Scott when they filed the Reply on September 30, 2025. (Doc. #69). Finally, as movants, Collier and Scott got the last word on their Motion when they filed their Reply; thus, there are no new arguments made by Kettering for them to respond to. As no good cause exists for filing a surreply, Doc. #105 is OVERRULED.

In Doc. #109, Collier and Scott note the Court's November 18, 2025, Order, in which the undersigned directed "all communications with and inquiries with and inquiries to the Court to be made by counsel as motions[.]" (Doc. #109, PAGEID 1983, quoting Order, Doc. #98, PAGEID 1837). Collier and Scott argue that the email from Brollier regarding Doc. #106 to this Court constituted an impermissible *ex parte* communication that should be stricken. (*Id.* at PAGEID 1983, 1984, citing Email, Doc. #109-1). However, Scott and H. Leon Hewitt, counsel for Collier, were copied on the email (Doc. #109-1, PAGEID 1986); consequently, Brollier's email was, by definition, not an *ex parte* communication.

Collier and Scott also argue that striking Doc. #106 due to it being filed after the Court's December 3, 2025, deadline for briefing regarding the litigation privilege would be inequitable, as EBG and the Individual Defendants also filed

4

their briefing after the deadline. (Doc. #109, PAGEID 1983, citing EBG Defendants' Reply, Doc. #103; Individual Defendants' Reply, Doc. #104). Collier and Scott mischaracterize the Individual Defendants' Reply, which is a timely filed brief in support of their Motion to Dismiss. However, even assuming *arguendo* that the Court set a hard deadline for briefing on the litigation privilege, and that the EBG Defendants filed past that deadline, the Court has never considered the date Collier and Scott's filing of Doc. #106 in deciding to strike it. Rather, the Court is striking Doc. #106 because it was filed without leave and without Collier and Scott showing good cause for filing. The Court has fully considered Collier and Scott's litigation privilege argument (Doc. #106, PAGEID 1952-53) as that argument was raised in their memorandum *contra* the EBG Defendants' Motion to Dismiss. (Doc. #93, PAGEID 1758-61). As there was not an *ex parte* communication, and Scott and Collier do not advance any viable ground for relief, Doc. #109 must be OVERRULED.

For the foregoing reasons, Docs. #105 and 109 are OVERRULED, and Docs. #106, 107, and 108 are STRICKEN. The undersigned again directs the parties to communicate with the Court solely via Motion, *i.e.*, not via email; failure to do so may result in monetary sanctions.

IT IS SO ORDERED.

December 18, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

5