UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KETTERING ADVENTIST HEALTHCARE, d/b/a KETTERING HEALTH NETWORK, | : | CASE NO.: 3:25-CV-00273 |
| Plaintiff/Counter-Defendant, | : | JUDGE WALTER H. RICE |
| v. | : | MAG. JUDGE CAROLINE H. GENTRY |
| SANDRA COLLIER, et al., | : | |
| Defendants/Counter-Plaintiffs. | : | |

SUPPLEMENTAL STATEMENT OF LEGALLY COGNIZABLE CLAIMS AND DEFENSES IN SUPPORT OF DEFENDANT/ COUNTERCLAIM PLAINTIFF MARY T. SCOTT'S MOTION FOR ORDER TO SHOW CAUSE

NOW COMES, Defendant/Counterclaim Plaintiff Mary T. Scott's, pro se and on her own behalf and respectfully submits her Supplemental Statement of Legally Cognizable Claims and Defenses in Support of her previously submitted Response to this Court's Order to Show Cause to assist the Court in evaluating the legal sufficiency and cognizability of the claims and defenses asserted by Mary T. Scott, Esq. and Sandra Collier (as prior counsel) independent of previously identified citation deficiencies.

The submission is limited to identifying controlling authority supporting the legal propositions already pleaded and does not assert new claims, defenses, theories, factual allegations, or evidence, nor does it seek reconsideration of any ruling previously entered by the Court. It is offered solely to aid the Court's review and to clarify that the propositions of law set forth in the pleadings were grounded in existing law at the time they were advanced.

## I. Claims Asserted by Mary T. Scott, Esq.

Mary T. Scott asserts the following affirmative claims arising from retaliatory litigation conduct and false criminal accusations intended to chill protected legal advocacy.

### A. Abuse of Process (Scott)

Abuse of process occurs when legal proceedings are used to accomplish an ulterior purpose outside legitimate adjudication. *Yaklevich v. Kemp*, 68 Ohio St.3d 294, 298 (1994).

### B. Defamation Per Se (Scott)

False accusations of criminal or professional misconduct constitute defamation per se with presumed damages. *Snyder v. AG Trucking, Inc.,* 57 F.3d 484, 489 (6th Cir. 1995).

### C. Intentional Infliction of Emotional Distress (Scott)

Knowingly false accusations and retaliatory litigation conduct may constitute extreme and outrageous conduct. *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 374 (1983); *Reamsnyder v. Jaskolski*, 10 Ohio St.3d 150, 153 (1984).

### D. Tortious Interference with Business Relationships (Scott)

Ohio law protects existing and prospective business relationships from improper interference. *Fred Siegel Co. v. Arter & Hadden*, 85 Ohio St.3d 171, 176 (1999).

**E. Civil Conspiracy (Scott)**

A civil conspiracy exists where two or more parties combine to commit an unlawful act or a lawful act by unlawful means. *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 475 (1998).

**F. Punitive Damages (Scott)**

Punitive damages are available where defendants act with actual malice or conscious disregard of rights. *Preston v. Murty*, 32 Ohio St.3d 334, 336 (1987); *Calmes v. Goodyear Tire & Rubber Co.,* 61 Ohio St.3d 470, 473 (1991).

**II. Defenses Asserted by Mary T. Scott, Esq.**

Mary T. Scott asserts the following defenses defeating all claims asserted against her.

**A. Defense – Civil Extortion Fails as a Matter of Law (Scott)**

Ohio does not recognize a standalone tort of civil extortion. Civil liability arises only through R.C. 2307.60 upon proof of an underlying criminal offense. *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434. Extortion requires an unlawful threat; lawful advocacy, including litigation, settlement demands, or regulatory reporting, cannot satisfy this element. *Tilberry v. McIntyre*, 135 Ohio App.3d 229, 241 (1999).

**B. Litigation Privilege Does Not Apply to Knowing Falsity (Scott)**

Litigation privilege does not shield knowing false accusations or malicious conduct. *Hecht v. Levin*, 66 Ohio St.3d 458, 461 (1993).

