UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

| | | |
|---|---|---|
| **KETTERING ADVENTIST HEALTHCARE** d/b/a **KETTERING HEALTH NETWORK** | : | Case No. 3: 25-CV-00273 |
| | : | **Judge Susan J. Dlott** |
| **Plaintiff,** | : | |
| | : | **DEFENDANT MARY SCOTT'S MOTIONnTO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| | : | |
| **SANDRA COLLIER and MARY T. SCOTT,** | : | |
| **Defendants.** | : | |

NOW COMES Defendant Mary T. Scott, pro se and respectfully submits her Motion to Dismiss Plaintiff Kettering Adventist Healthcare, d/b/a/ Kettering Healthcare Network's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as outlined as follows:

### INTRODUCTION

This motion concerns Plaintiff Kettering Adventist Healthcare d/b/a Kettering Healthcare Network's (hereinafter "Plaintiff" or "KHN'') attempt to impose liability on Defendant Mary T. Scott (hereinafter "Scott") solely because she transmitted a demand letter on behalf of her client, Defendant Sandra L. Collier (hereinafter "Collier"). The Complaint contains no factual allegations that Ms. Scott accessed Plaintiff's systems, obtained research data, participated in research operations, communicated with research sponsors, or engaged in any underlying conduct alleged in the Complaint.

Instead, the only conduct attributed to Ms. Scott is the transmission of a demand letter identifying alleged regulatory violations, describing potential legal remedies, identifying liability and exposure risks and requesting resolution of the dispute. Federal pleading standards require specific factual allegations demonstrating how each defendant personally engaged in wrongful conduct. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

**LEGAL STANDARD**

A motion to dismiss under Fed R. Civ. P 12(b)(6) tests the legal sufficiency of a complaint. To survive dismissal, a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. *Twombly,* 550 U.S. at 570. Courts are not required to accept legal conclusions masquerading as factual allegations. *Iqbal,* 556 U.S. at 678.

**ARGUMENT**

I. <u>THE COMPLAINT FAILS TO ALLEGE ANY ACTIONABLE CONDUCT BY MARY T. SCOTT</u>

The Complaint does not allege that Ms. Scott accessed Plaintiff's computer systems, obtained research data, communicated with research sponsors, accessed patient records, or participated in any research activities. The only conduct attributed to Ms. Scott is the transmission of a demand letter on behalf of her client.

The Complaint repeatedly refers to "Collier and Scott" collectively without identifying any specific conduct attributable to Ms. Scott such conclusory group pleading does not satisfy the plausibility requirement established by *Twombly* and *Iqbal*. Federal courts require plaintiffs to plead facts showing how each defendant personally participated in the alleged wrongdoing. *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019).

II. <u>CIVIL EXTORTION CLAIMS REQUIRE CRIMINAL CONDUCT</u>

Plaintiff attempts to characterize the demand letter Ms. Scott sent on behalf of Ms. Collier as extortion. Ohio courts recognize that civil claims based on extortion require allegations of criminal conduct. *Buddenberg v. Weisdack*, 2018-Ohio-3671 (Ohio Ct. App. 2018).

Under Ohio law, extortion requires a wrongful threat intended to obtain property or value. *State v. Cress*, 2007-Ohio-7025 (Ohio Ct. App. 2007). The Complaint does not allege that Ms. Scott threatened unlawful action, threatened criminal prosecution, or demanded payment in exchange for silence.

III. <u>THE DEMAND LETTER DESCRIBES LAWFUL LEGAL REMEDIES AND SETTLEMENT ADVOCACY</u>

The demand letter attached as Exhibit A outlined alleged regulatory violations involving KHN's medical research practices, specified conduct attributed to individual parties and identified potential liability including criminal exposure relevant to the individual parties' actions, set forth individual civil claims of Ms. Collier alleged against KHN and outlined potential legal remedies available to Ms. Collier. The letter referenced lawful actions including civil litigation, regulatory reporting, sponsor notification, and disclosure of issues affecting public health and safety.

Attorneys routinely identify litigation risk, regulatory exposure, financial liability and potential remedies when attempting to resolve disputes prior to filing suit, that is risk evaluation not extortion.  Such communications constitute ordinary settlement advocacy.

