**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI**

KETTERING ADVENTIST
HEALTHCARE, d/b/a KETTERING
HEALTH NETWORK,

    Plaintiff,

-v-

SANDRA COLLIER, et al.,

    Defendants.

Case No. 3:25-cv-273

Judge Susan J. Dlott
Magistrate Judge Karen L. Litkovitz

**DEFENDANT SANDRA COLLIER'S REPLY MEMORANDUM
TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT SANDRA COLLIER'S MOTION TO DISMISS**

Plaintiff allegations against the defendant shows that a defense exists that legally defeats its claims against her. Courts allow "affirmative defenses on Rule 12(b)(6) motions where the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.'" *Knox Trailers, Inc. v. Maples*, 581 F.Supp.3d 1000, 1016-17 (E.D. Tenn. 2022), quoting *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013).

The plaintiffs in *Knox* asserted a classic trade secret claim against former employees who, over several years, systematically diverted company revenue for personal use and to fund a competing business. In their motion for judgment on the pleadings, the defendants argued that they were entitled to immunity under 18 U.S.C. § 1833(b) of the Defend Trade Secrets Act ("DTSA"). *Knox*, at 1016. The court refused to dismiss the DTSA claims because the complaint lacked any allegations suggesting that an immunity defense applied. The opposite is true in this case.

Plaintiff's August 13, 2025 Complaint expressly portrays Collier as a whistleblower. (ECF No. 1 at Page ID 1-57). Paragraph 30 cites a July 28, 2025 letter from Collier and her former attorney (ECF No. 1 at Page ID 10), attached as Exhibit F. (ECF No. 1-7 at  PageID 89-98). Plaintiff attempts to rebrand this correspondence as an "extortion letter," but it is plainly a whistleblower notification. Paragraph 2 of the notification states that Collier "experienced retaliatory termination following her discovery and reporting of substantial and repeated regulatory compliance violations." ((ECF No. 1-7 at  PageID 90).

Plaintiff's Complaint was triggered by Collier's whistleblower notification letter. Collier is a whistleblower, and Plaintiff's effort to recast her as something else highlights the retaliatory character of all of its claims against her.

Therefore, this court should grant Collier's motion to dismiss.  (Doc. #124).

Respectfully submitted,

*/s/Gloria L. Smith, Esq*.
Gloria L. Smith, #0061231
G L S LITIGATION SERVICES LLC
159 N. Sangamon St., Suite 319
Chicago, IL 60607
Phone: 708-320-8263
Email: gloria@fight4justice.net

*Counsel for Defendant Sandra Collier*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th  day of April, 2026, a true and correct copy of the foregoing was filed electronically and served on all counsel of record via the Court's electronic filing system.

*/s/ Gloria L. Smith*
Gloria L. Smith (0061231)

2