**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Kettering Adventist Healthcare, d/b/a
Kettering Health Network,

        Plaintiff,

  v.                          Case No. 3:25-cv-273

Sandra Collier, *et al.,*                District Judge James L. Graham
                                   Magistrate Judge Caroline H. Gentry

        Defendants,

  v.

Epstein Becker & Green, PC, *et al.,*

        Third Party Defendants.


SHOW CAUSE ORDER

On February 25, 2026, District Judge Rice issued an Order finding that Mary T. Scott, esq., and H. Leon Hewitt, esq., were in contempt of court and had violated Rule 11(b), Fed. R. Civ. P. Judge Rice found that Ms. Scott had engaged in sanctionable conduct both while representing defendant Sandra Collier and while representing herself *pro se.* Judge Rice found that Mr. Hewitt had engaged in sanctionable conduct while representing defendant Collier. Judge Rice imposed a $5,000 sanction on Ms. Scott and a $2,500 sanction on Mr. Hewitt, and ordered them to pay the amounts to the Clerk of Court within thirty days of his order. *See* Doc. 122, p. 7 (finding that Rule 11 contemplates that a fine may be payable to the court). In the same order, Judge Rice recused himself from the case.

The case was reassigned to District Judge Dlott. She engaged in mediation efforts with the parties. By minute entry dated April 22, 2026, Judge Dlott noted that the case had settled as to plaintiff and defendant Collier. Additionally, Mr. Hewitt timely and fully paid his $2,500 sanction to the Clerk of Court. *See* Doc. 130.

The case was then reassigned to the undersigned judge. The docket indicates that Ms. Scott has failed to pay her $5,000 sanction, which is now over a month past due. The Court finds that consideration of additional sanctions is appropriate at this stage.

The imposition of additional sanctions should be done only after the subject individual has received notice and an opportunity to respond. *See* Fed. R. Civ. P. 11, advisory committee note to

1993 amendment ("Explicit provision is made for litigants to be provided notice . . . and an opportunity to respond before sanctions are imposed."). Further, sanctions "should not be more severe than reasonably necessary to deter repetition" of sanctionable conduct. *Id.*

Accordingly, Mary T. Scott is ORDERED TO PAY FORTHWITH the sanction of $5,000 to the Clerk of Court. She is further ORDERED to SHOW CAUSE WITHIN TEN DAYS of the date of this Order why the Court should not further require her to pay interest on her past-due obligation, on terms consistent with the imposition of interest in a civil case under 28 U.S.C. § 1961 (setting interest at rate equal to the weekly average 1-year constant maturity Treasury yield, and providing that interest be computed daily to the date of payment and shall be compounded annually).

The Clerk of Court is instructed to serve this Order on Ms. Scott electronically and by regular mail to her address of record.

IT IS SO ORDERED.

DATE: May 8, 2026

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge