**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **KETTERING ADVENTIST HEALTHCARE D/B/A KETTERING HEALTH NETWORK**<br><br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>**SANDRA COLLIER, et al.**<br><br>Defendants-Counterclaim and Third-Party Plaintiffs,<br><br>v.<br><br>**EPSTEIN BECKER & GREEN, P.C., et al.**<br><br>Third-Party Defendants. | Case No.: 3:25-cv-00273<br><br>District Judge James L. Graham<br><br>Magistrate Judge Caroline H. Gentry |

**KETTERING'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME**

Plaintiff-Counterclaim Defendant Kettering Adventist Healthcare d/b/a Kettering Health Network ("KHN") and Third-Party Defendants Mike Gentry, Daniel Wolcott, Dr. Brian Schwartz, Dr. Franklin Handel, Dr. Albert Bonnema, Mary Connolly, Audrey Mondock, Kenneth Chaij, Tricia Tobe, Rebekah Tyre, Andrea Molina, Chris Seger, Leslie Flores, and Allison Dymacek ("Individual Kettering Third-Party Defendants") (collectively, "Kettering") respectfully submit this Reply in Support of its Motion for Extension of Time. (ECF No. 160).

## I. The Extension is Necessary.

Plaintiff-Counterclaim Defendant Sandra Collier's ("Collier") Opposition (ECF No. 161) completely misconstrues the rationale supporting Kettering's request for an extension of time to respond to Collier's Motion to Set Aside and Vacate the April 21, 2026 Memorandum of

Understanding and the Pending Long-Form Settlement Agreement (ECF No. 156) ("Motion to Vacate"). Kettering never claimed it was not familiar with the confidential documents at issue, which include:

(1) The Confidential Memorandum of Understanding ("MOU"), drafted and signed at the Court-led mediation;

(2) The transcript of Kettering's counsel reading the MOU into the record at the conclusion of the mediation, which includes specific points that Collier negotiated in real-time;

(3) The drafts of the Confidential Settlement Agreement and General Release ("Settlement Agreement") exchanged between the parties; and

(4) The related communications regarding the negotiation of the Settlement Agreement (collectively, the "Mediation Documents").

Nor does Kettering need "additional time to 'learn' the record before responding" to Collier's Motion to Vacate. Rather, the additional time is needed for the Court to rule on Kettering's Motion for Leave to File Under Seal the Mediation Documents ("Motion to Seal") (ECF No. 159).

The Mediation Documents are the crucial exhibits in the parties' dispute regarding the settlement. Kettering cannot fully respond to Collier's Motion to Vacate without being able to cite and quote from the Mediation Documents in its brief, and the Court cannot meaningfully evaluate the parties' arguments without having access to the Mediation Documents. Until the pending Motion to Seal has been addressed, those documents cannot be placed before the Court. The extension Kettering seeks is intended to give the Court the opportunity to rule on the Motion to Seal, which is a prerequisite for the parties to fully brief Collier's Motion to Vacate. It does not seek to unduly delay the proceedings.

## II. Collier's Claim That Kettering Has Not Shown Good Cause for Additional Time is Wrong.

Kettering's Motion for Extension of Time does not seek additional time to review or analyze the Agreements, and does not "claim surprise, unfamiliarity with the record, or an inability

to staff a timely response." (*Id.* at 2575). It seeks time to file an opposition that is properly supported by the Mediation Documents without violating the confidentiality of those documents. Kettering's opposition must necessarily quote and cite to specific terms of the Mediation Documents to effectively and transparently refute Collier's contention that the MOU "misrepresents who participated" in the mediation and that the Settlement Agreement "exceeds the scope" of what was negotiated. (ECF No. 156 at PageID 2496). Those questions can only be answered by reviewing the text of the MOU, Settlement Agreement, and other Mediation Documents.

This is in no way a scheduling preference or an attempt to delay the case. It is a necessary sequence of motions imposed by the confidentiality obligations the parties agreed to and the Court's need to review the Mediation Documents before it can resolve the dispute.

**III. Collier's Manufactured Delay Argument Fails to Rebut the Need for an Extension.**

Collier argues that Kettering somehow created the current dispute by waiting until August 3, 2026 to file its Motion to Seal. (ECF No. 161 at PageID 2577). However, it was Collier's Motion to Vacate that placed the confidential Mediation Documents at issue. Indeed, Collier recognizes that the Mediation Documents should be sealed (*Id.* at PageID 2575), yet she failed to take any action to do so. Accordingly, Kettering was obligated to move to seal the Mediation Documents while under a constrained deadline. There was no unreasonable delay involved.

The timing of the Court's decision on the sealing motion is currently unknown. The extension Kettering seeks runs 14 days from the date of the Court's ruling on the Motion to Seal, with a cap of September 25, 2026. Kettering should not be faulted for attempting to build a reasonable buffer against an uncertain ruling date.

**IV. Collier's Supposed Prejudice is Not Outweighed by the Need for Kettering's Extension.**

Collier argues that continued delay prejudices her because the MOU remains operative during that time. (*Id.* at PageID 2579). That concern does not justify forcing Kettering to file an incomplete and unsupported brief. Kettering has taken no action to alter the status quo or to invoke any further reliance on the MOU or Settlement Agreement. The prejudice, if any, Collier faces from a modest delay in briefing does not outweigh Kettering's (and the Court's) interest in a transparent and fully-developed opposition. Filing such an opposition without the ability to attach or reference the Mediation Documents does not serve anyone's legitimate interests. And in fact, the Motion to Seal that Kettering filed benefits Collier. The confidentiality protections secured by that motion shield the terms of the MOU and Settlement Agreement from public disclosure, serving Collier's interest in maintaining the privacy of the negotiations. In short, Collier's due process interest in a prompt resolution is best served by a fully briefed motion rather than one that hides the substance of the dispute.

**V. Conclusion**

For the foregoing reasons, Kettering respectfully requests that the Court grant its Motion for Extension of Time (ECF No. 160) and extend Kettering's deadline to respond to Collier's Motion to Vacate to 14 days following the Court's ruling on the Motion for Leave to File Under Seal (ECF No. 159), but in no event later than September 25, 2026.

Respectfully submitted,

*<u>/s/ James G. Petrie</u>*
James G. Petrie (0059446)

Jill K. Bigler (0083789)
Chris T. Page McGinnis (0099165)
Epstein Becker & Green, P.C.
250 West Street, Suite 300
Columbus, Ohio 43215
Phone: 614.872.2500
Fax: 614.633.1713
jpetrie@ebglaw.com
jbigler@ebglaw.com
cpagemcginnis@ebglaw.com
*Counsel for Kettering Adventist Healthcare and the Individual Kettering Third-Party Defendants*

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2026, the foregoing *KETTERING'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME* was electronically filed using the Court's CM/ECF system and was automatically served to all counsel of record.

*/s/ James G. Petrie*
James G. Petrie (0059446)