**III. Claims Asserted by Sandra Collier**

Sandra Collier asserts the following claims arising from retaliation for protected whistleblower activity, discrimination, and abusive litigation conduct.

**A. Whistleblower Retaliation (Collier)**

Retaliation against good-faith reporting of regulatory, compliance, or patient-safety violations is prohibited. Ohio Rev. Code § 4113.52.

**B. Disability Discrimination and Retaliation (Collier)**

The Americans with Disabilities Act and Ohio law prohibit discrimination or retaliation based on disability. 42 U.S.C. §§ 12112(a), 12203(a); Ohio Rev. Code §§ 4112.02, 4112.99.

**C. Defamation Per Se (Collier)**

False accusations of criminal conduct constitute defamation per se with presumed damages. *Snyder v. AG Trucking, Inc.*, 57 F.3d 484, 489 (6th Cir. 1995).

**D. Intentional Infliction of Emotional Distress (Collier)**

A campaign of false accusations and retaliatory litigation may constitute extreme and outrageous conduct. *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 374 (1983).

**E. Abuse of Process (Collier)**

Use of legal process to suppress whistleblower activity or obtain collateral advantage constitutes abuse of process. *Yaklevich v. Kemp*, 68 Ohio St.3d 294, 298 (1994).

**F. Civil Conspiracy (Collier)**

Coordinated retaliation supported by underlying tortious conduct supports a civil conspiracy claim. *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 475 (1998).

**G. Civil RICO (Collier – Non-EBG Defendants)**

A civil RICO claim exists where defendants conduct an enterprise through a pattern of racketeering activity. 18 U.S.C. §§ 1962(c), 1964(c); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 355–56 (6th Cir. 2008).

**H. Punitive Damages (Collier)**

Punitive damages are available for malicious or reckless retaliation. *Preston v. Murty,* 32 Ohio St.3d 334, 336 (1987).

**IV. Defenses Asserted by Sandra Collier**

Sandra Collier asserts the following defenses defeating the claims asserted against her.

**A. Defense – Civil Extortion Fails as a Matter of Law (Collier)**

Civil extortion is not cognizable under Ohio law and requires an unlawful threat. *Jacobson v. Kaforey*, 149 Ohio St.3d 398; *Tilberry v. McIntyre*, 135 Ohio App.3d 229.

**B. Defense – Trade Secret Misappropriation**

A trade secret must derive independent economic value from secrecy and be subject to reasonable efforts to maintain secrecy. Ohio Rev. Code § 1333.61.

**C. Defense – Computer Fraud and Abuse Act**

Authorized access by an employee does not violate the *CFAA. Van Buren v. United States,* 141 S. Ct. 1648 (2021).

**D. Defense – Conversion and Breach of Loyalty**

Conversion requires wrongful dominion inconsistent with ownership rights. *Joyce v. Gen. Motors Corp.,* 49 Ohio St.3d 93, 96 (1990). Reporting misconduct does not breach any duty of loyalty.

**E. Defense – Conspiracy**

Lawful whistleblower activity and legal advocacy cannot constitute conspiracy. *Williams v. Aetna Fin. Co*., 83 Ohio St.3d 464 (1998).

**V. Court's Inherent Authority**

Federal courts possess inherent authority to address abuse of judicial process. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–46 (1991).

**VI. Conclusion**

The undersigned respectfully submits this Supplemental Statement for the Court's consideration and apologizes for the prior citation deficiencies that necessitated clarification of governing law. This submission is offered with full respect for the Court and its processes and solely to assist the Court in its review.

Respectfully submitted,

/s/ Mary T. Scott

Mary T. Scott, Esq. (0081729)
Defendant/Counter-Plaintiff, pro se
Trinity Law, LLC
7710 Reading Rd., Suite 102
Cincinnati, Ohio 45237
Phone: (513) 953-2499
Email: mtfoster@trinitylawllc.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served via the Court's CM/ECF e-filing system upon all parties and their counsel of record on this the 10 th day of February 2026.

/s/ Mary T. Scott, Esq.
Mary T. Scott, pro se