The demand letter does not threaten unlawful conduct. It does not threaten criminal prosecution. Nor does it state that any individual would be accused of a crime, only that their conduct may expose them to criminal liability. Those are completely different statements It does not demand payment in exchange for silence. Instead, the letter explains the potential legal consequences that may arise if the alleged misconduct is not addressed.

The letter also advises of that the potential financial exposure faced by Plaintiff could significantly exceed the settlement amount proposed by Ms. Collier. Statements regarding potential financial exposure are a routine component of settlement negotiations and as such cannot constitute extortion.  Any financial consequences plaintiff could suffer under the circumstances outlined in the demand letter would arise directly from Plaintiff's own alleged regulatory violations and the legal consequences   imposed by applicable regulatory authorities and research sponsors.  Such potential financial exposure is attributable to Plaintiff's underlying conduct and the operation of law, not to any unlawful threat by Defendant Scott.  The possibility that regulatory enforcement or sponsor review could result in significant financial repercussions does not transform the communication of those risks into extortion.

Further, the demand letter explains that the alleged regulatory violations affect clinical research practices and patient safety which are matters affecting public concern. The letter describes lawful litigation and regulatory remedies.  Explaining exposure does not equate to extortion.

The issues identified in the demand letter involve alleged regulatory violations affecting clinical research concerning pharmaceutical drugs and medical devices. Research of this nature directly impacts patient safety and the development of treatments used by the public and, in many cases, the global medical community. The integrity of such research is therefore a matter of substantial public concern. If litigation becomes necessary due to Plaintiff's failure to remedy or address those concerns, Defendant would reasonably expect that her position regarding those matters would be publicly known and accurately represented. Advising Plaintiff that litigation involving issues of this magnitude may become publicly reported does not constitute a wrongful threat and cannot transform the communication into extortion.

Because the demand letter references only lawful remedies and does not contain any wrongful threat, it cannot satisfy the elements of extortion under Ohio law. See *Buddenberg v. Weisdack*, 2018-Ohio-3671; *State v. Cress*, 2007-Ohio-7025.

IV. <u>PUBLIC POLICY PROTECTS WHISTLEBLOWERS REPORTING MISCONDUCT</u>

Courts recognize a strong public policy protecting individuals who report illegal or dangerous conduct. *Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134 (1997).  The United States Supreme Court has likewise emphasized the importance of protecting individuals who expose corporate misconduct and regulatory violations. *Lawson v. FMR LLC,* 571 U.S. 429 (2014).

Attempting to impose liability on counsel for communicating such concerns would undermine those protections and discourage legal representation for whistleblowers reporting misconduct affecting public safety.

## CONCLUSION

Therefore based upon the foregoing reasons, Defendant Mary T. Scott respectfully requests that the Court dismiss all Kettering Healthcare Network's claims against her with prejudice.

Respectfully submitted,

/s/ Mary T. Scott
Mary T. Scott, Esq. (0081729)
Trinity Law, LLC
7710 Reading Rd., Ste 102
Cincinnati, Ohio 45237
(513) 953-2499 Telephone
mtfoster@trinitylawllc.com
*Mary T. Foster, Pro Se Defendant*

## TABLE OF AUTHORITIES

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Boxill v. O'Grady*, 935 F.3d 510 (6th Cir. 2019)

*Buddenberg v. Weisdack*, 2018-Ohio-3671 (Ohio Ct. App. 2018)

*State v. Cress*, 2007-Ohio-7025 (Ohio Ct. App. 2007)

*Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134 (1997)

*Lawson v. FMR LLC*, 571 U.S. 429 (2014)

## TABLE OF EXHIBITS

Exhibit A – Demand Letter sent by Mary T. Scott on behalf of Sandra Collier

Exhibit B – *Bell Atlantic Corp. v. Twombly*

Exhibit C – *Ashcroft v. Iqbal*

Exhibit D – *Boxill v. O'Grady*

Exhibit E – *Buddenberg v. Weisdack*

Exhibit F – *State v. Cress*

Exhibit G – *Kulch v. Structural Fibers, Inc.*

Exhibit H – *Lawson v. FMR LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Motion to Dismiss was served upon all counsel of record through the Court's electronic filing system.

/s/ Mary T. Scott
Mary T. Scott, Esq. (0081729)
*Pro Se Defendant*